TAYLOR J. HOWARD, ESQ. (SBN 311275)
WILLIAM B. LUTON, ESQ. (SBN 363678)
**A.E.I. LAW, P.C.**
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
Telephone:  (888) 423-4529
Email:        taylor@aeilaw.com
                 bill@aeilaw.com

Attorney for Plaintiff
AVA NEAL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AVA NEAL, an individual,<br><br>                              Plaintiff,<br><br>        vs.<br><br>CHRYSTELLE    GOODING,    an individual;    and    SOLAR    BEING JEWELRY LLC, a California limited liability company; and SHARIECE RENEE MANCE, an individual<br><br>                              Defendants. | **Case No.**: 2:25-cv-09475<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Ex Parte Hearing**: January 14, 2026<br>**Hearing Time**: 1:30 p.m. |

Plaintiff Ava Neal p/k/a "Kwiin Ava" (the "Plaintiff"), by and through her undersigned counsel, hereby applies ex parte under Federal Rule of Civil Procedure 65 for a Temporary Restraining Order (the "TRO") and an Order to Show Cause why a Preliminary Injunction should not issue against Defendants Chrystelle Gooding p/k/a "shesasolarbeing" or "solarbeingla" or "solarbeing_la" or "Solar" and Solar Being Jewelry LLC, (collectively "Defendant Gooding") and Defendant Shariece Renee Mance p/k/a "sheisetheric" ("Defendant Mance").

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Ava Neal seeks an immediate ex parte Temporary Restraining Order to stop a racially charged online campaign that has produced credible, location-directed calls for physical violence and a clear risk of imminent harm. The requested relief includes: (1) takedown and disabling of the discrete defendant-originated posts and third-party URLs identified in the exhibits attached hereto; (2) immediate native preservation of those posts and all platform metadata; and (3) narrowly tailored, expedited subpoenas to TikTok, Instagram, YouTube and X for notification/view logs, direct-message logs, deletion/moderation logs, and IP/subscriber records for the specified post-IDs and date ranges.

The verified record shows a sustained harassment campaign by Defendant Gooding and Defendant Mance, beginning in October 2025, culminating in the following urgent sequence: a hostile DM to Plaintiff dated November 15, 2025 that reads "Kys" (an abbreviation for "kill yourself"); multiple third-party videos posted on November 17, 2025 that explicitly urged viewers to "find" and assault Plaintiff (including instructions to "go to the same spots she be at" and to "beat her ass"); Plaintiff's public safety alert on November 17, 2025; Defendant Gooding's publication of a cat-with-handgun image approximately ninety minutes after that alert; and Defendant Gooding's November 20, 2025 republication of a USPTO trade-dress link containing Plaintiff's name/address fields followed by a race-directing reply—"The owner is black"—that purposefully directed and

funneled followers toward Plaintiff and tacitly approved of their racially motivated animus. Given this context and the preserved exhibits, the narrow takedown, preservation, and expedited-discovery relief requested are necessary to prevent further imminent violence while preserving the Court's ability to adjudicate the issues on a developed record.

## FACTUAL CHRONOLOGY

Plaintiff has been subjected to a sustained, escalating campaign of online harassment (including approximately 178 posts about Plaintiff across multiple social media platforms to approximately 770,970 followers, with over 5,242,588 views, which incited approximately 2,500 comments and over 700 negative comments on Plaintiff's social media profiles, many of which were angry and/or violent) by Defendants Gooding and Mance that began in October 2025 and continued through the events giving rise to this emergency application. This represents an average of approximately three (3) posts by Defendants, per day, about Plaintiff. Representative postings showing Defendant Gooding's pattern of provocative responsive postings are preserved. A true and accurate table summarizing the Defendant's social media platforms, the number followers/subscribers, number of posts since October 1, 2025 about Plaintiff, and the number of views on those posts, is attached hereto as **Exhibit A**.

Plaintiff received a hostile direct message on November 15, 2025 that reads "Kys" (an abbreviation for "kill yourself"), which is preserved in native form and submitted. A true and correct copy is attached hereto as **Exhibit B**.

On November 17, 2025, a third-party actor (@iza.official.back) posted videos and comments urging viewers to locate and assault and physically batter Plaintiff. One such third-party clip that identifies Plaintiff's handle and urges violent action is preserved and submitted. A true and correct copy, containing a valid Dropbox link for download, is attached hereto as **Exhibit C**. A more graphic third-party video posted the same day—later removed but captured by Plaintiff in a native screen

2

recording—repeatedly commanded viewers (including Defendant Gooding) to "beat her ass," instructed followers to "go to the same spots she be at," and stated, "Imma find the bitch and I'm gonna beat that ass for you." A true and correct copy of the preserved screen recording (via a Dropbox link) with a transcript is attached hereto as **Exhibit D**.

After those third-party incitement posts circulated, Plaintiff posted a public safety alert on Plaintiff's channel notifying followers of the threats and that Plaintiff was coordinating with counsel and law enforcement. A true and correct copy of Plaintiff's public safety notice is attached hereto as **Exhibit E**.

Approximately ninety minutes after Plaintiff's public safety notice, Defendant Gooding published an image showing a cat pointing a handgun at the camera; the publication occurred in the context described above and is preserved with native metadata. A true and correct copy is attached hereto as **Exhibit F**.

On November 20, 2025, Defendant Gooding republished a link—and pinned it to the top of her profile—to a pending USPTO trade-dress application that displays Plaintiff's legal name and the filing's mailing/domicile fields; a true and correct copy of the USPTO printout and Defendant Gooding's republication screenshot is attached hereto as Exhibit G. In the comment thread to that republication, a user posting as @MrXmov uploaded a photograph of a different (but Caucasian) woman who shares Plaintiff's name, coupled with Plaintiff's actual address; Defendant Gooding simply replied in that thread, "The owner is black," a race-directing response that focused follower search efforts on finding a Black person with Plaintiff's name rather than discouraging it, but remaining silent on the publication of Plaintiff's actual home address. A true and correct copy of the @MrXmov thread screenshot showing the misidentification and Defendant Gooding's reply is attached hereto as **Exhibit H**.

In response to Plaintiff's complaint about the dangerous doxing posts, platform enforcement later locked the @MrXmov account for exposing private

1   information; a preserved screenshot of that enforcement action is attached hereto as
2   **Exhibit I**.

3       Plaintiff has preserved a contemporaneous police report documenting threats,
4   harassment, and reports of persons threatening Plaintiff after seeing posted links; a
5   true and correct copy of the police report is attached hereto as **Exhibit J**.

6       An additional sample of threatening comments and direct messages preserved
7   in native form with metadata, are attached hereto as **Exhibit K**.

8       Fully aware of the threats of violence her posts had been inciting, on
9   December 20, 2025, Defendant Gooding posted on X (formerly Twitter), saying,
10  "Federally suing another sister over a hairstyle is ANTI BLACK AT ITS CORE."
11  A true and correct screenshot of that post is attached hereto as **Exhibit L**. Defendant
12  Gooding followed that post up with another, saying, "You can not legally
13  GATEKEEP HAIRSTYLES. This is a threat to the whole community.
14  GEOMETRIC SHAPED HAIR IS NOT SOMETHING YOU CAN CLAIM AS
15  YOURS. OUR ANCESTORS ARE ROLLING IN THEIR GRAVES RN." A true
16  and correct copy of that post is attached hereto as **Exhibit M**.

17      A user with the handle @TheIZA_420 (whose backup account,
18  @iza.official.back) is the one used to post the threat-of-violence videos described
19  hereinabove as Exhibits C and D replied to the post described hereinabove as Exhibit
20  L, saying, "We all need to pull up to that court with our afro shaped hair." A true
21  and correct copy of that repost is attached hereto as **Exhibit N**, marking the first
22  time that user suggested a specific place to confront Plaintiff after the threats she
23  previously made. This post reply was reposted by Defendant Gooding, despite her
24  knowledge of @TheIZA_420/@iza.official.back's violent threats toward Plaintiff.

25      As recently as January 5, 2026, Defendant Gooding, via her YouTube
26  account, made a post that reads, in part, "unfortunately I can't show the puffs
27  because we are on two copyright strikes (2/3) so the cautious censorship continues
28  but everyone will still get their puffs this year! Nothing will stop us." One user

1  replied to that post, saying in part, "that Kwiin Ava woman is insane." Another reply

2  continues the trend toward the incitement of violent threats, saying in part, "I feel

3  like knocking her teeth out." A true and correct copy of the post and the replies is

4  attached hereto as **Exhibit O**.

5       Taken together, the preserved exhibits demonstrate a sustained campaign by

6  Defendants Gooding and Mance that provoked and amplified racially charged,

7  location-directed threats, creating an imminent risk of real-world violence to

8  Plaintiff. For the reasons set forth in this application, Plaintiff seeks the narrow

9  takedown, preservation, and expedited limited discovery relief identified in the

10  [Proposed] TRO and accompanying exhibits.

11  **LEGAL STANDARDS**

12  **A.    Temporary Restraining Order Mechanics And Requirements.**

13       Federal Rule of Civil Procedure 65 governs temporary restraining orders and

14  preliminary injunctions. A court may issue a temporary restraining order without

15  prior notice only if specific facts in an affidavit or verified pleading clearly show

16  that immediate and irreparable injury will result to the movant before the adverse

17  party can be heard, and the movant's attorney certifies in writing the efforts made to

18  give notice and the reasons why notice should not be required. Fed. R. Civ. P.

19  65(b)(1). A TRO issued without notice must state the date and hour of issuance,

20  describe the injury and state why it is irreparable, explain why it issued without

21  notice, be promptly filed and entered on the docket, and expire within the time set

22  by the court (not to exceed 14 days absent good cause). Fed. R. Civ. P. 65(b)(2)–(3).

23       Every injunction or restraining order must state the reasons it issued, state its

24  terms specifically, and describe in reasonable detail the act or acts restrained so that

25  the parties and enjoined persons can ascertain precisely what conduct is prohibited.

26  Fed. R. Civ. P. 65(d)(1). An injunction binds only those who receive actual notice

27  and persons in active concert or participation with them. Fed. R. Civ. P. 65(d)(2).

28  The court may condition injunctive relief on the posting of security in an amount the

court considers proper. Fed. R. Civ. P. 65(c).

Although a TRO is an extraordinary, temporary remedy, the same equitable factors applied to preliminary injunctions inform the court's exercise of discretion: likelihood of success on the merits, likelihood of irreparable harm in the absence of relief, balance of equities, and public interest. See *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Because a TRO issued without notice bypasses ordinary adversary process, the movant must satisfy Rule 65(b)'s heightened procedural showing and present specific, admissible, verified facts supporting both the immediacy of the threatened harm and the need for relief before the adverse party can be heard. See *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439–40 (1974) (addressing requirements for temporary injunctive relief and the need for particularized findings).

When electronic evidence and the risk of deletion are involved, courts commonly pair a preservation order with narrowly tailored prohibitory relief and may authorize limited expedited discovery and subpoenas (for native files, notification/view logs, direct-message logs, deletion/moderation logs, and IP/subscriber records) to secure the evidentiary record for the preliminary-injunction hearing. Any such preservation or discovery ordered on an ex parte basis should be limited to specific custodians, post identifiers, and discrete date ranges, and should be governed by a protective order to safeguard sensitive metadata and personally identifying information.

**B.    True Threats—*Counterman v. Colorado* And Recklessness.**

The First Amendment does not protect "true threats," but it requires a subjective mens rea before speech may be treated as a true threat. In *Counterman v. Colorado*, 600 U.S. 66 (2023), the Supreme Court held that a speaker's communications qualify as unprotected true threats only when the speaker acted with at least recklessness—i.e., the speaker "consciously disregarded a substantial risk that his communications would be viewed as threatening violence."

*Counterman*, 600 U.S. at 66.

 *Counterman* establishes a two-part inquiry for courts asked to restrain threatening speech. First, the court must determine whether the challenged communications are of the character that can constitute a true threat when viewed in their full context (considering the content, specificity, the target, and how a reasonable recipient would understand the communication). See *Elonis v. United States*, 575 U.S. 723 (2015) (existence of a threat depends on "what the statement conveys" to a recipient). Second, if the communications are of that character, the court must examine whether the speaker acted with at least reckless disregard of the risk that the communications would be perceived as threatening; recklessness may be established circumstantially by the totality of evidence—prior pattern of provocative postings, temporal sequencing between postings and hostile reactions, republication or pinning to a receptive audience, and platform notification/view logs showing exposure.

 For a Rule 65 application that targets threatening communications, the movant must therefore tie *Counterman*'s recklessness inquiry to the verified evidentiary record: show the challenged statements' objective threatening character and present facts that permit a reasonable inference that the speaker consciously disregarded the risk those communications would be taken as threats (for example, through a demonstrable pattern of provocative posts, platform exposure, and immediate republication in the face of visible incitement). Where such a showing is made, narrowly tailored injunctive relief addressing only the unprotected threatening conduct (and preservation/limited discovery to confirm exposure and causation) may be constitutionally permissible under *Counterman*'s framework.

## C. Incitement—*Brandenburg*'s Imminence And Likelihood Test.

 Under the First Amendment, advocacy that is directed to producing imminent lawless action and is likely to produce such action is not protected. See *Brandenburg v. Ohio*, 395 U.S. 444 (1969). The *Brandenburg* test requires proof of two distinct

elements: (1) the speaker's advocacy is "directed to inciting or producing imminent lawless action," and (2) the advocacy is "likely to incite or produce such action." Id. at 447. The Court has emphasized that both elements are necessary; mere abstract advocacy of violence, political hyperbole, or generalized exhortation is constitutionally sheltered. See id.; *Hess v. Indiana*, 414 U.S. 105, 108–09 (1973) (per curiam) (statement that urged action "at some future time" did not satisfy imminence requirement).

The imminence requirement focuses the inquiry on immediacy and practicability: the challenged communications must call for violence that is to occur now or in the immediate future and on facts that make such action realistically possible. See *Brandenburg*, 395 U.S. at 447; *Hess*, 414 U.S. at 109. The likelihood requirement requires a realistic probability that listeners will act on the exhortation; the speech must be such that it can be expected to produce immediate unlawful conduct in the particular context and audience. See *Brandenburg*, 395 U.S. at 447; *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 928–29 (1982) (passionate rhetoric in a boycott context did not constitute incitement where there was no evidence that the speaker authorized or intended immediate violent acts).

Because *Brandenburg* protects most heated or extreme advocacy, civil or injunctive claims premised on incitement demand close, fact-specific proof of both direction and immediacy. Where an injunction targets online speech, a plaintiff must identify discrete statements that (a) expressly or implicitly direct immediate lawless action, and (b) are shown by context and evidence (for example, temporal proximity to third-party attempts to act, follower responses indicating intent to act, or actionable location data enabling immediate action) to have been likely to produce such action. See *Brandenburg*, 395 U.S. at 447; *Hess*, 414 U.S. at 109; *Claiborne Hardware*, 458 U.S. at 928–29. In short, *Brandenburg* is a high bar: only communications that both direct imminent unlawful conduct and are likely to produce it fall outside First Amendment protection and may be enjoined as

incitement.

**D.     California Doxing Statute (Cal. Civ. Code § 1708.89).**

California recently enacted a statutory cause of action directed at "doxing." Cal. Civ. Code § 1708.89 (2024). The statute defines "doxes" to mean, in relevant part, the electronic distribution or publication of another's personal identifying information (including name, address, online identifiers, images, and other identifying characteristics) where done (a) with intent to place the victim in reasonable fear for safety or (b) for the purpose of imminently causing unwanted physical contact, injury, or harassment by a third party. The statute authorizes broad remedies: a plaintiff may recover economic and noneconomic damages, statutory damages of $1,500–$30,000, punitive damages, and, upon a properly noticed hearing, reasonable attorneys' fees and costs. The statute also expressly authorizes equitable relief, including temporary restraining orders, preliminary injunctions, and permanent injunctions, and provides procedural protections for plaintiffs who proceed under a pseudonym and who seek sealing or limited public access for sensitive exhibits. See Cal. Civ. Code § 1708.89(c)–(e).

For federal injunctive practice, § 1708.89 supplies readily available supplemental authority that federal courts should consider when the alleged online conduct involves republication of names/addresses and other identifying attributes into a hostile audience. Because § 1708.89 expressly contemplates temporary restraining orders and injunctive relief to prevent further doxing and to preserve victims' safety, a plaintiff in federal court may invoke the statute as supplemental grounds for narrowly tailored equitable relief under 28 U.S.C. § 1367. The statute's procedural mechanism for pseudonymous filing and confidentiality (Cal. Civ. Code § 1708.89(e)) also supplies a statutory basis for requesting sealing or limited access to sensitive exhibits in the TRO docket where safety and privacy are implicated.

Two practical statutory constraints should guide the TRO drafting. First, the statute focuses on publication done with the requisite culpable purpose—intent to

9

place the victim in reasonable fear for safety or purposefully to cause imminent unwanted third-party physical contact or harassment. A federal civil TRO predicated on § 1708.89 should therefore tie the requested injunctive relief to evidence showing (or likely to show) that the defendant's republication was used, or was reasonably likely to be used, to initiate third-party harassment or violence (for example, demonstrable follower searches, forwarded links, or follower comments pledging to "find" the victim). Second, § 1708.89 does not alter Section 230 of Title 47; the statute expressly states that it "does not alter or negate any rights, obligations, or immunities of an interactive service provider under Section 230," but it leaves open the court's power to order equitable relief directed at persons who republish doxing material and to require platforms, when ordered by a court, to preserve native copies and produce platform logs. Cal. Civ. Code § 1708.89(g).

Accordingly, in a TRO application rooted in both federal constitutional doctrine (true threats/incitement) and state statutory law, plaintiffs may plead § 1708.89 as a supplemental ground for relief targeted at the republication of identifying materials and request the Court to employ the statute's redaction/pseudonym and sealing mechanics where safety concerns merit confidential treatment of exhibits. The statute strengthens the case for immediate injunctive intervention where the record shows the defendant's republication has been used to identify or facilitate locating the plaintiff and where the threatened harm is imminent and concrete.

## APPLICATION OF LAW TO FACTS

**A.    Plaintiff Has Shown A Prima Facie Case Of True Threats Because Defendant Gooding's Pattern, Timing, And Republication Created A Substantial Risk That Her Posts Would Be Understood As Calls For Violence.**

Under the Supreme Court's framework in *Counterman v. Colorado*, a communication may be treated as an unprotected "true threat" only when the speaker

10

acted with at least reckless disregard of the risk that the communication would be perceived as threatening violence. *Counterman v. Colorado*, 600 U.S. 66, 143 S. Ct. 2106 (2023). The Court permits recklessness to be proved circumstantially—by patterns of conduct, temporal sequencing, republication or amplification to a receptive audience, and platform exposure.

Applying that standard to the verified exhibits, the record supplies the circumstantial evidence *Counterman* contemplates. Defendant Gooding engaged in a sustained campaign of provocative responsive posting beginning in October 2025 and continuing through the events at issue (Exhibit A). Plaintiff received a hostile direct message reading "Kys" (short for "kill yourself") on November 15, 2025 (Exhibit B). On November 17 a single third-party actor posted explicit exhortations to violence that named or linked to Plaintiff (Exhibits C–D). Plaintiff publicly warned followers of the threatening material (Exhibit E). Approximately ninety minutes after Plaintiff's notice, Defendant Gooding published a cat-with-handgun image (Exhibit F) rather than moderating or disavowing the incitement. Defendant Gooding then republished a USPTO trade-dress record revealing Plaintiff's name and mailing/domicile fields and replied "The owner is black" to a commenter's post that correctly identified Plaintiff's home address but incorrectly misidentified a Caucasian woman as being Plaintiff—comments that channeled follower search activity and increased the risk of in-person approaches (Exhibits G–H).

This pattern of behavior continued through December (see Exhibits L–N) when Defendant Gooding reposted a reply by a user that had already actively incited, recommended, and personally pledged violence (see Exhibits C–D), and persisted as recently as January 5, 2026 with a post that drew a response stating in part, "I feel like knocking her teeth out." See Exhibit O.

These facts, taken together, permit a reasonable inference that Defendant Gooding consciously disregarded a substantial risk that her republications would be understood as encouraging violence or would foreseeably provoke violent

responses—exactly the circumstantial showing *Counterman* recognizes as sufficient to meet the constitutional mens rea floor for treating communications as true threats. Distinguishing *Watts* (where the speech was conditional political hyperbole rather than specific exhortations), this record shows targeted, repeated statements plus actionable locating data and responsive follower activity, not mere political hyperbole. *Watts v. United States*, 394 U.S. 705 (1969) (per curiam) (distinguished).

**B.** **Plaintiff Has Shown That The Preserved Third-Party Video Contains Explicit Exhortations To Assault and Physically Batter Plaintiff Because The Transcript Repeatedly Commands Followers To "Beat Her" And To Act Against The Identified Target, Warranting Narrow Injunctive Relief Against Further Amplification.**

*Brandenburg v. Ohio* holds that advocacy is unprotected incitement only if it is directed to producing imminent lawless action and is likely to produce such action. *Brandenburg v. Ohio*, 395 U.S. 444 (1969). The preserved third-party recording (Exhibit D) contains repeated, concrete directives—"Beat her ass… Find where she at… go to the same spots she be at… Imma find the bitch and I'm gonna beat that ass for you"—that are not abstract advocacy but specific calls for immediate violence. The record also shows prompt follower reaction and attempts to use posted links to locate Plaintiff (Exhibits G–H, K) (supporting a call to location-based violence), a police report documents real-world harassment traceable to these posts (Exhibit J), continued posts in December and January whose content brought about additional location-based threats (see Exhibits L–N where Defendants' posts incited and then amplified a post threatening to "pull up to that court" by a user who had already made vivid, violent threats against Plaintiff), and further similar posts in January 2026, which drew a reaction from a user, stating, "I feel like knocking her teeth out"). See Exhibit O.

In context—the targeted commands, available location information, and followers' responsive acts—the third-party statements satisfy *Brandenburg*'s

imminence and likelihood prongs for those discrete passages, and Defendant Gooding's republication or amplification of the content (Exhibits F, G, L–N) materially increases the likelihood of imminent lawless action. *Brandenburg* therefore supports injunctive relief directed at preventing republication and amplification of the identified incitement passages; *NAACP v. Claiborne Hardware Co.* is distinguishable because there was no comparable evidence of authorization, instruction, or likely imminent violent acts in *Claiborne*. *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886 (1982) (distinguished).

**C.     Plaintiff States A Statutory Doxing Claim Under California Civil Code § 1708.89 Because Defendant Gooding Republished Identifying Information That Followers Used Or Attempted To Use To Locate And Harass Plaintiff.**

California Civil Code § 1708.89 provides a private cause of action for "doxing" as defined, authorizes equitable relief (including TROs and preliminary injunctions), and permits confidentiality mechanisms such as pseudonymous filing and sealing. Cal. Civ. Code § 1708.89 (2024). Defendant Gooding's pinned republication of the USPTO trade-dress application that displays Plaintiff's name and mailing/domicile fields (Exhibit G), together with her race-directing reply "The owner is black" to a commenter who posted a misidentified namesake's photo with Plaintiff's true and accurate address (Exhibit H), directly maps onto the statute's core harm: republication of identifying information into a hostile audience with the purpose or effect of facilitating unwanted third-party contact or harassment.

Platform enforcement locking the partially-misidentifying commenter (Exhibit I) confirms the material and dangerous character of the republication. Section 1708.89 therefore supplies independent statutory grounds for a narrowly tailored injunction preventing further republication of Plaintiff's identifying data and for confidentiality protections where safety requires them.

**D.     Plaintiff Will Suffer Irreparable Injury Because The Preserved Native**

13

**Recordings, Police Report, And Contemporaneous Messages Show An Imminent Risk Of Physical Violence And Severe Emotional Harm That Cannot Be Remedied By Damages Alone.**

The preserved police report (Exhibit J), the native screen recording of the removed incitement video (Exhibit D), representative hostile messages and comments (Exhibits B, K), and demonstrable follower attempts to locate Plaintiff after the republications (Exhibits G–H, L–N) establish imminent and concrete risk to Plaintiff's physical safety. Courts routinely treat the risk of physical violence and severe emotional injury as irreparable harm for injunctive purposes. *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

The temporal sequencing and causation chain is as follows: (1) Defendant Gooding's provocative postings; (2) third-party incitement (Exhibit D); (3) Plaintiff's safety notice (Exhibit E); (4) Defendant Gooding's republication (Exhibit F); (5) follower search/doxing activity (Exhibits G–H); and (6) a police report and threats (Exhibits J, K, L, M, N, O). This demonstrates that irreparable injury is likely to continue absent narrowly tailored preliminary relief.

**E.    The Balance Of Equities And Public Interest Favor Targeted Emergency Relief Because Narrowly Tailored Takedowns, Preservation, And Limited Expedited Discovery Protect Physical Safety While Minimizing Burdens On Protected Speech.**

The requested relief is focused and time-limited: immediate native preservation of the exact posts and metadata identified in Exhibits A–K; an order requiring Defendant Gooding and Mance to remove and cease republication of the defendant-originated posts identified in Exhibits F–G, K; an order directing platforms to disable public access to the discrete third-party URLs/post-IDs identified in Exhibits C–D if those items remain publicly accessible; an order forbidding further republication of Plaintiff's precise address/GPS/mailing data and forbidding direction or solicitation of violence; an anti-spoliation clause forbidding

14

deletion or concealment of preserved items; narrowly tailored expedited subpoenas for notification/view logs, DM exports, deletion/moderation logs, account-audit logs, and IP/subscriber records limited to the post-IDs and date ranges in Exhibits A–O; and fallback mitigations (disable comments on identified posts, unpin or unfeature identified posts, suspend paid promotion for those items, or a very short posting moratorium limited to posting identifying/location data) if the Court is reluctant to order third-party takedowns outright.

These measures (1) address the exact mechanisms by which the online campaign has facilitated doxing and incitement; (2) prioritize preservation and discovery so the OSC/PI hearing can proceed on a full record; (3) limit suppression to unprotected categories and to specific post-IDs/URLs; and (4) impose a short duration (14 days unless extended for good cause). The public interest in preventing violence, protecting victims, and preserving the evidentiary record outweighs Defendant Gooding's interest in republication of unprotected, threatening, or doxing content and argues strongly for the Court to grant the narrowly tailored relief requested here.

**F.      Specificity And Narrow Tailoring Are Required Because Rule 65(d) Demands Precise Identification Of The Prohibited Acts By Post-ID/URL And A Short, Defined TRO Duration.**

Rule 65(d) requires that any injunctive order state its terms specifically and describe the act(s) restrained with reasonable particularity. Fed. R. Civ. P. 65(d). The exhibits attached to this application (Exhibits A–O) identify the discrete posts, post-IDs, and URLs at issue and provide native metadata; the proposed TRO incorporates those exact identifiers, so the restraint meets Rule 65(d)'s particularity requirement and remains narrowly tailored in duration (14 days unless extended for good cause) and scope.

**G.      Immediate Preservation And Limited Expedited Platform Discovery Are Necessary Because Notification/View Logs, Direct-Message Exports,**

15

**Deletion/Moderation Logs, And IP/Subscriber Records Are Uniquely Probative Of Exposure, Notice, And Causation.**

Notification/view logs, direct-message exports, deletion/moderation logs, account-audit logs, and IP/subscriber records for the post-IDs and date ranges in Exhibits A–O are uniquely probative of exposure and causation—central to proving recklessness under *Counterman* and imminence under *Brandenburg*. Immediate preservation orders and narrowly tailored Rule 45 subpoenas are therefore necessary to convert the present circumstantial record into admissible proof at the OSC/PI hearing; production should be governed by a protective order limiting access to sensitive metadata and personally identifying information.

## CONCLUSION

On the verified record submitted—native preserved videos and transcripts (Exhibits C–D), Defendant Gooding's republications and metadata (Exhibits A, F–G, L–N), Plaintiff's contemporaneous safety notice (Exhibit E), demonstrable follower search/doxing activity and platform enforcement (Exhibits H–I), representative threats and a police report (Exhibits B, J, K, O)—Plaintiff has established a substantial likelihood of success on claims that the targeted material constitutes unprotected true threats and, for discrete passages, incitement; has established statutory claims under Cal. Civ. Code § 1708.89; and has demonstrated irreparable harm absent narrow injunctive relief. The balance of equities and public interest support narrowly tailored preservation, takedown of the specified defendant-originated postings and, as alternative relief, disabling public access to the discrete third-party post-IDs/URLs identified in the exhibits, together with expedited, limited platform discovery produced under a protective order.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court grant the following temporary relief pending the Order-to-Show-Cause hearing and preliminary-injunction proceedings:

1.     Enter a TRO requiring immediate native preservation, for the accounts and post-IDs identified in Exhibits A–O, of: (a) all original video and image files; (b) all comments, replies, and attachments (including deleted comments); (c) all direct messages and message metadata to/from the identified accounts for the specified date ranges; (d) notification/view logs and push/alert receipt logs for the identified post-IDs; (e) deletion, moderation, and takedown logs and any pre-deletion copies; (f) account-audit logs (pinning, resharing, promotions, edits); and (g) device/session/IP/subscriber logs for commenters who posted threats or pledged to locate Plaintiff. Each producing platform shall provide a written preservation confirmation and a custodial declaration describing the export process and hash-verified native files.

2.     Order Defendant Gooding (and persons in active concert with her) immediately to remove and cease republishing the offending defendant-originated posts identified in Exhibits A-O, and to cease posting or republishing Plaintiff's precise residential/mailing address, GPS coordinates, or any link that resolves directly to such address information (including the USPTO trade-dress record shown in Exhibit G, which was pinned to the top of Defendant's profile and reposted to YouTube, even after it drew doxing replies).

3.     As alternative and additional relief, order TikTok, Instagram, YouTube and X (formerly Twitter) to disable public access to the discrete third-party post-IDs/URLs identified in Exhibits C–D (and any exact duplicates) within 24 hours of service of the TRO while preserving native copies and producing the records set forth in Paragraph 1 under protective order.

4.     Enjoin Defendant Gooding (and persons acting in active concert with her) from directing, encouraging, soliciting, facilitating, or otherwise aiding others to threaten, harass, locate, or assault and physically batter Plaintiff, and from reposting or amplifying third-party content that names Plaintiff and solicits immediate violent action, limited to the post-IDs and account handles specified in

17

Exhibits A–O.

5.    Enjoin Defendant Gooding and any persons acting in active concert with her from deleting, altering, concealing, or otherwise destroying any of the content, messages, logs, or records preserved under Paragraph 1, and require Defendant Gooding to take all reasonable steps to maintain account access credentials and not to remove preservation flags.

6.    Authorize limited, expedited subpoenas to TikTok, Instagram, YouTube and X (formerly Twitter) for the specific categories of records listed in Paragraph 1 limited to the post-IDs, account handles, and date ranges identified in Exhibits A–O, to be produced under an appropriate protective order: notification/view logs, native DM exports and message metadata, deletion/moderation logs and pre-deletion copies, account-audit logs, and IP/subscriber/device session records for identified threatening commenters.

7.    Require that all platform productions be delivered as hash-verified native exports with a custodial declaration describing the collection method and chain of custody, and that all such productions be subject to a narrowly tailored protective order limiting access and use of sensitive metadata and personally identifying information.

8.    Require Defendant Gooding to provide within 48 hours a written certification that she has complied with the TRO and to submit a sworn declaration identifying any additional accounts or aliases used to publish the items in Exhibits A–O.

9.    Order that the TRO expire no later than fourteen (14) days from entry unless the Court extends it for good cause and set an OSC/PI hearing at the earliest practicable date; require that Plaintiff effect service of the complaint and TRO materials on Defendants and the platforms within the time required by applicable rules and the Court's order.

10.    Require Plaintiff to post a modest security undertaking under Fed. R.

18

Civ. P. 65(c) in an amount to be determined by the Court, unless the Court finds under Cal. Civ. Code § 1708.89 that a bond is not required for the requested anti-doxing relief.

11.     Grant Plaintiff reasonable attorney's fees and costs incurred in bringing this action, including this ex parte application, pursuant to Cal. Civ. Code § 1708.89(c)(4) and upon the Court holding a properly noticed hearing, as Plaintiff is seeking to prevail on a statutory claim that expressly authorizes the recovery of such fees and costs.

12.     Grant such other and further relief as the Court deems just and proper to protect Plaintiff's physical safety and to preserve the integrity of relevant evidence, including limited sealing or pseudonymous filing of particularly sensitive exhibits under Cal. Civ. Code § 1708.89.

Dated: January 9, 2026                                Respectfully submitted,
                                                      A.E.I. Law, P.C

                                                      By: /s/ *William. B. Luton, Esq.*
                                                      _____
                                                      William B. Luton, Esq.
                                                      Attorney for Plaintiff
                                                      AVA NEAL

# EXHIBIT A

# EXHIBIT A

**United State Disctrict Court, Central Disctrict of California - Western Division**

**Case: Neal v. Gooding, et al.**

**Case #: 2:25-cv-09475**

Defendants Chrystelle Gooding & Shariece Renee Mance
Social Media Platforms' Data

| Platform | Owner | Handle | LINK | # of Followers or Subscribers | # of Posts since October 1, 2025 about Plaintiff, Ava Neal | # of Views on these posts about Plaintiff, Ava Neal |
|---|---|---|---|---|---|---|
| Instagram | Chrystelle Gooding | @shesasolarbeing | https://www.instagram.com/shesasolarbeing/?hl=en | 358,000 | 4 | 1,092,000 |
| TikTok | Chrystelle Gooding | @shesasolarbeing | https://www.tiktok.com/@shesasolarbeing | 252,900 | 4 | 2,784,700 |
| X (fka Twitter) | Chrystelle Gooding | @shesasolarbeing | https://x.com/shesasolarbeing | 51,300 | 55 | 890,000 |
| YouTube | Chrystelle Gooding | @shesasolarbeing | https://www.youtube.com/@Sheisasolarbeing | 44,800 | 2 | 242,000 |
| Threads | Chrystelle Gooding | @shesasolarbeing | https://www.threads.com/@shesasolarbeing | 44,300 | 55 | no view count |
| Facebook | Chrystelle Gooding | @shesasolarbeing | https://www.facebook.com/profile.php?id=61557028673252 | 1,600 | 17 | 14,888 |
| Instagram | Chrystelle Gooding | @solarbeing_LA | https://www.instagram.com/solarbeing_la/ | 11,900 | 0 | - |
| TikTok | Chrystelle Gooding | @solarbeing_LA | https://www.tiktok.com/@solarbeing_la | 513 | 0 | - |
| X (fka Twitter) | Chrystelle Gooding | @solarbeingLA | https://x.com/SOLARBEINGLA | 507 | 0 | - |
| YouTube | Chrystelle Gooding | @solarbeingLA | https://www.youtube.com/@SOLARBEINGLA | 2,670 | 0 | - |
| Threads | Chrystelle Gooding | @solarbeing_LA | https://www.threads.com/@solarbeing_la | 0 | 0 | - |
| Instagram | Shariece Renee Mance | @sheisetheric | https://www.instagram.com/sheisetheric/?hl=en | 944 | 0 | - |
| TikTok | Shariece Renee Mance | @sheisetheric | https://www.tiktok.com/@sheisetheric | 545 | 0 | - |
| X (fka Twitter) | Shariece Renee Mance | @sheisetheric | https://x.com/sheisetheric | 738 | 28 | 219,000 |
| threads | Shariece Renee Mance | @sheisetheric | https://www.threads.com/@sheisetheric | 253 | 13 | no view count |

TOTALS: **770,970** 178 5,242,588

Days since Oct. 1, 20    70
Avg Posts per day:    2.542857143

# EXHIBIT B

# EXHIBIT B

Direct message to Plaintiff "Kys" means "kill yourself" incited by Defendants



# EXHIBIT C

# EXHIBIT C

**ORIGINAL LINK OF POST BY @iza.official.back (The IZA Official Backup)**
**:**
https://www.tiktok.com/@iza.official.back/video/7573733813252132109?_r=1&_t=ZP-91Uw5ySPg35

**PRESERVED VIDEO POST BY @iza.official.back (The IZA Official Backup) available to view and download on Dropbox:**

https://www.dropbox.com/t/pTZr1iRGuLw7MfEF

**TRANSCRIPT OF POST BY @iza.official.back (The IZA Official Backup)**

Posted in the top third of the video is: "KarenAVA can kiss my black SSA!!!"

Transcript: Y'all not punchin' bitches in the face no more, 'cause what do you mean you're trying to copyright strike over natural hair and styling it, like you're trying to take a specific way to sculpt your hair and claim it as your own and say that another content creator on here is stealing from your creative right and all that shit?

And you know you're in the wrong when you private your page. I go on your page, your shit is mother-fucking private because you can't deal with all of the pushback. Imagine you trying to go to these white people's court systems and explain to them what nappy hair does, and how you shaped it into a star, and now you're trying to sue somebody into oblivion so you can steal their star-puff design.

Am I… did I miss anything? 'Cause you bitches need to get touched. You bitches need to get touched. Afro don't stay "afroey" all your mother-fucking life. Mother fuckers can snatch that shit right off your mother-fucking dome. Then what you gonna sculpt? All you gonna have is fucking scalp. You gonna be out here looking like Cynthia [AREVO], bitch. You need to watch yourself.

I wish a bitch would tell me I can't put my hair in a mother-fucking star puff. I wish a bitch would send me some kind of cease-and-desist order. I would just show up at your house and make your asshole my fucking shoe. You bitches need to start getting touched. Because why you the fuck you acting like a goddamn Karen on the Internet about some nappy mother-fucking hair? You gotta get… you, you gotta get beat up. Somebody gotta beat your ass.

**Post Caption**: You garden tools definitely be picking the right people to bully on the internet. I would literally pay $1 to find yall and be waiting in your living room when you got home.

# EXHIBIT D

# EXHIBIT D

**PRESERVED VIDEO OF ADDITIONAL THREATENING VIDEO POST BY @iza.official.back (The IZA Official Backup) available to view and download on Dropbox:**

https://www.dropbox.com/t/4BZzZVesGh7Ux7hF

**TRANSCRIPT OF ADDITIONAL THREATENING VIDEO POST BY @iza.official.back (The IZA Official Backup)**

Post caption: I SAID WHAT I SAID!

Message superimposed on video throughout: BEET HER SOLAR!!!!

Transcript: Beat her ass, Solar. Beat her ass, Solar. Beat her ass, Solar. I swear to God. Motherfuckers be thinking that they can just bully anybody because you don't say nothing. Beat her mother-fucking ass. Find where she at… go to the… go to the same spots she be at. And when you see that bitch, beat her ass. Beat her. Punch her in her face. Pull her edges out. Drag her. Make her chin touch the curb. Curb stomp that bitch. Kick her in her gut. Kick her in her pussy. Kick her in her ass. Punch her in her titties. When titties bruise up, that shit hurts the next day. Beat that bitch ass. Take her hands and [smacks hands together] like that, but on her ears, just say pow! And then just [shadow boxes with both fists, making sounds to mimic punches cutting through the breeze]. Beat that bitch's ass. Let your hands go. Let your hands go, 'cause what you mean motherfucker's suing you over some naps, that get shaped into a fucking star? What you mean? What the fuck do you… if you don't beat that bitch ass, Imma beat her ass for you. If you don't beat that bitch ass, Imma find the bitch and I'm gonna beat that ass for you. Okay? You don't play that shit around here. African hair is meant to be freed and that's what I've been seeing y'all doing on this app. And I'm not about to let some bitch try to colonize that shit and try to take claim and try to monopolize fucking nappy hair. Bitch, my pussy nappier than my fucking hair on the top of my head. You gonna try to colonize that shit, too? Fuck outta here. Fuck outta here. Start beating these bitches' asses. Beat that girl's ass. And if you don't got hands, use your spiritual hands, bitch. Go get you that red candle, get you some jars, get you some shatter, some glass shatter. Get you some, get you some, some rusty ass fucking nails. Get you a cow tongue, bitch. You put you on some Mauritian music and you walk, but as that motherfucking room but ass fucking naked working that bitch. Work that hoe. Beat her ass. Beat her… I don't know how many times I can say it… beat her. If you can't fight, figure out how to spiritually do it, and if you can't spiritually do it, pay somebody to go spiritually do it. And yes, I'll spiritually do that shit. I will fuck that bitch up, because we all got motherfucking nappy hair. I wish a motherfucker would tell me that my nappy ass hair is illegal, is legal theirs, and I can't style my hair how I want. I'll beat your fucking ass in the damn hairstyle. In the damn hairstyle. Fuck outta here. Fuck outta… beat her ass.

# EXHIBIT E

# EXHIBIT E

Plaintiff's "public safety" post on November 17, 2025 at 11:44pm



# EXHIBIT F

# EXHIBIT F

Defendant Gooding reposted this image of a cat with a gun approximately ninety (90) minutes after Plaintiff posted her public safety post (see Exhibit E).



# EXHIBIT G

# EXHIBIT G

Defendant Gooding posted Plaintiff's trademark application number on
Defendant Gooding's social media profile on X (fka Twitter) and pinned
it to the top of her account so it is the first thing that people see. As of the date
of this filing of Plaintiff's Ex Parte Application for TRO, this post is still
pinned to the top of Defendant Gooding's profile, inciting further doxxing.





# EXHIBIT H

# EXHIBIT H

Defendant Gooding's follower, @MrXmov's comment showing Plaintiff's full real name and home address after following the links that Defendant Gooding provided to Plaintiff's trademark application (see Exhibit G), but the wrong picture of a different person named "Ava Neal".



Defendant Gooding assisting @MrXmov with doxxing Plaintiff.

# EXHIBIT I

# EXHIBIT I

Confirmation from X (fka Twitter) that Defendant Gooding's follower @MrXMov's post violated the X Rules and that they locked the account.



# EXHIBIT J

# EXHIBIT J

# INCIDENT/INVESTIGATION REPORT

| | |
|---|---|
| **Agency Name** | Cobb County Police |
| **ORI** | GA 0330200 |

**Case#** 25-077337

**Date / Time Reported** 11/18/2025 09:58 Tue
**Last Known Secure** 11/18/2025 09:58 Tue
**At Found** 11/18/2025 09:58 Tue

**INCIDENT DATA**

| Location of Incident | | Gang Relat | Premise Type | Zone/Beat |
|---|---|---|---|---|
| | | NO | Residence/home | B, 114 |

| | Crime Incident(s) | (Com) | Weapon / Tools | | | | Activity |
|---|---|---|---|---|---|---|---|
| #1 | Harassing/threatening Communications 13CD | | Entry | | Exit | Security | |
| #2 | Crime Incident | ( ) | Weapon / Tools | | | | Activity |
| | | | Entry | | Exit | Security | |
| #3 | Crime Incident | ( ) | Weapon / Tools | | | | Activity |
| | | | Entry | | Exit | Security | |

**MO**

## VICTIM

| # of Victims | 1 | Type: INDIVIDUAL( NON LE) | | Injury: | | | | Domestic: NO |
|---|---|---|---|---|---|---|---|---|

| | Victim/Business Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| V1 | NEAL, AVA MARIE | 1, | /2002 Age 23 | B | F | 1ST | Resident | |

| Home Address | , GA 30144- | Email | | Home Phone |
|---|---|---|---|---|
| Employer Name/Address | | Business Phone | | Mobile Phone |

| VYR | Make | Model | Style | Color | Lic/Lis | VIN |
|---|---|---|---|---|---|---|

## OTHERS INVOLVED

CODES: V- Victim (Denote V2, V3)   WI = Witness   IO = Involved Other   RP = Reporting Person (if other than victim)

Type: INDIVIDUAL( NON LE)    Injury:

| Code | Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| R | NEAL, NICOLLE MARIE | | /1980 Age 45 | B | F | | Resident | |

| Home Address | , GA | Email | | Home Phone |
|---|---|---|---|---|
| Employer Name/Address | | Business Phone | | Mobile Phone |

Type:    Injury:

| Code | Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| | | | Age | | | | | |

| Home Address | | Email | | Home Phone |
|---|---|---|---|---|
| Employer Name/Address | | Business Phone | | Mobile Phone |

## PROPERTY

1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown
("OJ" = Recovered for Other Jurisdiction)

| VI # | Code | Status Frm/To | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| Officer/ID# | BIHARI, T. M. (2100, PCT1) (3665) | | | |
|---|---|---|---|---|
| Invest ID# | (0) | **Supervisor** | PONTE, D. L. (2100, PCT1) (1147) | |
| **Status** | Complainant Signature | Case Status Inactive /pending | 11/18/2025 | Case Disposition: | Page 1 |

| R_CS1IBR | Printed By: NELSOA, 6604 | Sys#: 839436 | 12/01/2025 10:13 |
|---|---|---|---|

# INCIDENT/INVESTIGATION REPORT

*Cobb County Police*

Case # *25-077337*

| Status Codes | | 1 = None  2 = Burned  3 = Counterfeit / Forged  4 = Damaged / Vandalized  5 = Recovered  6 = Seized  7 = Stolen  8 = Unknown | | | | |
|---|---|---|---|---|---|---|
| | IBR | Status | Quantity | Type Measure | Suspected Type | |
| D | | | | | | |
| R | | | | | | |
| U | | | | | | |
| G | | | | | | |
| S | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Assisting Officers

Suspect Hate / Bias Motivated:   *NONE (NO BIAS)*

NARRATIVE

On 11/18/2025 at approximately 0840 hours, I was contacted regarding Harassment at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

I spoke with the complainant, Nicolle Neal, who stated her grown daughter, Ava Neal, was being bullied online by a couple people that Ava has an active lawsuit regarding intellectual property and defamation. Nicolle stated the harassment is being done online on TikTok by a third party.

The lawsuit is against Chrystelle Gooding and Shariece Mance whom has several thousand followers and has posted videos about Ava that have gone viral.

The most recent post was by the 3rd party person, username iza.official.back, who posted a 3 minute long video stating "beat her ass Solar (which is Chrystelle's username▮▮▮▮▮▮▮▮▮▮▮with rusty nails and if she can`t hurt her physically then hurt her spiritually. This post had Chrystelle and Ava`s usernames tagged. Ava`s ▮▮▮▮▮▮▮▮▮▮▮▮ Nicolle also mentioned a post stating "you garden tools (meaning hoes) be picking the right people to bully on the internet, I would pay $1 to be waiting in your living room".

Ava posted last night about the bullying on her X account (formerly known as Twitter) and Nicolle stated that within 60-90 minutes, Chrystelle posted on her X account a funny cat meme with the cat holding the gun pointed at the viewer. Nicolle was concerned.

Nicolle stated that Chrystelle and Shariece live in San Diego and this third party person posting lives in Sacramento.

I emailed Nicolle▮▮▮▮▮▮▮▮▮▮▮▮▮▮in order for her to send screenshots and video of the harassment. Nicolle wants the harassment investigated and stated we would need to coordinate with Sacramento and has a lawyer involved currently due to the lawsuit. Nicolle is going to call back with the contact information from her lawyer from Chrystelle and Shariece.

## Incident Report Suspect List

*Cobb County Police*

OCA: *25-077337*

| 1 | Name (Last, First, Middle)<br>*GOODING, CHRYSTELLE* | | | | | | Also Known As | | | | Home Address<br>█████ , CA 92064 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | **Business Address** | | | | | | | | | | | | |
| | DOB<br>/ / | Age | Race | Sex | Eth | Hgt | Wgt | Hair | Eye | Skin | Driver's License / State | | |
| | Scars, Marks, Tattoos, or other distinguishing features | | | | | | | | | | | | |

| *Reported Suspect Detail* | | Suspect Age | | Race | Sex | Eth | Height | | Weight | | SSN |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Weapon, Type | Feature | | Make | Model | | | Color | Caliber | Dir of Travel | | |
| | | | | | | | | | Mode of Travel | | |
| Veh Yr / Make / Model | | | Drs | Style | | Color | | Lic Plate / State | | VIN | |
| Notes | | | | | | | Physical Char | | | | |

| 2 | Name (Last, First, Middle)<br>*MANCE, SHARIECE* | | | | | | Also Known As | | | | Home Address<br>█████ CA 92064 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | **Business Address** | | | | | | | | | | | | |
| | DOB<br>/ / | Age | Race | Sex | Eth | Hgt | Wgt | Hair | Eye | Skin | Driver's License / State | | |
| | Scars, Marks, Tattoos, or other distinguishing features | | | | | | | | | | | | |

| *Reported Suspect Detail* | | Suspect Age | | Race | Sex | Eth | Height | | Weight | | SSN |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Weapon, Type | Feature | | Make | Model | | | Color | Caliber | Dir of Travel | | |
| | | | | | | | | | Mode of Travel | | |
| Veh Yr / Make / Model | | | Drs | Style | | Color | | Lic Plate / State | | VIN | |
| Notes | | | | | | | Physical Char | | | | |

# CASE SUPPLEMENTAL REPORT

*Cobb County Police*

OCA: *25077337*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status: *INACTIVE/PENDING*     Case Mng Status: *INACTIVE*     Occurred: *11/18/2025*

Offense: *HARASSING/THREATENING COMMUNICATIONS*

Investigator: *BIHARI, T. M. (3665)*     Date / Time: *11/19/2025 08:40:35, Wednesday*

Supervisor: *MCDONALD, D. J. (1264)*     Supervisor Review Date / Time: *11/19/2025 08:54:14, Wednesday*

Contact:     Reference: *Additional Information*

On 11/19/2025 at approximately 0840 hours, I uploaded 4 videos from Nicolle to RMS.

Investigator Signature     Supervisor Signature

## CASE SUPPLEMENTAL REPORT

Printed: 12/01/2025  10:13

*Cobb County Police*

OCA: *25077337*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status: *INACTIVE/PENDING*          Case Mng Status: *INACTIVE*          Occurred: *11/18/2025*

Offense: *HARASSING/THREATENING COMMUNICATIONS*

Investigator: *WILLIAMS, M. D. (3902)*          Date / Time: *11/25/2025 10:11:50, Tuesday*

Supervisor: *TRANQUILLE, J. C. (1641)*          Supervisor Review Date / Time: *11/25/2025 17:12:32, Tuesday*

Contact: *Neal, Nicolle Marie*          Reference: *Additional Information*

On 11/25/2025 at approximately 1011 hours, I was working as the Police Desk Officer at Precinct 1, located at 2380 Cobb Pkwy, Kennesaw, GA 30144, and a female called Precinct 1 desk phone wanting to update an already filed harassing report.

I spoke with Ms. Nicole Neal on the Precinct 1 desk phone and she stated that she wanted to add information to her previous harassment report.

Ms. Neal stated that on 11/20/2025 at approximately 1106 hours, she became aware that the suspects had posted her home address on the "X" platform using the account associated with the username "▇▇▇▇▇▇," she believed belongs to Mr. X. She stated that this caused her more concern.

Ms. Neal also gave an updated address for the suspect, who she stated currently resides in California. Ms. Neal sent photographs and videos of the conversation from the ▇▇▇▇▇▇ account to my Cobb County email address and I uploaded the media to Evidence SAFE for further review.

Nothing further.

Investigator Signature          Supervisor Signature

# EXHIBIT K

# EXHIBIT K



Defendant Gooding persists to with her rampant disregard for Plaintiff's safety, posting this 20+ minute video on December 8, 2025, containing links to Plaintiff's online three trademark applications containing her personal name and home address, further doxxing Plaintiff

Defendants' video description (posted December 8, 2025) includes links to all three of Plaintiff's trademark applications, which she knows contain Plaintiff's personal name and home address. Defendants are fully aware that such posts have led their followers to doxx Plaintiff and to threaten her life and safety. Defendants' actions reflect an absolute disregard for Plaintiff's safety.





In the 448 comments on Defendants' December 8, 2025 video, at leave five of the comments identify Plaintiff, either by her personal name or her online social media handles.



@kyokitty16 1 hour ago

Kwiin Ava. That's who I'm assuming this is

👍 7  👎    Reply



**@selenasmith7943** 4 hours ago
Not a trick trying to gatekeep natural hair!
I hope this reaches larger natural creators and maybe as a community yall can fight this.
It's so disgusting especially considering the history of black natural hair in America.

👍 13 👎  Reply

⌄ 4 replies

**@selenasmith7943** 4 hours ago
I wanted to add, after watching a few of your videos, I felt inspired to wear my hair sculpted for the first time, this Thanksgiving. The family loved it! ❤️ even added some glitter.
I've been natural for decades. Even though I have some older books on competitve hair sculpting and tribal hairstyles, I've never had the courage to try until I came crossed your content.
So thank you!

👍 4 👎  Reply

**@noonesishome** 4 hours ago
Make it worse, the person is another black woman. That is utterly messed up, tearing down your own sisters cause what?!

👍 8 👎  Reply

**@Ipromiseyounobodyismad** 4 hours ago
@noonesishome who did this?

👍 👎  Reply

**@kamii_kaizen** 1 hour ago
@Ipromiseyounobodyismad after some comment research it supposedly seems like the creator Kwiln Ava given her recent videos.

👍 1 👎  Reply

**@lilmamagc** 7 hours ago

Who is suing you OMG tell us their names we will jump them

👍 8    👎    Reply

∧  **2 replies**

**@larynadams1127** 4 hours ago

Please don't harass them, it'll make solar look bad. But if you want more info....all I'll say is the person suing her is the same person who said she copied their style last year.

👍 2    👎    Reply



**@YaYasZaZa** 3 hours ago

The anagram is Aav IaeN ?

👍    👎    Reply



**@AneesaH.** 5 hours ago

I say we all hariscuplt in solidarity.

♡ 46   ⚐   Reply

∧ **3 replies**

**@MishaTheUnicorn227** 1 hour ago

On it

♡ 5   ⚐   Reply

**@kamii_kaizen** 1 hour ago

Yep!! Let's make it a trend and have everyone post videos of their hair in star puffs and flowers. When the trend reaches thousands, will they try and report us all??

♡ 4   ⚐   Reply

**@strawberry_on_neptune** 1 hour ago

Yes! Let's all do this. I think ava is doing this because Solar's platform is bigger.

♡ 1   ⚐   Reply

The doxxing campaign fueled by Defendants continues as of December 9, 2025.





# EXHIBIT L

# EXHIBIT L



# EXHIBIT M

# EXHIBIT M



# EXHIBIT N

# EXHIBIT N



# EXHIBIT O

# EXHIBIT O





TAYLOR J. HOWARD, ESQ. (SBN 311275)
WILLIAM B. LUTON, ESQ. (SBN 363678)
**A.E.I. LAW, P.C.**
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
Telephone: (888) 423-4529
Email:      taylor@aeilaw.com
              bill@aeilaw.com

Attorney for Plaintiff
AVA NEAL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AVA NEAL, an individual,<br><br>                    Plaintiff,<br><br>       vs.<br><br>CHRYSTELLE GOODING, an individual; and SOLAR BEING JEWELRY LLC, a California limited liability company; and SHARIECE RENEE MANCE, an individual<br><br>                    Defendants. | **Case No.**: 2:25-cv-09475<br><br><br>**DECLARATION OF WILLIAM B. LUTON IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

I, William B. Luton, declare as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am an attorney at law, duly licensed to practice in the State of California, and a counsel of record for Plaintiff Ava Neal in this action. I make this declaration in support of Plaintiff's Ex Parte Application for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction. Except where stated on information and belief, the matters stated in this declaration are true of my own personal knowledge, and if called as a witness I could and would competently testify thereto.

2. I personally collected, preserved, and caused to be prepared the evidentiary materials summarized in the Application and attached to the Ex Parte papers as Exhibits A–O. A true and correct copy of the table summarizing pertinent information regarding Defendant Gooding social media platforms is attached as **Exhibit A**. A true and correct copy of the hostile direct message reading "Kys" is attached as **Exhibit B**. A true and correct copy of the third-party clip (via Dropbox link) that identifies Plaintiff's handle and urges violent action is attached as **Exhibit C**. A true and correct copy (via Dropbox link) of the preserved native screen recording of the removed incitement video with accompanying verbatim transcript is attached as **Exhibit D**. A true and correct copy of Plaintiff's November 17, 2025 public safety notice is attached as **Exhibit E**. A true and correct copy of Defendant Gooding's cat-with-handgun republication (native file and metadata) is attached as **Exhibit F**. A true and correct copy of the USPTO trade-dress TSDR print and Defendant Gooding's republication screenshot is attached as **Exhibit G**. A true and correct copy of the @MrXmov thread screenshot showing the misidentification and Defendant Gooding's reply is attached as **Exhibit H**. A true and correct screenshot showing platform enforcement locking @MrXmov is attached as **Exhibit I**. A true and correct copy of the contemporaneous police report is attached as **Exhibit J**. Representative threatening comments and direct messages preserved in native form

with metadata are attached as **Exhibit K**. A true and correct copy of Defendant's post alleging Plaintiff is "anti black" is attached as **Exhibit L**. A true and correct copy of Defendant's post stating "our ancestors are rolling in their graves" is attached as **Exhibit M**. A true and correct copy of a violent poster's response encouraging "pulling up at the court" is attached as **Exhibit N**. A true and correct copy of Defendant's "nothing will stop us" post and a threatening reply ("I feel like knocking her teeth out") is attached as **Exhibit O**.

3.     The verified chronology and exhibits demonstrate a sustained, escalating campaign by Defendant Gooding (and by Defendant Mance in coordination) that began in October 2025 and intensified in November 2025. In summary: (a) Plaintiff received a hostile DM stating "Kys" on November 15, 2025 (Exhibit B); (b) on November 17, 2025 a third-party actor posted explicit, location-directed exhortations to assault Plaintiff (Exhibits C–D); (c) Plaintiff posted a public safety notice that same day alerting followers and law enforcement (Exhibit E); (d) approximately ninety minutes later Defendant Gooding republished provocative imagery of a cat pointing a handgun (Exhibit F); and (e) on November 20, 2025 Defendant Gooding republished an identifiable USPTO trade-dress record showing Plaintiff's name and mailing/domicile fields and replied "The owner is black" to a follower's post that included Plaintiff's actual address (Exhibits G–H). Platform enforcement later locked the misidentifying account (Exhibit I). Contemporaneous police reports and continued threatening messages and comments confirm that the online republications materially increased the risk of real-world locating and physical harm (Exhibits J–K). Inciting posts (and their requisite replies) continued through December (Exhibits L–N), and also into January 2026 (Exhibit O).

4.     Based on the preserved native recordings, the police report, and the surge of hostile messages after the republications, Plaintiff is under a present and imminent risk of physical harm and severe emotional injury that cannot be remedied

by money damages alone. The threats and doxing-related conduct have already produced real-world harassment and credible attempts by followers to locate Plaintiff after Defendant Gooding's republications; absent immediate, narrowly tailored injunctive relief and preservation of the native records, those efforts are likely to continue and to result in irreparable injury to Plaintiff's personal safety and privacy.

5. Prior to seeking ex parte relief, counsel conducted reasonable efforts to identify and locate Defendants through public filings, the Secretary of State for Solar Being Jewelry LLC, and available business contact information associated with Defendant Gooding; since the only prior counsel Plaintiff's counsel was aware of stated he does not represent Defendants, counsel sent direct messages and sent emails with a fully attached version of the emergency application and as well as placing hard copies to the addresses counsel is aware of (including to addresses of record as well as the actual address where Plaintiff was finally able to serve the evading Defendants via rejection on January 6, 2026) in the regular place for mailing on January 9, 2026. True and correct copies of the proofs of service for for the summons and complaint for all three Defendants are attached hereto as **Exhibit 1**.

6. Counsel and Plaintiff have taken immediate preservation steps: native downloads and screen recordings of the key postings and the removed third-party video have been captured; timestamps and post-ID/URL records have been captured where available; and written preservation letters demanding preservation of native files, comments, DMs, deletion/moderation logs, account audit logs, and IP/subscriber/session records for the post-IDs and date ranges identified in Exhibits A–O were sent to TikTok, Instagram, YouTube, and X. Copies of these preservation letters and any platform ticket numbers are attached to the TRO package. The narrowly tailored Rule 45 subpoenas requesting expedited production of these records have been prepared and will be served only after the Court issues the requested TRO authorizing the limited, expedited discovery (or as otherwise ordered

by the Court). True and correct copies of the preservation letters as sent to the various platforms are attached hereto as **Exhibit 2**.

7.     The relief requested is limited to preservation and to narrowly tailored prohibitions on republication of Plaintiff's precise address/GPS/mailing data, on solicitation or direction of violence, and on deletion or concealment of preserved evidence for the precise post-IDs and accounts identified in Exhibits A–O. The requested subpoenas for platform logs are strictly limited by post-ID and date range and are requested only to obtain evidence necessary to adjudicate the preliminary injunction issues.

8.     For the foregoing reasons, and on the verified evidence submitted with Plaintiff's Ex Parte Application, immediate and narrowly tailored injunctive relief is necessary to prevent imminent and irreparable harm to Plaintiff and to preserve the evidentiary record for the upcoming OSC/PI hearing.

## CERTIFICATIONS REQUIRED BY FRCP 65 AND LR 7-19.1

9.     **Service Plan**: Plaintiff has retained DDS Legal (Contact: process@ddslegal.com) to effectuate service of the signed Temporary Restraining Order (TRO) and the Rule 45 Subpoenas. Within 4-6 hours of the Court's entry of the TRO, the process server will serve Defendants Chrystelle Gooding and Shariece Renee Mance with the TRO, the Order to Show Cause, and the underlying Ex Parte Application materials at their last known addresses. Concurrently, the process server will serve the Rule 45 Subpoenas (with Schedule A and the Protective Order) on the registered agents for service of process for Instagram, LLC, TikTok, Inc., X Corp., and Google LLC (YouTube) in California. Copies of the proposed Rule 45 Subpoenas are attached hereto as **Exhibit 3**.

10.     **Proposed Bond Amount**: Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff proposes a security undertaking in the amount of $500.00. This modest amount is justified because the requested relief is narrowly tailored to enjoin unprotected speech (true threats, incitement, and doxing) and to compel the

preservation of evidence, minimizing the risk of wrongful restraint. The relief is directed at preventing imminent physical harm to the Plaintiff, which courts routinely recognize as justifying a minimal or waived bond.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 9, 2026

By: /s/ *William B. Luton, Esq.*

William B. Luton, Esq.
Attorney for Plaintiff
AVA NEAL

# EXHIBIT 1

# EXHIBIT 1

Civil Action No. **2:25CV09475**          Case Name: Ava Neal, an individual vs Chrystelle Gooding, an individual; et al.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This summons for:  **Chrystelle Gooding, an individual**
was received by me on  **January 2, 2026**

☐ I personally served the First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice
Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order on Chrystelle
Gooding, an individual at   , ,  on

☑ I left the above listed documents at the individual's residence or usual place of abode with (John Doe) - Resident ,a
person of suitable age and discretion who resides there, on *(date)  January 6, 2026 at 8:35 PM.*

☐ I served the above listed documents to   , who is designated by law to accept service of process on behalf of   on
;or

☐ I returned the above listed documents unexecuted because;

☐ other *(specify):*

*My fees are $ .00 for travel and $ 173.15 for services, for a total of $ 173.15*

*I declare under penalty of perjury that this information is true.*

Date:  January 6, 2026          _____

*Server's signature*


**Benjamin Smith**
*Printed name and title*


**Contracted by DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
*Server's Address*

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| Taylor J. Howard, Esq., SBN: 311275<br>A.E.I. LAW, P.C.<br>7755 Center Ave Ste 1100<br>Huntington Beach, CA 926473091 <br>E-MAIL ADDRESS (Optional): taylor@aeilaw.com<br>TELEPHONE No.: (888) 423-4529     FAX No. (Optional): | | |

Attorney for: Plaintiff Ava Neal, an individual

| | Ref No. or File No.: |
|---|---|
| | Neal v Gooding |

Insert name of Court, and Judicial District and Branch Court:

United States District Court - Central District of California, Western Division - Edward R. Roybal

Plaintiff: Ava Neal, an individual

Defendant: Chrystelle Gooding, an individual; et al.

| **PROOF OF SERVICE<br>BY MAIL** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>2:25CV09475 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occured.

2. I served copies of the First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Costa Mesa, California, addressed as follows:

    a. Date of Mailing:                January 7, 2026
    b. Place of Mailing:             Costa Mesa, CA
    c. Addressed as follows:      Chrystelle Gooding, an individual
                                  13409 Midland Rd Apt 32
                                  Poway, CA 92064-4773

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.

Fee for Service: **$ 173.15**

**DDS Legal Support<br>2900 Bristol Street<br>Costa Mesa, CA 92626<br>(714) 662-5555<br>Ref: Neal v Gooding**

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **January 7, 2026**.

Signature:_____

**Monica Figueroa**

**PROOF OF SERVICE BY MAIL**

Order#: 740330A4/mailproof

Civil Action No. **2:25CV09475**     Case Name: Ava Neal, an individual vs Chrystelle Gooding, an individual; et al.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This summons for:   **Shariece Renee Mance, an individual**
was received by me on  **January 2, 2026**

☐ I personally served the First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order on Shariece Renee Mance, an individual at   , ,   on

☑ I left the above listed documents at the individual's residence or usual place of abode with (John Doe) - Resident ,a person of suitable age and discretion who resides there, on *(date)*  *January 6, 2026 at 8:35 PM.*

☐ I served the above listed documents to   , who is designated by law to accept service of process on behalf of   on  ;or

☐ I returned the above listed documents unexecuted because;

☐ other *(specify):*

*My fees are $ .00 for travel and $ 75.00 for services, for a total of $ 75.00*

*I declare under penalty of perjury that this information is true.*

Date:  *January 6, 2026*

_____
*Server's signature*

**Benjamin Smith**
*Printed name and title*

**Contracted by DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
*Server's Address*

A0440-740330B4

| Attorney or Party without Attorney: | FOR COURT USE ONLY |
|---|---|
| Taylor J. Howard, Esq., SBN: 311275<br>A.E.I. LAW, P.C.<br>7755 Center Ave Ste 1100<br>Huntington Beach, CA 926473091<br>E-MAIL ADDRESS (Optional): taylor@aeilaw.com<br>TELEPHONE No.: (888) 423-4529    FAX No. (Optional): | |

Attorney for: Plaintiff Ava Neal, an individual

| | Ref No. or File No.:<br>Neal v Gooding |
|---|---|

Insert name of Court, and Judicial District and Branch Court:

United States District Court - Central District of California, Western Division - Edward R. Roybal

Plaintiff: Ava Neal, an individual

Defendant: Chrystelle Gooding, an individual; et al.

| **PROOF OF SERVICE<br>BY MAIL** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>2:25CV09475 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occured.

2. I served copies of the First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Costa Mesa, California, addressed as follows:

    a. Date of Mailing:              January 7, 2026
    b. Place of Mailing:            Costa Mesa, CA
    c. Addressed as follows:      Shariece Renee Mance, an individual
                                13409 Midland Rd Apt 32
                                Poway, CA 92064-4773

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.

Fee for Service: **$ 75.00**



**DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
**Ref: Neal v Gooding**

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **January 7, 2026**.

Signature: _____

**Monica Figueroa**

**PROOF OF SERVICE BY MAIL**

Order#: 740330B4/mailproof

Civil Action No. **2:25CV09475**                    Case Name: **Ava Neal, an individual vs Chrystelle Gooding, an individual; et al.**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This summons for:   **Solar Being Jewelry LLC, a California limited liability company**
was received by me on   **January 2, 2026**

☐ I personally served the First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order on Solar Being Jewelry LLC, a California limited liability company at   , ,   on

☑ I left the above listed documents at the individual's residence or usual place of abode with (John Doe) - Resident ,a person of suitable age and discretion who resides there, on *(date)  January 6, 2026 at 8:35 PM.*

☐ I served the above listed documents to   , who is designated by law to accept service of process on behalf of   on   ;or

☐ I returned the above listed documents unexecuted because;

☐ other *(specify):*

*My fees are $ .00 for travel and $ 75.00 for services, for a total of $ 75.00*

*I declare under penalty of perjury that this information is true.*

Date:  January 6, 2026                    _____

*Benjamin Smith*

*Server's signature*


**Benjamin Smith**
*Printed name and title*

**Contracted by DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
*Server's Address*

A0440-740330C2

| Attorney or Party without Attorney: | | | FOR COURT USE ONLY |
|---|---|---|---|
| Taylor J. Howard, Esq., SBN: 311275<br>A.E.I. LAW, P.C.<br>7755 Center Ave Ste 1100<br>Huntington Beach, CA 926473091<br>TELEPHONE No.: (888) 423-4529 | E-MAIL ADDRESS (Optional): taylor@aeilaw.com<br>FAX No. (Optional): | | |

Attorney for: Plaintiff Ava Neal, an individual

| | Ref No. or File No.: |
|---|---|
| | Neal v Gooding |

Insert name of Court, and Judicial District and Branch Court:

United States District Court - Central District of California, Western Division - Edward R. Roybal

Plaintiff: Ava Neal, an individual

Defendant: Chrystelle Gooding, an individual; et al.

| **PROOF OF SERVICE<br>BY MAIL** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>2:25CV09475 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occured.

2. I served copies of the First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Costa Mesa, California, addressed as follows:

    a. Date of Mailing:                   January 7, 2026
    b. Place of Mailing:                 Costa Mesa, CA
    c. Addressed as follows:         Solar Being Jewelry LLC, a California limited liability company
                                   13409 Midland Rd Apt 32
                                   Poway, CA 92064-4773

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.

Fee for Service: $ 75.00

**DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
**Ref: Neal v Gooding**

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **January 7, 2026**.

Signature: _____

**Monica Figueroa**

**PROOF OF SERVICE BY MAIL**

Order#: 740330C2/mailproof

# EXHIBIT 2

# EXHIBIT 2

**A.E.I. LAW**
A PROFESSIONAL LAW CORPORATION

December 10, 2025

**VIA UNITED STATES MAIL**
**RETURN RECEIPT REQUESTED**
**& EMAIL**

Google LLC (YouTube)
Legal Department—Records Preservation/Civil Subpoenas (YouTube)
901 Cherry Avenue
San Bruno, CA 94066
legal-requests@google.com; legal@support.youtube.com

**RE: IMMEDIATE LITIGATION HOLD AND PRESERVATION NOTICE**

**Case Name:** Ava Neal v. Chrystelle Gooding, Solar Being Jewelry LLC, and Shariece Renee Mance
**Case No.:** 2:25-cv-09475 (C.D. Cal.)
**Subject Accounts:** @Sheisasolarbeing, @solarbeingLA, and third-party accounts identified in Exhibits

Dear Legal/Compliance Department:

This letter serves as formal notice that litigation has been filed in the United States District Court for the Central District of California (Case No. 2:25-cv-09475) regarding a campaign of online harassment, true threats, and doxing directed at our client, Plaintiff Ava Neal. The Complaint has been served on the Defendants. The conduct at issue involves content published on your platform, including videos, images, comments, and direct messages, which has resulted in credible threats of physical violence and severe emotional harm to our client.

**I.      Duty to Preserve Evidence**

Your organization has an immediate and ongoing legal duty to preserve all evidence, including Electronically Stored Information (ESI), that is relevant to this matter. This duty is triggered by the filing of the litigation and applies to all data, regardless of whether it is currently active, archived, or subject to routine deletion or destruction policies.[1] This preservation obligation extends to all data created, received, or stored by your platform related to the identified accounts, posts, and date ranges.

**II.     Specific Data to Be Preserved**

We demand the immediate and permanent preservation of all data associated with the following accounts and content for the period beginning **October 1, 2025, through the present**, including but not limited to:

- **Account Data**: All data associated with the accounts identified above, including registration information, subscriber information, account audit logs (e.g., pinning, resharing, promotions, edits), and device/session logs.

- **Content and Metadata (Specific Preservation)**: All native video files, image files, text posts,

7755 Center Avenue, 11th Floor, Suite 1100, Huntington Beach, CA 92647
(888)-4-AEI-LAW    taylor@aeilaw.com
www.aeilaw.com

Page 1 of 2

comments, replies, and attachments (including deleted comments and posts) for the specific post identifiers (Post IDs/URLs) listed in the attached Exhibits (Exhibits A–K).

- **Direct Messages (DMs)**: All direct messages, message metadata, and associated attachments sent to or from the identified accounts concerning Plaintiff Ava Neal.

- **Platform Logs**: All notification/view logs, push/alert receipt logs, deletion logs, moderation logs, and takedown logs related to the identified posts and accounts.

- **Identifying Information**: All Internet Protocol (IP) addresses, media access control (MAC) addresses, and other online identifiers (as defined in Cal. Civ. Code § 1708.89(a)(7)) associated with the creation, posting, viewing, or deletion of the identified content, particularly for commenters who posted explicit threats or pledged to locate Plaintiff.

  o Exhibit K - https://youtu.be/igUR0QD9h_k?si=yWML0UtnXm2DxYsy

## III. Preservation Confirmation and Judicial Order

We request written confirmation within **seven (7) calendar days** of the date of this letter that your organization has implemented a litigation hold and preservation protocol sufficient to meet this demand. Please identify a specific point of contact within your Legal or Compliance Department responsible for ensuring compliance with this preservation notice.

We anticipate serving a narrowly tailored Temporary Restraining Order (TRO) and Rule 45 subpoena, authorized by the Court, to compel the expedited production of this preserved data under a Protective Order. Your immediate confirmation of preservation will be presented to the Court in support of our application for emergency relief.

All the best,

/s/ *William B. Luton, Esq.*
William B. Luton, Esq.
Attorney for Plaintiff AVA NEAL

**Enclosure**: Exhibits

7755 Center Avenue, 11th Floor, Suite 1100, Huntington Beach, CA 92647
(888)-4-AEI-LAW   taylor@aeilaw.com
www.aeilaw.com

Page 2 of 2

December 10, 2025

**VIA UNITED STATES MAIL**
**RETURN RECEIPT REQUESTED**
**& EMAIL**

Meta Platforms, Inc.
Law Enforcement / Records Preservation
1 Meta Way
Menlo Park, CA 94025
subpoena@meta.com

**RE: IMMEDIATE LITIGATION HOLD AND PRESERVATION NOTICE**

**Case Name:** Ava Neal v. Chrystelle Gooding, Solar Being Jewelry LLC, and Shariece Renee Mance
**Case No.:** 2:25-cv-09475 (C.D. Cal.)
**Subject Accounts:** @shesasolarbeing, @solarbeingla, @sheisetheric, and third-party account @zywa_x identified in Exhibit B

Dear Legal/Compliance Department:

This letter serves as formal notice that litigation has been filed in the United States District Court for the Central District of California (Case No. 2:25-cv-09475) regarding a campaign of online harassment, true threats, and doxing directed at our client, Plaintiff Ava Neal. The Complaint has been served on the Defendants. The conduct at issue involves content published on your platform, including videos, images, comments, and direct messages, which has resulted in credible threats of physical violence and severe emotional harm to our client.

**I.      Duty to Preserve Evidence**

Your organization has an immediate and ongoing legal duty to preserve all evidence, including Electronically Stored Information (ESI), that is relevant to this matter. This duty is triggered by the filing of the litigation and applies to all data, regardless of whether it is currently active, archived, or subject to routine deletion or destruction policies. This preservation obligation extends to all data created, received, or stored by your platform related to the identified accounts, posts, and date ranges.

**II.     Specific Data to Be Preserved**

We demand the immediate and permanent preservation of all data associated with the following accounts and content for the period beginning **October 1, 2025, through the present**, including but not limited to:

- **Account Data**: All data associated with the accounts identified above, including registration information, subscriber information, account audit logs (e.g., pinning, resharing, promotions, edits), and device/session logs.

7755 Center Avenue, 11ᵗʰ Floor, Suite 1100, Huntington Beach, CA 92647
(888)-4-AEI-LAW   taylor@aeilaw.com
www.aeilaw.com

Page 1 of 2



- **Content and Metadata (Specific Preservation)**: All native video files, image files, text posts, comments, replies, and attachments (including deleted comments and posts) for the specific post identifiers (Post IDs/URLs) listed in the attached Exhibits (Exhibits A–K).

- **Direct Messages (DMs)**: All direct messages, message metadata, and associated attachments sent to or from the identified accounts concerning Plaintiff Ava Neal, including the hostile message identified in Exhibit B.

- **Platform Logs**: All notification/view logs, push/alert receipt logs, deletion logs, moderation logs, and takedown logs related to the identified posts and accounts.

- **Identifying Information**: All Internet Protocol (IP) addresses, media access control (MAC) addresses, and other online identifiers (as defined in Cal. Civ. Code § 1708.89(a)(7)) associated with the creation, posting, viewing, or deletion of the identified content.

### III. Preservation Confirmation and Judicial Order

We request written confirmation within **seven (7) calendar days** of the date of this letter that your organization has implemented a litigation hold and preservation protocol sufficient to meet this demand. Please identify a specific point of contact within your Legal or Compliance Department responsible for ensuring compliance with this preservation notice.

We anticipate serving, within the week, a narrowly tailored Temporary Restraining Order (TRO) and Rule 45 subpoena, authorized by the Court, to compel the expedited production of this preserved data under a Protective Order. Your immediate confirmation of preservation will be presented to the Court in support of our application for emergency relief.

All the best,

/s/ *William B. Luton, Esq.*
William B. Luton, Esq.
Attorney for Plaintiff AVA NEAL

**Enclosure**: Exhibits A-K

7755 Center Avenue, 11th Floor, Suite 1100, Huntington Beach, CA 92647
(888)-4-AEI-LAW    taylor@aeilaw.com
www.aeilaw.com

Page 2 of 2

**AEI LAW**
A PROFESSIONAL LAW CORPORATION

December 10, 2025

**VIA UNITED STATES MAIL**
**RETURN RECEIPT REQUESTED**
**& EMAIL**

TikTok Inc.
Legal Department—Civil Subpoenas/Records Preservation
5800 Bristol Parkway, STE 100
Culver City, CA 90230
legal@tiktok.com; subpoena@tiktok.com

**RE: IMMEDIATE LITIGATION HOLD AND PRESERVATION NOTICE**

**Case Name:** Ava Neal v. Chrystelle Gooding, Solar Being Jewelry LLC, and Shariece Renee Mance
**Case No.:** 2:25-cv-09475 (C.D. Cal.)
**Subject Accounts:** @shesasolarbeing, @solarbeing_LA, @sheisetheric, and third-party account @iza.official.black, identified in Exhibits C-D.

Dear Legal/Compliance Department:

This letter serves as formal notice that litigation has been filed in the United States District Court for the Central District of California (Case No. 2:25-cv-09475) regarding a campaign of online harassment, true threats, and doxing directed at our client, Plaintiff Ava Neal. The Complaint has been served on the Defendants. The conduct at issue involves content published on your platform, including videos, images, comments, and direct messages, which has resulted in credible threats of physical violence and severe emotional harm to our client.

**I.  Duty to Preserve Evidence**

Your organization has an immediate and ongoing legal duty to preserve all evidence, including Electronically Stored Information (ESI), that is relevant to this matter. This duty is triggered by the filing of the litigation and applies to all data, regardless of whether it is currently active, archived, or subject to routine deletion or destruction policies.[1] This preservation obligation extends to all data created, received, or stored by your platform related to the identified accounts, posts, and date ranges.

**II.  Specific Data to Be Preserved**

We demand the immediate and permanent preservation of all data associated with the following accounts and content for the period beginning **October 1, 2025, through the present**, including but not limited to:

- **Account Data**: All data associated with the accounts identified above, including registration information, subscriber information, account audit logs (e.g., pinning, resharing, promotions, edits), and device/session logs.

7755 Center Avenue, 11th Floor, Suite 1100, Huntington Beach, CA 92647
(888)-4-AEI-LAW   taylor@aeilaw.com
www.aeilaw.com

Page 1 of 2



- **Content and Metadata (Specific Preservation)**: All native video files, image files, text posts, comments, replies, and attachments (including deleted comments and posts) for the specific post identifiers (Post IDs/URLs) listed in the attached Exhibits (Exhibits A–K).

- **Direct Messages (DMs)**: All direct messages, message metadata, and associated attachments sent to or from the identified accounts concerning Plaintiff Ava Neal.

- **Platform Logs**: All notification/view logs, push/alert receipt logs, deletion logs, moderation logs, and takedown logs related to the identified posts and accounts, including the removed incitement video (Exhibit D) and the related Third-Party Clip (Exhibit C).

- **Identifying Information**: All Internet Protocol (IP) addresses, media access control (MAC) addresses, and other online identifiers (as defined in Cal. Civ. Code § 1708.89(a)(7)) associated with the creation, posting, viewing, or deletion of the identified content, particularly for commenters who posted explicit threats or pledged to locate Plaintiff.

## III.    Preservation Confirmation and Judicial Order

We request written confirmation within **seven (7) calendar days** of the date of this letter that your organization has implemented a litigation hold and preservation protocol sufficient to meet this demand. Please identify a specific point of contact within your Legal or Compliance Department responsible for ensuring compliance with this preservation notice.

We anticipate serving a narrowly tailored Temporary Restraining Order (TRO) and Rule 45 subpoena, authorized by the Court, to compel the expedited production of this preserved data under a Protective Order. Your immediate confirmation of preservation will be presented to the Court in support of our application for emergency relief.

All the best,

/s/ *William B. Luton, Esq.*
William B. Luton, Esq.
Attorney for Plaintiff AVA NEAL

**Enclosure**:  Exhibits

7755 Center Avenue, 11th Floor, Suite 1100, Huntington Beach, CA 92647
(888)-4-AEI-LAW    taylor@aeilaw.com
www.aeilaw.com

Page 2 of 2

**A.E.I. LAW**
A PROFESSIONAL LAW CORPORATION

December 10, 2025

**VIA UNITED STATES MAIL**
**RETURN RECEIPT REQUESTED**
**& EMAIL**

X Corp.
Legal Department—Records Preservation/Civil Subpoenas
865 FM 1209
Bastrop, TX 78602
legal.process@x.com

**RE: IMMEDIATE LITIGATION HOLD AND PRESERVATION NOTICE**

**Case Name:** Ava Neal v. Chrystelle Gooding, Solar Being Jewelry LLC, and Shariece Renee Mance
**Case No.:** 2:25-cv-09475 (C.D. Cal.)
**Subject Accounts:** @shesasolarbeing, @solarbeingLA, @sheisetheric, and third-party account @MrXmov, identified in Exhibit H

Dear Legal/Compliance Department:

This letter serves as formal notice that litigation has been filed in the United States District Court for the Central District of California (Case No. 2:25-cv-09475) regarding a campaign of online harassment, true threats, and doxing directed at our client, Plaintiff Ava Neal. The Complaint has been served on the Defendants. The conduct at issue involves content published on your platform, including videos, images, comments, and direct messages, which has resulted in credible threats of physical violence and severe emotional harm to our client.

**I.      Duty to Preserve Evidence**

Your organization has an immediate and ongoing legal duty to preserve all evidence, including Electronically Stored Information (ESI), that is relevant to this matter. This duty is triggered by the filing of the litigation and applies to all data, regardless of whether it is currently active, archived, or subject to routine deletion or destruction policies.[1] This preservation obligation extends to all data created, received, or stored by your platform related to the identified accounts, posts, and date ranges.

**II.      Specific Data to Be Preserved**

We demand the immediate and permanent preservation of all data associated with the following accounts and content for the period beginning **October 1, 2025, through the present**, including but not limited to:

- **Account Data**: All data associated with the accounts identified above, including registration information, subscriber information, account audit logs (e.g., pinning, resharing, promotions, edits), and device/session logs.

7755 Center Avenue, 11th Floor, Suite 1100, Huntington Beach, CA 92647
(888)-4-AEI-LAW    taylor@aeilaw.com
www.aeilaw.com

Page 1 of 2

**A.E.I. LAW**
A PROFESSIONAL LAW CORPORATION

- **Content and Metadata (Specific Preservation)**: All native video files, image files, text posts, comments, replies, and attachments (including deleted comments and posts) for the specific post identifiers (Post IDs/URLs) listed in the attached Exhibits (Exhibits A–K).

- **Direct Messages (DMs)**: All direct messages, message metadata, and associated attachments sent to or from the identified accounts concerning Plaintiff Ava Neal.

- **Platform Logs**: All notification/view logs, push/alert receipt logs, deletion logs, moderation logs, and takedown logs related to the identified posts and accounts, including the removed inciting post (Exhibit F) and the doxing posts (Exhibit G, H, K).

- **Identifying Information**: All Internet Protocol (IP) addresses, media access control (MAC) addresses, and other online identifiers (as defined in Cal. Civ. Code § 1708.89(a)(7)) associated with the creation, posting, viewing, or deletion of the identified content, particularly for commenters who posted explicit threats or pledged to locate Plaintiff.

## III.    Preservation Confirmation and Judicial Order

We request written confirmation within **seven (7) calendar days** of the date of this letter that your organization has implemented a litigation hold and preservation protocol sufficient to meet this demand. Please identify a specific point of contact within your Legal or Compliance Department responsible for ensuring compliance with this preservation notice.

We anticipate serving a narrowly tailored Temporary Restraining Order (TRO) and Rule 45 subpoena, authorized by the Court, to compel the expedited production of this preserved data under a Protective Order. Your immediate confirmation of preservation will be presented to the Court in support of our application for emergency relief.

All the best,

/s/ *William B. Luton, Esq.*
William B. Luton, Esq.
Attorney for Plaintiff AVA NEAL

**Enclosure**:  Exhibits

7755 Center Avenue, 11th Floor, Suite 1100, Huntington Beach, CA 92647
(888)-4-AEI-LAW    taylor@aeilaw.com
www.aeilaw.com

Page 2 of 2

# EXHIBIT 3

# EXHIBIT 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

| | |
|---|---|
| Ava Neal | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-cv-09475 |
| Chrystelle Gooding; Solar Being Jewelry LLC; and Shariece Renee Mance | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: CSC - LAWYERS INCORPORATING SERVICE

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Production shall be made electronically via secure file transfer protocol (SFTP) or other secure method mutually agreed upon by counsel, as detailed in Schedule A. | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ava Neal
_____ , who issues or requests this subpoena, are:
William B. Luton, Esq., 7755 Center Ave, STE 1100, Huntington Beach, CA 92647, (888) 423-4529; bill@aeilaw.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-09475

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A: DOCUMENTS AND ESI TO BE PRODUCED

**Production is limited to the Post IDs, URLs, and Account Handles identified in Exhibits A–K of the TRO Application and is subject to the Protective Order entered in Case No.: 2:25-cv-09475.**

### I.    GENERAL COMMAND (APPLICABLE TO ALL PLATFORMS)

Pursuant to the Court's Temporary Restraining Order (TRO) entered in Case No. 2:25-cv-09475, YOU ARE COMMANDED to produce the following documents and Electronically Stored Information (ESI) within 48/72 hours of service of this Subpoena and the TRO. Production is strictly limited to the date range of October 1, 2025, through the present, and is confined to the specific Post IDs, URLs, and Account Handles identified in Exhibits A–K of the TRO Application. All production is subject to the Protective Order entered in this matter.

**A.    Content and Metadata**

1.    All native video and image files associated with the specified Post IDs/URLs.

2.    All comments, replies, and attachments (including deleted comments) for the specified Post IDs/URLs.

3.    All direct messages (DMs) and message metadata sent to or from the identified accounts concerning Plaintiff Ava Neal.

**B.    Platform Logs and Audit Data**

4.    Notification/view logs and push/alert receipt logs for the specified Post IDs/URLs.

5.    Deletion, moderation, and takedown logs, and account-audit logs (pinning, resharing, promotions, edits) for the specified Post IDs/URLs and accounts.

**C.    Identifying Information**

6.    Device/session/IP/subscriber records for the identified accounts and for any commenter who posted explicit threats or pledged to locate Plaintiff (Exhibit K).

### II.    PLATFORM-SPECIFIC IDENTIFIERS

**D. Instagram (Meta Platforms, Inc.)**

- **Account Handles:** @shesasolarbeing, @solarbeing_LA, @sheisetheric
- **Post IDs/URLs for Content Preservation/Production:**
  - Exhibit B (Hostile DM): "KYS" (kill yourself) DM sent by @zywa_x

**E. TikTok (ByteDance, Ltd.)**

- **Account Handles:** @shesasolarbeing, @solarbeing_LA, @sheisetheric, @iza.official.back
- **Post IDs/URLs for Content Preservation/Production:**
  - Exhibit C (Third-Party Clip)

- https://www.tiktok.com/@iza.official.back/video/7573733813252132109?_r=1&_t=ZP-91Uw5ySPg35

- o Exhibit D (Incitement Video):
  - @iza.official.back - Post ID/URL unknown (post was taken down after screen recording); post made on or about November 17, 2025

**F.  X (fka Twitter)**

- **Account Handles:** @shesasolarbeing, @solarbeingLA, @sheisetheric, @MrXmov
- **Post IDs/URLs for Content Preservation/Production:**
  - o Exhibit F (Cat/Gun Image): Posted by @shesasolarbeing on November 17, 2025
  - o Exhibit G (USPTO Post): Posted by @shesasolarbeing on November 20, 2025
  - o Exhibit H (Doxing Reply): Posted by @MrXmov on November 20, 2025 (removed by platform)
  - o Exhibit K (Threatening/Doxing Comments): Posted by @temp1491 on December 9, 2025

**G.  YouTube (Google LLC)**

- **Account Handles:** @Sheisasolarbeing, @solarbeingLA
- **Post IDs/URLs for Content Preservation/Production:**
  - o Exhibit K (Doxing Video): https://youtu.be/igUR0QD9h_k?si=yWML0UtnXm2DxYsy

## III.    FORM OF PRODUCTION

1.    **Deadline**: Production of all ESI commanded herein shall occur within 48/72 hours of service of this Subpoena and the Court's Temporary Restraining Order.

2.    **Format**: All ESI shall be produced in its original native file format, preserving all associated metadata (including creation date, modification date, unique post identifiers, and timestamps in Coordinated Universal Time (UTC)).

3.    **Authentication and Verification**: Each native file export and archive must be accompanied by a contemporaneous custodial declaration from a platform representative certifying the collection method, chain of custody, and the **SHA-256 hash value** computed over the native export at the time of collection.

4.    **Delivery**: Production shall be delivered electronically via secure file transfer protocol (SFTP) or other secure method mutually agreed upon by counsel, subject to the Protective Order entered in Case No. 2:25-cv-09475.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

| | |
|---|---|
| Ava Neal | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-cv-09475 |
| Chrystelle Gooding; Solar Being Jewelry LLC; and Shariece Renee Mance | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

CSC - LAWYERS INCORPORATING SERVICE

To: _____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Production shall be made electronically via secure file transfer protocol (SFTP) or other secure method mutually agreed upon by counsel, as detailed in Schedule A. | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ava Neal
_____ , who issues or requests this subpoena, are:
William B. Luton, Esq., 7755 Center Ave, STE 1100, Huntington Beach, CA 92647, (888) 423-4529; bill@aeilaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-09475

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A: DOCUMENTS AND ESI TO BE PRODUCED

**Production is limited to the Post IDs, URLs, and Account Handles identified in Exhibits A-K of the TRO Application and is subject to the Protective Order entered in Case No.: 2:25-cv-09475.**

## I.  GENERAL COMMAND (APPLICABLE TO ALL PLATFORMS)

Pursuant to the Court's Temporary Restraining Order (TRO) entered in Case No. 2:25-cv-09475, YOU ARE COMMANDED to produce the following documents and Electronically Stored Information (ESI) within 48/72 hours of service of this Subpoena and the TRO. Production is strictly limited to the date range of October 1, 2025, through the present, and is confined to the specific Post IDs, URLs, and Account Handles identified in Exhibits A–K of the TRO Application. All production is subject to the Protective Order entered in this matter.

**A.  Content and Metadata**

1.  All native video and image files associated with the specified Post IDs/URLs.

2.  All comments, replies, and attachments (including deleted comments) for the specified Post IDs/URLs.

3.  All direct messages (DMs) and message metadata sent to or from the identified accounts concerning Plaintiff Ava Neal.

**B.  Platform Logs and Audit Data**

4.  Notification/view logs and push/alert receipt logs for the specified Post IDs/URLs.

5.  Deletion, moderation, and takedown logs, and account-audit logs (pinning, resharing, promotions, edits) for the specified Post IDs/URLs and accounts.

**C.  Identifying Information**

6.  Device/session/IP/subscriber records for the identified accounts and for any commenter who posted explicit threats or pledged to locate Plaintiff (Exhibit K).

## II.  PLATFORM-SPECIFIC IDENTIFIERS

**D. Instagram (Meta Platforms, Inc.)**

- **Account Handles:** @shesasolarbeing, @solarbeing_LA, @sheisetheric
- **Post IDs/URLs for Content Preservation/Production:**
  - Exhibit B (Hostile DM): "KYS" (kill yourself) DM sent by @zywa_x

**E. TikTok (ByteDance, Ltd.)**

- **Account Handles:** @shesasolarbeing, @solarbeing_LA, @sheisetheric, @iza.official.back
- **Post IDs/URLs for Content Preservation/Production:**
  - Exhibit C (Third-Party Clip)

- https://www.tiktok.com/@iza.official.back/video/7573733813252132109?_r=1&_t=Z P-91Uw5ySPg35

- o Exhibit D (Incitement Video):
  - @iza.official.back - Post ID/URL unknown (post was taken down after screen recording); post made on or about November 17, 2025

## F. X (fka Twitter)

- **Account Handles:** @shesasolarbeing, @solarbeingLA, @sheisetheric, @MrXmov
- **Post IDs/URLs for Content Preservation/Production:**
  - o Exhibit F (Cat/Gun Image): Posted by @shesasolarbeing on November 17, 2025
  - o Exhibit G (USPTO Post): Posted by @shesasolarbeing on November 20, 2025
  - o Exhibit H (Doxing Reply): Posted by @MrXmov on November 20, 2025 (removed by platform)
  - o Exhibit K (Threatening/Doxing Comments): Posted by @temp1491 on December 9, 2025

## G. YouTube (Google LLC)

- **Account Handles:** @Sheisasolarbeing, @solarbeingLA
- **Post IDs/URLs for Content Preservation/Production:**
  - o Exhibit K (Doxing Video): https://youtu.be/igUR0QD9h_k?si=yWML0UtnXm2DxYsy

## III.  FORM OF PRODUCTION

1. **Deadline**: Production of all ESI commanded herein shall occur within 48/72 hours of service of this Subpoena and the Court's Temporary Restraining Order.

2. **Format**: All ESI shall be produced in its original native file format, preserving all associated metadata (including creation date, modification date, unique post identifiers, and timestamps in Coordinated Universal Time (UTC)).

3. **Authentication and Verification**: Each native file export and archive must be accompanied by a contemporaneous custodial declaration from a platform representative certifying the collection method, chain of custody, and the **SHA-256 hash value** computed over the native export at the time of collection.

4. **Delivery**: Production shall be delivered electronically via secure file transfer protocol (SFTP) or other secure method mutually agreed upon by counsel, subject to the Protective Order entered in Case No. 2:25-cv-09475.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

|  |  |  |
|---|---|---|
| Ava Neal | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:25-cv-09475 |
| Chrystelle Gooding; Solar Being Jewelry LLC; and Shariece Renee Mance | ) ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

CSC - LAWYERS INCORPORATING SERVICE

To: _____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Production shall be made electronically via secure file transfer protocol (SFTP) or other secure method mutually agreed upon by counsel, as detailed in Schedule A. | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ava Neal
_____, who issues or requests this subpoena, are:
William B. Luton, Esq., 7755 Center Ave, STE 1100, Huntington Beach, CA 92647, (888) 423-4529; bill@aeilaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-09475

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A: DOCUMENTS AND ESI TO BE PRODUCED

**Production is limited to the Post IDs, URLs, and Account Handles identified in Exhibits A-K of the TRO Application and is subject to the Protective Order entered in Case No.: 2:25-cv-09475.**

## I.    GENERAL COMMAND (APPLICABLE TO ALL PLATFORMS)

Pursuant to the Court's Temporary Restraining Order (TRO) entered in Case No. 2:25-cv-09475, YOU ARE COMMANDED to produce the following documents and Electronically Stored Information (ESI) within 48/72 hours of service of this Subpoena and the TRO. Production is strictly limited to the date range of October 1, 2025, through the present, and is confined to the specific Post IDs, URLs, and Account Handles identified in Exhibits A–K of the TRO Application. All production is subject to the Protective Order entered in this matter.

**A.    Content and Metadata**

1.    All native video and image files associated with the specified Post IDs/URLs.

2.    All comments, replies, and attachments (including deleted comments) for the specified Post IDs/URLs.

3.    All direct messages (DMs) and message metadata sent to or from the identified accounts concerning Plaintiff Ava Neal.

**B.    Platform Logs and Audit Data**

4.    Notification/view logs and push/alert receipt logs for the specified Post IDs/URLs.

5.    Deletion, moderation, and takedown logs, and account-audit logs (pinning, resharing, promotions, edits) for the specified Post IDs/URLs and accounts.

**C.    Identifying Information**

6.    Device/session/IP/subscriber records for the identified accounts and for any commenter who posted explicit threats or pledged to locate Plaintiff (Exhibit K).

## II.    PLATFORM-SPECIFIC IDENTIFIERS

**D. Instagram (Meta Platforms, Inc.)**

- **Account Handles:** @shesasolarbeing, @solarbeing_LA, @sheisetheric
- **Post IDs/URLs for Content Preservation/Production:**
  - Exhibit B (Hostile DM): "KYS" (kill yourself) DM sent by @zywa_x

**E. TikTok (ByteDance, Ltd.)**

- **Account Handles:** @shesasolarbeing, @solarbeing_LA, @sheisetheric, @iza.official.back
- **Post IDs/URLs for Content Preservation/Production:**
  - Exhibit C (Third-Party Clip)

- https://www.tiktok.com/@iza.official.back/video/7573733813252132109?_r=1&_t=Z P-91Uw5ySPg35

    o Exhibit D (Incitement Video):
- @iza.official.back - Post ID/URL unknown (post was taken down after screen recording); post made on or about November 17, 2025

## F. X (fka Twitter)

- **Account Handles:** @shesasolarbeing, @solarbeingLA, @sheisetheric, @MrXmov
- **Post IDs/URLs for Content Preservation/Production:**
  - Exhibit F (Cat/Gun Image): Posted by @shesasolarbeing on November 17, 2025
  - Exhibit G (USPTO Post): Posted by @shesasolarbeing on November 20, 2025
  - Exhibit H (Doxing Reply): Posted by @MrXmov on November 20, 2025 (removed by platform)
  - Exhibit K (Threatening/Doxing Comments): Posted by @temp1491 on December 9, 2025

## G. YouTube (Google LLC)

- **Account Handles:** @Sheisasolarbeing, @solarbeingLA
- **Post IDs/URLs for Content Preservation/Production:**
  - Exhibit K (Doxing Video): https://youtu.be/igUR0QD9h_k?si=yWML0UtnXm2DxYsy

## III.    FORM OF PRODUCTION

1.     **Deadline**: Production of all ESI commanded herein shall occur within 48/72 hours of service of this Subpoena and the Court's Temporary Restraining Order.

2.     **Format**: All ESI shall be produced in its original native file format, preserving all associated metadata (including creation date, modification date, unique post identifiers, and timestamps in Coordinated Universal Time (UTC)).

3.     **Authentication and Verification**: Each native file export and archive must be accompanied by a contemporaneous custodial declaration from a platform representative certifying the collection method, chain of custody, and the **SHA-256 hash value** computed over the native export at the time of collection.

4.     **Delivery**: Production shall be delivered electronically via secure file transfer protocol (SFTP) or other secure method mutually agreed upon by counsel, subject to the Protective Order entered in Case No. 2:25-cv-09475.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

| | | |
|---|---|---|
| Ava Neal | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:25-cv-09475 |
| Chrystelle Gooding; Solar Being Jewelry LLC; and Shariece Renee Mance | ) ) ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: CT Corporation System

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Production shall be made electronically via secure file transfer protocol (SFTP) or other secure method mutually agreed upon by counsel, as detailed in Schedule A. | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

 The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ava Neal
_____, who issues or requests this subpoena, are:
William B. Luton, Esq., 7755 Center Ave, STE 1100, Huntington Beach, CA 92647, (888) 423-4529; bill@aeilaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-09475

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A: DOCUMENTS AND ESI TO BE PRODUCED

**Production is limited to the Post IDs, URLs, and Account Handles identified in Exhibits A-K of the TRO Application and is subject to the Protective Order entered in Case No.: 2:25-cv-09475.**

### I.     GENERAL COMMAND (APPLICABLE TO ALL PLATFORMS)

Pursuant to the Court's Temporary Restraining Order (TRO) entered in Case No. 2:25-cv-09475, YOU ARE COMMANDED to produce the following documents and Electronically Stored Information (ESI) within 48/72 hours of service of this Subpoena and the TRO. Production is strictly limited to the date range of October 1, 2025, through the present, and is confined to the specific Post IDs, URLs, and Account Handles identified in Exhibits A–K of the TRO Application. All production is subject to the Protective Order entered in this matter.

**A.     Content and Metadata**

    1.     All native video and image files associated with the specified Post IDs/URLs.

    2.     All comments, replies, and attachments (including deleted comments) for the specified Post IDs/URLs.

    3.     All direct messages (DMs) and message metadata sent to or from the identified accounts concerning Plaintiff Ava Neal.

**B.     Platform Logs and Audit Data**

    4.     Notification/view logs and push/alert receipt logs for the specified Post IDs/URLs.

    5.     Deletion, moderation, and takedown logs, and account-audit logs (pinning, resharing, promotions, edits) for the specified Post IDs/URLs and accounts.

**C.     Identifying Information**

    6.     Device/session/IP/subscriber records for the identified accounts and for any commenter who posted explicit threats or pledged to locate Plaintiff (Exhibit K).

### II.     PLATFORM-SPECIFIC IDENTIFIERS

**D. Instagram (Meta Platforms, Inc.)**

- **Account Handles:** @shesasolarbeing, @solarbeing_LA, @sheisetheric
- **Post IDs/URLs for Content Preservation/Production:**
    - Exhibit B (Hostile DM): "KYS" (kill yourself) DM sent by @zywa_x

**E. TikTok (ByteDance, Ltd.)**

- **Account Handles:** @shesasolarbeing, @solarbeing_LA, @sheisetheric, @iza.official.back
- **Post IDs/URLs for Content Preservation/Production:**
    - Exhibit C (Third-Party Clip)

- https://www.tiktok.com/@iza.official.back/video/7573733813252132109?_r=1&_t=Z P-91Uw5ySPg35

  - o Exhibit D (Incitement Video):
    - @iza.official.back - Post ID/URL unknown (post was taken down after screen recording); post made on or about November 17, 2025

**F.  X (fka Twitter)**

- **Account Handles:** @shesasolarbeing, @solarbeingLA, @sheisetheric, @MrXmov
- **Post IDs/URLs for Content Preservation/Production:**
  - o Exhibit F (Cat/Gun Image): Posted by @shesasolarbeing on November 17, 2025
  - o Exhibit G (USPTO Post): Posted by @shesasolarbeing on November 20, 2025
  - o Exhibit H (Doxing Reply): Posted by @MrXmov on November 20, 2025 (removed by platform)
  - o Exhibit K (Threatening/Doxing Comments): Posted by @temp1491 on December 9, 2025

**G.  YouTube (Google LLC)**

- **Account Handles:** @Sheisasolarbeing, @solarbeingLA
- **Post IDs/URLs for Content Preservation/Production:**
  - o Exhibit K (Doxing Video): https://youtu.be/igUR0QD9h_k?si=yWML0UtnXm2DxYsy

### III.  FORM OF PRODUCTION

1.    **Deadline**: Production of all ESI commanded herein shall occur within 48/72 hours of service of this Subpoena and the Court's Temporary Restraining Order.

2.    **Format**: All ESI shall be produced in its original native file format, preserving all associated metadata (including creation date, modification date, unique post identifiers, and timestamps in Coordinated Universal Time (UTC)).

3.    **Authentication and Verification**: Each native file export and archive must be accompanied by a contemporaneous custodial declaration from a platform representative certifying the collection method, chain of custody, and the **SHA-256 hash value** computed over the native export at the time of collection.

4.    **Delivery**: Production shall be delivered electronically via secure file transfer protocol (SFTP) or other secure method mutually agreed upon by counsel, subject to the Protective Order entered in Case No. 2:25-cv-09475.

TAYLOR J. HOWARD, ESQ. (SBN 311275)
WILLIAM B. LUTON, ESQ. (SBN 363678)
**A.E.I. LAW, P.C.**
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
Telephone: (888) 423-4529
Email:     taylor@aeilaw.com
           bill@aeilaw.com

Attorney for Plaintiff
AVA NEAL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AVA NEAL, an individual, | **Case No.**: 2:25-cv-09475 |
| Plaintiff, | |
| vs. | **[PROPOSED] TEMPORARY RESTRAINING ORDER** |
| CHRYSTELLE GOODING, an individual; and SOLAR BEING JEWELRY LLC, a California limited liability company; and SHARIECE RENEE MANCE, an individual | |
| Defendants. | |

Upon consideration of Plaintiff AVA NEAL's p/k/a "Kwiin Ava" (the "Plaintiff") Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction, the verified declarations and exhibits submitted therewith (Exhibits A-O), and for good cause shown, IT IS HEREBY ORDERED as follows:

**FINDINGS**

1.     The Court finds that Plaintiff has demonstrated specific facts showing a likelihood of immediate and irreparable injury in the absence of emergency relief, based on the verified exhibits including: native preserved third-party recordings urging violence (Exhibits C–D), Plaintiff's contemporaneous safety notice (Exhibit E), Defendant Gooding's near-contemporaneous republication of provocative imagery (Exhibit F), Defendant Gooding's republication of an identifiable USPTO record followed by a race-directing reply that funneled follower searches and exposed Plaintiff to doxing (Exhibits G–H), further inciting posts drawing replies/reposts from a previous violent poster (Exhibits L-N), and an additional post drawing threatening comments (Exhibit O). The Court finds these facts support narrow preservation and injunctive relief as described below. See Fed. R. Civ. P. 65.

2.     The Court further finds that the narrow prohibitions ordered below are tailored to prevent imminent physical harm and preserve evidence for the forthcoming OSC/PI hearing and are not an improper prior restraint of protected expression.

**ORDER**

**A.     PRESERVATION (IMMEDIATE; ALL PLATFORMS)**

3.     Within 24 hours of service of this Order, TikTok, Instagram, YouTube, X (and any successor platforms identified in Plaintiff's preservation letters) shall preserve in native form and produce a written preservation confirmation for the following items identified in Exhibits A–O: (a) native video and image files; (b) all comments, replies, and attachments (including deleted comments); (c) all direct

messages and message metadata to/from the identified accounts during the date ranges specified; (d) notification/view logs and push/alert receipt logs for the identified post-IDs/URLs; (e) deletion, moderation, and takedown logs and any pre-deletion copies or backups; (f) account-audit logs (pinning, resharing, promotion, edits); and (g) device/session/IP/subscriber logs tied to the specified post-IDs and to commenters identified by Plaintiff as having posted explicit threats or pledging to locate Plaintiff. Each platform shall retain backups/archives and shall preserve copies notwithstanding any internal deletion policies.

4. Each platform shall, within 72 hours of service of this Order, provide to Plaintiff (under the proposed protective order) a custodial declaration describing the collection method and chain of custody and a hash-verified native export of the preserved items listed above (or, if immediate native export is not practicable, a confirmation of preservation and a timeline for production consistent with the subpoena schedule below).

## B. DEFENDANT REMOVAL/PROHIBITION

### (Defendant Gooding and Persons in Active Concert)

5. Defendant Chrystelle Gooding, Defendant Solar Being Jewelry LLC, Defendant Shariece Renee Mance, and any persons acting in active concert or participation with them are temporarily enjoined, pending the OSC/PI hearing, from posting, republishing, linking to, or otherwise making publicly available the defendant-originated posts identified in Exhibits F, G, K, L, M, N, and O, and from posting or republishing Plaintiff's precise residential or mailing address, GPS coordinates, or any link or record that resolves directly to such address information (including the USPTO trade-dress record listed in Exhibit G).

6. Defendants and any person acting in active concert with them are further enjoined from directing, encouraging, soliciting, facilitating, or otherwise aiding others to threaten, harass, locate, or physically assault Plaintiff, and from reposting or amplifying third-party content that names Plaintiff and solicits

immediate violent action; this paragraph is limited to the post-IDs, handles, and URLs identified in Exhibits A–O.

## C. <u>PLATFORM DISABLEMENT</u>
### (Alternative/Additional Relief)

7.     If any discrete third-party post-IDs/URLs identified in Exhibits C–D remain publicly accessible on the platforms, the platforms are ordered, within 24 hours of service of this Order, to disable public access to those discrete post-IDs/URLs and any exact duplicates or substantially identical reuploads, while preserving native copies and producing the records identified in Paragraphs 3–4 under protective order. This paragraph orders only the discrete URLs/post-IDs listed in Exhibits C–D and does not authorize broad content removal beyond the identified items.

8.     If any discrete post-IDs/URLs identified in Exhibits F, G, K, L, M, N, and/or O remain publicly accessible on the platforms, the platforms are ordered, within 24 hours of service of this Order, to disable public access to those discrete post-IDs/URLs and any exact duplicates or substantially identical reuploads, while preserving native copies and producing the records identified in Paragraphs 3–4 under protective order.

## D.     <u>CROWDFUNDING/ANTI-SOLICITATION RELIEF</u>
### (Narrowly Tailored)

9.     Defendants and any persons acting in active concert with them are enjoined from soliciting, accepting, or receiving funds or any other thing of value in a manner that is intended to facilitate, assist, fund, or reward: (a) threats, harassment, doxing, stalking, locating, or the physical assault of Plaintiff; or (b) the engagement, hiring, payment, or procurement of third parties to commit, plan, facilitate, or reward any such unlawful acts. This paragraph does not prohibit fundraising for ordinary legal fees where the solicitations and funds are not directed to or used for unlawful activity as described above.

3

## E. <u>ANTI-SPOLIATION AND ACCOUNT IDENTIFICATION</u>

10.     Defendants and all persons in active concert with them shall not delete, alter, conceal, or destroy any content, messages, logs, or records preserved under this Order, and shall take all reasonable steps to maintain account access credentials and not to remove preservation flags for the accounts identified in Exhibits A–O.

11.     Within 48 hours of service of this Order, Defendant Gooding shall submit a sworn certification identifying all accounts, aliases, community pages, or third-party accounts she controls or has used to post or republish the materials in Exhibits A–O and identifying any crowdfunding/fundraising pages and payment processor accounts used to receive donations related to the dispute; the certification shall be filed under seal and produced pursuant to the protective order.

## F.     <u>EXPEDITED, NARROW SUBPOENAS TO PLATFORMS</u>

12.     Plaintiff is authorized to serve narrowly tailored Rule 45 subpoenas on TikTok, Instagram, YouTube, and X limited to the post-IDs, account handles, and date ranges identified in Exhibits A–O requesting the following categories of records: (a) notification/view logs and push/alert receipt logs; (b) native direct-message exports and message metadata to/from the identified accounts; (c) deletion/moderation logs and any pre-deletion copies; (d) account-audit logs showing pinning/resharing/promotion activity; (e) crowdfunding/campaign pages, campaign descriptions, comment threads on campaign pages, reward tiers, and associated metadata; and (f) IP/subscriber/device/session records for identified commenters who posted explicit threats or pledged to locate Plaintiff; the subpoenas shall require custodial declarations and hash-verified native exports and shall be produced within the expedited timeframes set in the proposed subpoena schedule.

13.     All platform productions and any financial processor productions shall be governed by the Court's protective order (filed concurrently) and shall be produced in native format with hash verification and with a custodial declaration describing collection and chain of custody.

## G.     SERVICE, DURATION, BOND, AND COMPLIANCE

14.     This TRO shall be effective immediately upon personal service or electronic service in accordance with the Court's emergency procedures on Defendants and on the platforms required to preserve or produce records. Plaintiff shall effect service of this Order in accordance with applicable rules without delay.

15.     This TRO shall expire fourteen (14) days from the date of entry, unless extended by the Court for good cause shown or by written stipulation of the parties; the OSC/PI hearing shall be set at the earliest practicable date within the Rule 65 timetable.

16.     The Court will consider a modest security undertaking pursuant to Fed. R. Civ. P. 65(c); Plaintiff shall propose a bond amount in the L.R. 7-19.1 certification when filing the TRO package, and the Court will determine whether to require a bond or to waive it consistent with Cal. Civ. Code § 1708.89.

17.     Plaintiff's request for reasonable attorney's fees and costs under Cal. Civ. Code § 1708.89(c)(4) is preserved; such fees and costs may be awarded to a prevailing Plaintiff upon the Court holding a properly noticed hearing.

18.     The Court retains jurisdiction to modify this Order upon motion and for good cause.

IT IS SO ORDERED.


Dated:                        By: _____

                                   United States District Judge

TAYLOR J. HOWARD, ESQ. (SBN 311275)
WILLIAM B. LUTON, ESQ. (SBN 363678)
**A.E.I. LAW, P.C.**
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
Telephone: (888) 423-4529
Email:     taylor@aeilaw.com
            bill@aeilaw.com

Attorney for Plaintiff
AVA NEAL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AVA NEAL, an individual,<br><br>               Plaintiff,<br><br>   vs.<br><br>CHRYSTELLE GOODING, an individual; and SOLAR BEING JEWELRY LLC, a California limited liability company; and SHARIECE RENEE MANCE, an individual<br><br>               Defendants. | **Case No.**: 2:25-cv-09475<br><br><br>**[PROPOSED] ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

Upon consideration of Plaintiff AVA NEAL's p/k/a "Kwiin Ava" (the "Plaintiff") Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction, the Temporary Restraining Order entered by this Court on _____, the verified declarations and exhibits submitted therewith (Exhibits A-O), and for good cause shown, IT IS HEREBY ORDERED as follows:

1. **OSC/PI Hearing Date and Time**. The Court will hold a hearing on Plaintiff's application for a preliminary injunction and on this Order to Show Cause on [_____] at [_____], in Courtroom [__], United States District Court for the Central District of California.

2. **Proof of Service of TRO and Supporting Papers**. Plaintiff shall file proof of service of the Temporary Restraining Order and all supporting papers (the Ex Parte Application, Memorandum, declarations, and Exhibits A–O) on each Defendant and on the platforms required to preserve records no later than 24 hours after service is completed; proof of service shall be filed on CM/ECF.

3. **Briefing Schedule**.

a. Plaintiff's preliminary-injunction memorandum, concise statement of facts, witness declarations, and exhibits (including Exhibits A–O and any native-format index) shall be filed and served no later than five (5) court days before the OSC/PI hearing.

b. Defendants' opposition papers (memoranda, declarations, and exhibits) shall be filed and served no later than forty-eight (48) hours before the OSC/PI hearing.

c. Plaintiff's reply shall be filed and served no later than twenty-four (24) hours before the OSC/PI hearing. All filings shall be in PDF searchable format on CM/ECF; native exhibit files (video/image) shall be provided to chambers and opposing counsel via secure link or USB at the time of filing.

4. **Platform Preservation and Contact**. Pursuant to the TRO, each platform served with the TRO or this Order (TikTok, Instagram, YouTube, X) shall, within 24 hours of service, provide to Plaintiff and the Court a written preservation confirmation that it has preserved in native form the items identified in Exhibits A–O (native video/image files; comments; direct messages; notification/view logs; deletion/moderation logs; account-audit logs; device/session/IP/subscriber logs) and shall identify by name and email a platform custodian or compliance contact for expedited production.

5. **Expedited Platform Production Schedule**. For the limited categories authorized by the TRO and this Order, production shall occur on the following expedited schedule after service of a valid subpoena:

a. Within 48 hours: written preservation confirmation and custodial declaration; production of campaign page native export(s) and notification/view logs (CSV or equivalent); and production of any preserved native video/image files that are subject to immediate safety concern (hash-verified) to Plaintiff's counsel under the Protective Order.

b. Within five (5) calendar days: native direct-message exports, deletion/moderation logs, account-audit logs, and IP/subscriber/device/session records for specified commenters identified in Exhibits A–O (produced under the Protective Order). Platforms shall prioritize safety-critical items and provide rolling productions consistent with these deadlines; any technical limitations must be communicated to chambers immediately.

6. **Protective Order**. All platform and payment-processor productions shall be governed by the Protective Order filed concurrently; produced materials shall be designated Confidential or Attorneys' Eyes Only as appropriate and subject to the Protective Order's limitations.

7. **Certified Account Identification**. Within forty-eight (48) hours of service of this Order, Defendant Chrystelle Gooding shall file a sworn certification

identifying all accounts, aliases, community pages, or third-party accounts she controls or has used to post or republish the materials in Exhibits A–O and identifying any crowdfunding/fundraising pages and payment processor accounts used to receive donations specifically related to the posts at issue. The certification shall be filed on CM/ECF and provided to Plaintiff's counsel under the Protective Order. Failure to comply may result in sanctions, including contempt.

8.     **Bond**. The Court will consider a modest security undertaking under Fed. R. Civ. P. 65(c). Plaintiff shall state in the L.R. 7-19.1 certification the proposed security amount and justification; the Court will rule at or before the OSC/PI hearing.

9.     **Persons Bound; Enforcement**. This Order binds the parties and any persons acting in active concert or participation with them who receive actual notice of this Order. Violations of this Order may subject the violator to sanctions, including contempt.

10.    **Modifications**. The Court may modify any deadlines or requirements set forth in this Order for good cause shown.

IT IS SO ORDERED.


Dated:                                          By: _____
                                                    United States District Judge

TAYLOR J. HOWARD, ESQ. (SBN 311275)
WILLIAM B. LUTON, ESQ. (SBN 363678)
**A.E.I. LAW, P.C.**
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
Telephone: (888) 423-4529
Email:     taylor@aeilaw.com
           bill@aeilaw.com

Attorney for Plaintiff
AVA NEAL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AVA NEAL, an individual, | **Case No.**: 2:25-cv-09475 |
| Plaintiff, | |
| vs. | **[PROPOSED] PROTECTIVE ORDER** |
| CHRYSTELLE GOODING, an individual; and SOLAR BEING JEWELRY LLC, a California limited liability company; and SHARIECE RENEE MANCE, an individual | |
| Defendants. | |

1.  **GENERAL**

    1.1.   <u>Purposes and Limitations</u>. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2.   <u>Good Cause Statement</u>. This action is likely to involve the production of highly sensitive personal identifying information (PII) and platform metadata, including IP addresses, direct messages, and subscriber records, the disclosure of which would implicate the privacy rights of third parties and pose a significant risk to the physical safety of the Plaintiff. Such information is sought to prove the elements of true threats (*Counterman v. Colorado*), incitement (*Brandenburg v. Ohio*), and doxing (Cal. Civ. Code § 1708.89). The release of this data, particularly the IP addresses and subscriber information of threatening commenters, would exacerbate the risk of physical harm to Plaintiff and violate the privacy rights of third parties. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, and to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be

designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.  DEFINITIONS

2.1.  Action: this pending federal lawsuit.

2.2.  "ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and that the Designating Party reasonably believes contains highly sensitive personal identifying information (PII), platform subscriber data, IP addresses, or financial metadata, the disclosure of which to the Receiving Party would create a substantial risk of serious harm.

2.3.  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.4.  "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.5.  Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6.  Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.7.  Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8.   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9.   <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10.  <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11.  <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.12.  <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13.  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14.  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15.  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.16.  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   <u>SCOPE</u>**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected

3

Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See *Kamakana v. City and Cty. of Honolulu*, 447 F. 3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

## 5. DESIGNATING PROTECTED MATERIAL

5.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose

unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend" or "AEO legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material. If only a portion

or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2. Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, et seq. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

6.3. Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3.    Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to the persons listed in Section 7.2(a), (c), (d), (e), (f), and (i), but specifically excluding the Receiving Party's officers, directors, and employees (including House Counsel) listed in Section 7.2(b).

## 8.    PROTECTED MATERIAL SUBPOENAD OR ORDRED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation

that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party.

## 9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to all Protected Material produced by any Non-Party in this Action, including the platforms (TikTok, Instagram, YouTube, X) and any payment processors. The provisions of this Protective Order shall be binding upon any Non-Party who produces Protected Material in this Action, and such Non-Party shall have the right to designate its documents and information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the terms of this Protective Order.

(b)     If a Non-Party produces documents or testimony in this Action and designates such material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Non-Party must:

(1)     affix the appropriate legend to each page that contains protected material;

(2)     identify the Disclosure or Discovery Material on the record, before the close of the deposition; and

(3)     affix the appropriate legend in a prominent place on the exterior of the container or containers in which the information is stored.

9

(c)     If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted

to the Court.

**12.  MISCELLANEOUS**

12.1.  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.  <u>Right to Assert Other Objections</u>. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**13.  FINAL DISPOSITION**

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

11

Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**14.** <u>**VIOLATION OF ORDER**</u>

Any violation of this Order may be punished by and any all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


Dated:

By: _____

Hon. A. Joel Richlin
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

      I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of _____ [insert case name and number]. I agree to comply with and be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

      I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after the termination of this action. I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where signed: _____

Printed Name: _____

Signature: _____