**CHRYSTELLE GOODING**
**SHARIECE RENEE MANCE**
**SOLAR BEING JEWELRY, LLC**
**8880 RIO SAN DIEGO DRIVE, #2023, 8ᵀᴴ FLOOR**
**SAN DIEGO, CA 92108**



FILED
CLERK, U.S. DISTRICT COURT
2/24/2026
CENTRAL DISTRICT OF CALIFORNIA
BY _____GSA_____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **AVA NEAL**, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>**CHRYSTELLE GOODING**, an individual, **SOLAR BEING JEWELRY LLC**, a California limited liability company, and **SHARIECE RENEE MANCE**, an individual,<br><br>    Defendants. | Case No.: 2:25-cv-09475<br><br>**DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST DEFENDANT'S CHRYSTELLE GOODING, SOLAR BEING JEWELRY, LLC AND SHARIECE RENEE MANCE**<br><br>**COMPLAINT FILED: OCTOBER 3, 2025**<br>**FAC FILED: NOVEMBER 13, 2025**<br>**JUDGE: HON. MARK C. SCARSI**<br>**COURTROOM: 7D**<br>**TRIAL DATE: TBD** |

Defendants Chrystelle Gooding, Solar Being Jewelry, LLC, and Shariece Renee Mance, appearing pro se, respectfully move this Court pursuant to Federal

- 1 -

Rule of Civil Procedure 55(c) and 4 to set aside the default judgment entered on February 11, 2026, on the grounds that the judgment is void due to lack of proper service of process.

## I.    INTRODUCTION

The default judgment entered against the Defendants is procedurally defective because Plaintiff failed to effectuate service in compliance with Federal Rule of Civil Procedure 60(b)(1), (4) and (6). Without proper service, this Court lacked personal jurisdiction over Defendant, rendering the judgment void.

## II.    FACTUAL BACKGROUND

A. On October 25, 2025, Plaintiff filed a Complaint in this matter.

B. Plaintiff claimed to have attempted service on December 10, 11, 12, 13, 15, and 17, 2025.

C. Plaintiff claimed service was completed by leaving a copy of the complaint on the ground.

D. Defendants never received the summons and complaint in a manner authorized by Rule 4.

E. Defendants have been inundated with messages on social media. These messages appeared to be spam in the eyes of the defendants. Given the Plaintiff's past behaviors and falsehoods on social media, defendants initially believed this was an attempt by the plaintiff to extort money. Some correspondence from the Plaintiff's counsel felt like spam as well. This conduct from the Plaintiff and her attorneys amounts to harassment. Due to the Plaintiff and their counsel's unprofessional behavior, the Defendants have been left unsure of what to believe. The Defendants have never evaded service and have taken this matter seriously.  They attended the temporary restraining

order ("TRO") hearing. It appears that the Plaintiff's primary goal has been to obtain a default judgment against the Defendants. Furthermore, the Plaintiff and her attorneys have not used professional or ethical methods to serve the Defendants.

F.  The Defendants appeared in court for a TRO hearing, and Plaintiff had ample opportunity to provide proper service at that time.

G.  Plaintiff never sought permission from this honorable court to seek alternative methods of service as per Rule 4(e).

H.  The Defendant's failure to receive proper service was due to no fault of their own.

I.  The Plaintiff claimed at their request and the declaration of attorney Taylor Howard that their process server, Enrique Mendez, attempted to make service in a particular manner at particular times when, in fact, these efforts were not properly made nor made at all.

J.  Plaintiff's attorneys had time to make threats towards the Defendants in the elevator after the TRO hearing on January 14, 2026.  Attorneys Howard and Luton threatened the defendants with another TRO if they continued to post about the case, when in fact it was the plaintiff who was posting about the case.  Attorneys Howard and Luton wanted to silence the defendants and infringe on their First Amendment Rights. Defendants never made any disparaging videos about the Plaintiff.

K.  Based on this threat, the Defendants were silent on social media, only posting one video encouraging their followers to view Pacer for updates, while the Plaintiff continued to make videos stating claims of what your honor said

directly to them during the court proceedings and what they claimed was told to them and approved by their attorneys.

L. The Defendants took these threats seriously as they were deemed credible threats against them.

M. The Defendants viewed the Plaintiff's attorneys' threats as a way to control them and their First Amendment Rights regarding free speech.

N. The plaintiff, from the start, has been working hard to control a narrative that the defendants were avoiding service, which is not true.

III.   LEGAL STANDARD

Under FRCP 60(b)(4), a judgment is void if the court lacks personal jurisdiction due to insufficient process service. Proper service is a prerequisite to jurisdiction, and failure to comply with Rule 4 mandates vacatur of the judgment.

IV.   ARGUMENT

A. Service Was Not Properly Effectuated

Plaintiff's method of service did not comply with Rule 4(e) (or applicable state law under

Rules 4(e), and 12(b)(5) – Insufficient Service of Process. Proper service under Rule 4 is a prerequisite to the Court's exercise of personal jurisdiction over a defendant. Failure to comply with service requirements warrants dismissal. Plaintiff 's attorney Taylor Howard stated in their declaration that a Process Server, named Enrique Mendez, attempted service on December 10, 11,12, 13, 15, and 17, 2025, on the defendants. From December 10th through 15th and again on the 17th, no attempts were made to serve the Defendants at the apartment in Los Angeles. (See Exh. A) According to Charlotte Aubert, the leasing office manager, their logs do not show that Enrique Mendez signed in or inquired about obtaining access to a residential

apartment. Ms. Aubert also mentioned that they have very strict rules concerning non-residents accessing the building or the units.  (See Exh. B) Attorney Taylor Howard was not truthful in their declaration.  Officer Kegler, security for the apartment building in Los Angeles, confirmed that no one by the name of Enrique Mendez ever contacted security, visited the building, or signed the required logbook as a guest, which is mandatory for entry. Even after signing the logbook, additional protocols must be followed, and this does not guarantee access. Officer Kegler emphasized that the building has strict policies in place to prevent non-residents from accessing the premises, as this poses a security risk to the residents. The building is highly secure, and access cannot be obtained simply by walking off the street and giving security your name. (See Exh. B) In numbers 14 and 16 of their declaration, Attorney Howard stated to the courts that his process server gained access to the apartment, which is not true.  Plaintiff's attorney Taylor Howard's declaration claimed that a tag was placed on the Plaintiff's apartment door by Enrique Mendez, which never happened. (See Exh. B) This was confirmed by Officer Kegler, the leasing office manager, that no one named Enrique Mendez has ever requested or gained access to the Defendant's apartment, nor left a tag on the apartment door.  Per Plaintiff's declaration and service attempt log, Mr. Mendez stated that he attempted on December 11, 2025, at 4:45 pm. (See Exh. A) This was at the same time Ms. Gooding arrived at the apartment and would have either encountered the process server or seen the tag, in which she would have responded. Ms. Gooding had an appointment in Los Angeles on December 11, 2025, and was scheduled to meet someone.  Ms. Gooding arrived home at the apartment at 3:00 pm on December 11, 2025. (See Exhs. B and C) There was no tag left on the apartment door.  The Defendants would have responded to the tag. They appeared in court for the Plaintiff's TRO hearing and were not evading service. The Plaintiff had ample opportunity to serve the Defendants properly.   The attached declarations

demonstrate that Plaintiff's attempts at service never happened. (Exh. A) Plaintiff chose to paint the Defendants as evaders of service and in a negative light in court and on social media.  On January 6, 2026, Deborah Richardson-Collins, Mr. Jeter's neighbor, saw Joshua Jeter with his headphones in his ears, taking off on his bicycle in his normal morning routine. Ms. Richardson-Collins never saw Mr. Jeter interact with anyone at his apartment, the stairwell, the parking lot, or any other area of the complex before riding away on his bicycle.  Ms. Richardson-Collins was sitting in her vehicle at the time this individual ran up to the defendant's apartment and ran back to his car.  Per Ms. Richardson-Collins, this happened very quickly within a matter of seconds.  Ms. Richardson-Collins had a clear, unobstructed view of the defendant's apartment and of the complex.  (See Exh. D) On January 14, 2026, Attorneys Taylor Howard and William B. Luton confronted the Defendants in the elevator of the federal courthouse, issuing threats in the elevator, informing Ms. Gooding and Ms. Mance that they needed to stay off social media, or they would file another TRO against the Defendants. While the Plaintiff's attorneys had time to make threats against Ms. Gooding and Ms. Mance, they did not take the time to provide proper service.  (See Exh. E) The court order of January 16, 2026, ordered the Plaintiff to properly serve the Defendants, which the Plaintiff failed to do, ignoring the order of this honorable court. (See Exh. F) The plaintiff attempted to use Mr. Jeter as a scapegoat for their failure to provide proper service.  Mr. Jeter is not a party in this matter.   Plaintiff's process server claimed to have held a conversation with Mr. Jeter, which was not true.  Mr. Jeter never held a conversation with any party nor their contractors, associates, employees, or any other party regarding this matter, nor did he confirm his identity or residence. (Exh. G)  Without proper service, this Court lacked personal jurisdiction over Defendant, rendering the judgment void.  Under Rule 60(b)(4), a judgment is void "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner

inconsistent with due process of law." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). Improper service of process provides a sufficient basis for a court to find that a default judgment was entered inconsistent with due process under Rule 60(b)(4). *In re SCI Direct LLC*, No. 17-61735, 2020 WL 718320, at *2 (Bankr.N.D.Ohio Feb. 4, 2020). As the Sixth Circuit has explained, Rule 60(b) must be applied "equitably and liberally" in considering motions to vacate defaults and default judgments. *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002). As the Sixth Circuit has explained, Rule 60(b) must be applied "equitably and liberally" in considering motions to vacate defaults and default judgments. *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002). Defendant's argument under Rule 60(b)(4) is that this Court lacked personal jurisdiction to enter the default judgment because Plaintiffs failed to serve Defendant properly. Federal Rule of Civil Procedure 60(b)(6) permits a district court to vacate a final judgment for "any reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Like a motion pursuant to Rule 60(b)(4), a motion pursuant to Rule 60(b)(6) "must be made within a reasonable time." Defendants need not respond to defective service. The defendant was under no obligation to act upon the improperly served summons and complaint. Plaintiffs must execute service as statutorily prescribed to compel the defendant's participation. (*Kappel v. Bartlett* (1988) 200 Cal.App.3d 1457, 1466.) The court concluded that the trial court did not abuse its discretion in granting Defendant's motion to set aside the default and default judgment. On the record, the trial court did not obtain personal jurisdiction over the defendant due to improper service of the summons and complaint. Defendant was "under no duty to act upon a defectively served summons." (*Kappel v. Bartlett* (1988) 200 Cal.App.3d 1457, 1466.) Plaintiff's process server, on January 6, 2026, stated in a Proof of Service filed with this honorable court stating the following: "I left the above listed documents at the individual's residence or usual place of abode

with (John Doe) - Resident a person of suitable age and discretion who resides there, on *(date) January 6, 2026 at 8:35 AM. at 13409 Midland Rd Apt 32 Poway, CA 92064."* The declarations from Joshua Jeter and Deborah Richardson-Collins clearly demonstrate that the defendants were never properly served. Benjamin Smith, the author and signatory of the Proof of Service filed with the court, falsely claimed that he interacted with someone and left a copy of the complaint with them. Mr. Smith, who works for DDS Legal Support, asserted that he served the defendants by leaving a copy of the complaint with a person of suitable age and discretion residing at the address. This claim is untrue. According to Mr. Jeter's declaration, he was on his way to work at the time Mr. Smith alleged they had an interaction and that a copy of the complaint was left with him. The plaintiff and her counsel appear to be fabricating scenarios to persuade the court to accept their misleading assertions. The plaintiff has misrepresented the facts regarding the proper service of the defendants. On January 6, 2026, at 8:35 a.m., Mr. Smith contended that he served Ms. Gooding by leaving a copy of the complaint with an individual of suitable age at her residence. However, Mr. Smith failed to provide a specific address where this alleged service occurred, and there is no verification or evidence that proper service of the complaint was completed. This lack of specificity raises concerns about the legitimacy of the service, further complicating the issue of jurisdiction in this case. On January 9, 2026, the United States Patent and Trademark Office (USPTO) denied the plaintiff's copyright application. Following this denial, the plaintiff promptly filed for a Temporary Restraining Order (TRO) and subsequently requested a default be entered with the court. The plaintiff accused the defendants of publishing her home address; however, it was actually the plaintiff's attorney, Mr. Howard, who disclosed the address on her USPTO application dated August 20, 2025 (see Exh. I). During the TRO proceedings, the plaintiff attempted to discredit and defame the defendants, including adding Ms. Mance as a party to the case despite her insignificant role in

the matter. It seems that the plaintiff and her counsel are motivated by a desire for financial gain from this situation. In the early stages of the TRO hearing, the plaintiff's attorney made an irate comment about the amount of money raised in the defendants' Kickstarter account. The plaintiff's TRO application was not based on any threat to her, as there was no threat from the defendants. Instead, it appeared to be an effort to intimidate, dictate, and pilfer the defendants' Kickstarter account and the funds raised. Additionally, the plaintiff's counsel confronted the defendants in the court elevators, threatening them with another TRO if they continued to discuss the case on social media. This behavior clearly reflects the plaintiff's true motives.

B. The service was defective, and the Court lacked personal jurisdiction; the judgment must be set aside as a matter of law.

V.    CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court:

1. Deny plaintiff's request for entry of default judgment;

2. Require plaintiff to effectuate service upon the defendants properly by this court's order.

3. Dismiss this case with prejudice.

///

///

///

///

///

///

///

///

///

- 9 -

Respectfully submitted,

Date: February 23, 2026

Chrystelle Gooding, Defendant

Shariece Renee Mance, Defendant

Solar Being Jewelry, LLC, Defendant

- 10 -

# EXHIBIT A

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| Taylor J. Howard, Esq., SBN: 311275<br>A.E.I. LAW, P.C.<br>7755 Center Ave Ste 1100<br>Huntington Beach, CA 926473091    E-MAIL ADDRESS (Optional): taylor@aeilaw.com<br>TELEPHONE No.: (888) 423-4529    FAX No. (Optional): | | |
| Attorney for: Plaintiff Ava Neal, an individual | | |

| | Ref No. or File No.: |
|---|---|
| Insert name of Court, and Judicial District and Branch Court: | Neal v Gooding |

United States District Court - Central District of California, Western Division - Edward R. Roybal

Plaintiff: Ava Neal, an individual

Defendant: Chrystelle Gooding, an individual; et al.

| | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER: |
|---|---|---|---|---|
| **NON SERVICE REPORT** | | | | 225CV09475 |

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: **Chrystelle Gooding, an individual**

Documents: First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order

| Date | Time | Results |
|---|---|---|
| 12/10/2025 | 6:15 PM | Secured building. Access granted by security guard. No answer at door. - V. ENRIQUE MENDEZ |
| | Location: | ████████████ Los Angeles, CA 900125479 |
| 12/11/2025 | 4:55 PM | No answer at door. - V. ENRIQUE MENDEZ |
| | Location: | ████████████Los Angeles, CA 900125479 |
| 12/12/2025 | 8:25 AM | No answer at the door. Tag placed on door in the first attempt still at the door. There has been no movement in or out for the past two days. - V. ENRIQUE MENDEZ |
| | Location: | ████████████ Los Angeles, CA 900125479 |
| 12/13/2025 | 3:10 PM | No answer at door. Tag still at door. - V. ENRIQUE MENDEZ |
| | Location: | ████████████ Los Angeles, CA 900125479 |
| 12/15/2025 | 8:15 PM | No answer at door. No changes. - V. ENRIQUE MENDEZ |
| | Location: | ████████████ Los Angeles, CA 900125479 |
| 12/17/2025 | 6:35 PM | No answer at door. Mark still at door. No activity at this unit since started attempting;**Attempts Exhausted. New base rate will apply should you choose to continue wtih service. - V. ENRIQUE MENDEZ |
| | Location: | ████████████ Los Angeles, CA 900125479 |

Fee for Service: $ 40.00

County: **LOS ANGELES**

DDS
Registration No.: **3428**
**DDS Legal Support**
**2900 Bristol Street E-106**
**Costa Mesa, CA 92626**
**(714) 662-5555**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 18, 2025.

Signature: _____

V. ENRIQUE MENDEZ

**NON SERVICE REPORT**

Order#: 740330A1

# EXHIBIT B

**CHRYSTELLE GOODING**
**SHARIECE RENEE MANCE**
**SOLAR BEING JEWELRY, LLC**
**8880 RIO SAN DIEGO DRIVE, #2023, 8TH FLOOR**
**SAN DIEGO, CA 92108**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **AVA NEAL**, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> **CHRYSTELLE GOODING**, an individual, **SOLAR BEING JEWELRY LLC**, a California limited liability company, and **SHARIECE RENEE MANCE**, an individual, <br><br> Defendants. | Case No.: 2:25-cv-09475 <br><br> **DECLARATION OF CHRYSTELLE GOODING** <br><br> **HEARING: FEBRUARY 2026** <br> **HEARING TIME: 9:00 A.M.** <br> **JUDGE: HON. MARK C. SCARSI** <br> **COURTROOM: 7D** |

## DECLARATION OF CHRYSTELLE GOODING

I, Chrystelle Gooding, declare:

1.   I am a party in the above-entitled action.

2.  I am the owner of Solar Being Jewelry, LLC.

3.  According to the service log, Enrique Mendez claimed he attempted service on December 10, 11, 12, 13, 15, and 17, gaining access to the Los Angeles apartment on

- 1 -

December 10, 2025, and leaving a tag on my door regarding service. This did not happen, and no tag was left on my door.

4. On February 12, 2026, at 8:28 AM, I spoke with Officer Kegler, who works at the front office of my apartment building in Los Angeles, California, and is employed by United Security.

5. Officer Kegler stated that all visitors who request to be escorted upstairs to a residential unit are required to sign in at the front desk and record their name in a logbook. This procedure is intended to document and track visitors' who request access to the building.

6. Process server Enrique Mendez claimed to have visited my apartment building on December 10, 11, 12, 13, 15, and 17. I asked Officer Kegler if he could confirm Mr. Mendez's appearance at the front desk on any of those dates or if he had requested access to my apartment. Officer Kegler stated that there is no record of any individual by the name of Enrique Mendez signing in or requesting access to my unit on any of those days.

7. For additional confirmation, I contacted the leasing office manager, Charlotte Aubert, to verify whether there was a log of Mr. Mendez requesting access to my unit. Ms. Aubert confirmed that Mr. Mendez never visted their building. Ms. Aubert stated that any unauthorized person who gains access to the building by tailgating or other illegal means would be considered a trespasser, as the building is private property.

8. Regarding December 10, 11, 12, 13, 15, and 17, 2025, Mr. Mendez made no efforts to serve me at my apartment in Los Angeles, California. This has also been confirmed by Ms. Aubert and Officer Kegler.

9. On February 12, 2026, I spoke with Mr. Jeter's neighbor, Deborah Richardson-Collins, who stated that on January 6, 2026, she observed a man running quickly to Mr. Jeter's apartment door and then quickly running away. She did not see this person speak or

- 2 -

interact with Joshua Jeter. Furthermore, Ms. Richardson-Collins stated that there was no way this man could have knocked on the door during the time he ran to the apartment and back to his car.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in  Los Angeles, California  on this  17  day of  Februa,  2026.


                                        Chrystelle Gooding
                                        Chrystelle Gooding

**Signature:** *Chrystelle gooding*

**Email:** ███████████████

# Declaration of Chrystelle Gooding

Final Audit Report                                                2026-02-17

| | |
|---|---|
| Created: | 2026-02-17 |
| By: | ███████████████████ |
| Status: | Signed |
| Transaction ID: | ██████████████████████ |

## "Declaration of Chrystelle Gooding" History

📄 Document created by ████████████████████████
2026-02-17 - 11:23:43 PM GMT-████████████

✉️ Document emailed to c. Gooding ████████████████ for signature
2026-02-17 - 11:23:51 PM GMT

📄 Email viewed by c. Gooding ████████████████
2026-02-17 - 11:27:34 PM GMT-████████

✍️ Document e-signed by c. Gooding ████████████████
Signature Date: 2026-02-17 - 11:31:50 PM GMT - Time Source: server-████████████

✅ Agreement completed.
2026-02-17 - 11:31:50 PM GMT

Adobe Acrobat Sign

# EXHIBIT C





# EXHIBIT D

**CHRYSTELLE GOODING**
**SHARIECE RENEE MANCE**
**SOLAR BEING JEWELRY, LLC**
**8880 RIO SAN DIEGO DRIVE, #2023, 8TH FLOOR**
**SAN DIEGO, CA 92108**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| **AVA NEAL**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**CHRYSTELLE GOODING**, an individual, **SOLAR BEING JEWELRY LLC**, a California limited liability company, and **SHARIECE RENEE MANCE**, an individual,<br><br>Defendants. | Case No.: 2:25-cv-09475<br><br>**DECLARATION OF DEBORAH RICHARDSON-COLLINS** |

**DECLARATION OF DEBORAH RICHARDSON-COLLINS**

I, Deborah Richardson-Collins hereby declare:

1. I am not a party in the above-entitled action.

2. I am a neighbor of Joshua Jeter.

3. On January 6, 2026, I observed Joshua Jeter leave his apartment and ride away on his bicycle wearing headphones, following his usual morning route.

4. After Mr. Jeter left his apartment on his bicycle, I noticed a man running quickly up to

-1-



the Defendant's apartment and then back down to his car. This man ascended the stairs and returned to his vehicle in less than 10 seconds, which did not allow sufficient time to knock on a door or converse with anyone. He appeared to be in a hurry.

5. At no point did I observe this man, or any man, having a conversation with Joshua Jeter.

6. I confirmed that Joshua Jeter was wearing headphones and riding his bicycle on his normal route that morning.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Poway, CA _____ on this 16_____ day of Februa,
2026.

_____
Deborah Richardson-Collins

- 2 -



# Declaration of Deborah Richardson-Collins-Signed

Final Audit Report                                    2026-02-17

| | |
|---|---|
| Created: | 2026-02-16 |
| By: | ███████████████ |
| Status: | Signed |
| Transaction ID: | ██████████████████ |

## "Declaration of Deborah Richardson-Collins-Signed" History

📄 Document created by Carlavetta Griffin (███████████████)
2026-02-16 - 6:15:26 PM GMT- ████████████

📧 Document emailed to Deborah Richardson Collins (████████████████████ for signature
2026-02-16 - 6:15:30 PM GMT

📄 Email viewed by Deborah Richardson Collins ██████████████████████
2026-02-16 - 6:16:04 PM GMT- ███████████████

🔏 Document e-signed by Deborah Richardson Collins ████████████████████
Signature Date: 2026-02-17 - 2:28:36 AM GMT - Time Source: server- █████████████

✅ Agreement completed.
2026-02-17 - 2:28:36 AM GMT

**Adobe Acrobat Sign**

# EXHIBIT E

**CHRYSTELLE GOODING**
**SHARIECE RENEE MANCE**
**SOLAR BEING JEWELRY, LLC**
**8880 RIO SAN DIEGO DRIVE, #2023, 8TH FLOOR**
**SAN DIEGO, CA 92108**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AVA NEAL, an individual, | Case No.: 2:25-cv-09475 |
| Plaintiff, | |
| vs. | **DECLARATION OF SHARIECE RENEE MANCE** |
| **CHRYSTELLE GOODING**, an individual, **SOLAR BEING JEWELRY** LLC, a California limited liability company, and **SHARIECE RENEE MANCE**, an individual, | **COMPLAINT FILED; OCTOBER 3, 2025** **FCA FILED: NOVEMBER 13, 2025** **JUDGE: HON. MARK C. SCARSI** **COURTROOM: 7D** **TRIAL DATE: TBD** |
| Defendants. | |

## DECLARATION OF SHARIECE RENEE MANCE

I, Shariece Renee Mance, declare:

1.   I am a party in the above-entitled action.

2.   On January 14, 2026, I attended the Temporary Restraining Order ("TRO") hearing with Defendant Chrystelle Gooding. We arrived early and were reviewing our response

- 1 -

outside the courtroom when attorney Taylor J. Howard approached us, accompanied by another attorney.

3.  Mr. Howard stated that he was glad we were able to attend and said that after the hearing, he would like to discuss resolving the matter outside of the courtroom. Ms. Gooding responded, and Mr. Howard mentioned it again. Ms. Gooding responded, "Perhaps." I did not respond during this exchange.

4.  After the hearing concluded, Ms. Gooding and I waited for the elevator. When the elevator doors opened, we entered the elevator and were immediately followed by attorneys Howard and another attorney who entered immediately after us.

5.  After the elevator doors closed, Mr. Howard stated, "Keep it down and don't mischaracterize the case or I'll file another TRO against you."

6.  Neither Ms. Gooding nor I responded. We exited the elevator without further communication.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in Los Angeles _____ on this 22 day of February _____, 2026.

Shariece Renee Mance

- 2 -



# Declaration of Shariece Mance - Exh. E 2.22.26

Final Audit Report                                                    2026-02-22

| | |
|---|---|
| Created: | 2026-02-22 |
| By: | ▮▮▮▮▮▮▮▮▮▮ |
| Status: | Signed |
| Transaction ID: | ▮▮▮▮▮▮▮▮▮▮▮▮ |

## "Declaration of Shariece Mance - Exh. E 2.22.26" History

📄 Document created by ▮▮▮▮▮▮▮▮▮
2026-02-22 - 5:07:51 PM GMT- ▮▮▮▮▮

📧 Document emailed to ▮▮▮▮▮▮▮▮▮▮ for signature
2026-02-22 - 5:07:55 PM GMT

📄 Email viewed by ▮▮▮▮▮▮▮▮
2026-02-22 - 5:08:06 PM GMT- ▮▮▮▮▮

🖋 Document e-signed by ▮▮▮▮▮▮▮▮▮
Signature Date: 2026-02-22 - 7:44:19 PM GMT - Time Source: server- ▮▮▮▮▮▮▮

✅ Agreement completed.
2026-02-22 - 7:44:19 PM GMT

**Adobe Acrobat Sign**

CHRYSTELLE GOODING
SHARIECE RENEE MANCE
SOLAR BEING JEWELRY, LLC
8880 RIO SAN DIEGO DRIVE, #2023, 8TH FLOOR
SAN DIEGO, CA 92108

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AVA NEAL, an individual,<br><br>     Plaintiff,<br><br>vs.<br><br>CHRYSTELLE GOODING, an individual, SOLAR BEING JEWELRY LLC, a California limited liability company, and SHARIECE RENEE MANCE, an individual,<br><br>     Defendants. | Case No.: 2:25-cv-09475<br><br>**DECLARATION OF CHRYSTELLE GOODING**<br><br>**COMPLAINT FILED; OCTOBER 3, 2025**<br>**FCA FILED: NOVEMBER 13, 2025**<br>**JUDGE: HON. MARK C. SCARSI**<br>**COURTROOM: 7D**<br>**TRIAL DATE: TBD** |

### DECLARATION OF CHRYSTELLE GOODING

I, Chrystelle Gooding, declare:

1. I am a party in the above-entitled action.

2. I am the owner of Solar Being Jewelry LLC.

3. On January 14, 2026, I attended a hearing to oppose the Temporary Restraining Order (TRO) filed in this matter, accompanied by Defendant Shariece Mance. We arrived at the courthouse around 8:30 AM and waited just outside the courtroom to review our

- 1 -

response.

4. At approximately 8:50 AM, attorneys Taylor Howard and William B. Luton approached us. Both attorneys shook our hands and expressed their pleasure at our attendance. Mr. Howard mentioned, "Maybe we can discuss and hear your thoughts about possibly coming to an agreement, maybe before or after the hearing."

5. I replied that we would discuss it among ourselves. Mr. Howard reiterated his suggestion for a settlement in a similar manner, to which I responded, "Perhaps."

6. After the hearing concluded, Ms. Mance and I exited the courtroom and headed toward the elevator. I made a brief phone call to discuss the court's ruling with an associate. I ended the call around 9:39 AM after noticing Plaintiff's counsel approaching and standing behind us, seemingly trying to listen to my conversation.

7. Once the elevator doors closed, Mr. Howard stated, "You can keep talking about the case, but if you continue mischaracterizing my client, I'll just file another TRO."

8. Neither Ms. Mance nor I responded, and we exited the elevator without any further communication.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in ___Los Angeles, California_____ on this ___17th_____ day of __02_____, 2026.

_Chrystelle gooding_____
Chrystelle Gooding

# Declaration of Chrystelle Gooding - Signed

Final Audit Report                                                    2026-02-17

| | |
|---|---|
| Created: | 2026-02-17 |
| By: | Carlavetta Griffin ██████████████ |
| Status: | Signed |
| Transaction ID: | ██████████████████████████ |

## "Declaration of Chrystelle Gooding - Signed" History

Document created by Carlavetta Griffin ██████████████████
2026-02-17 - 11:04:06 PM GMT-████████████████

Document emailed to C. Gooding ████████████████ for signature
2026-02-17 - 11:04:10 PM GMT

Email viewed by C. Gooding ████████████████
2026-02-17 - 11:04:17 PM GMT-██████████

Document e-signed by C. Gooding ████████████████
Signature Date: 2026-02-17 - 11:10:11 PM GMT - Time Source: server-██████████████

Agreement completed.
2026-02-17 - 11:10:11 PM GMT

![Adobe Acrobat Sign]

# EXHIBIT F

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AVA NEAL

               Plaintiff(s),

     v.

CHRYSTELLE GOODING, et al.

             Defendant(s).

Case No. 2:25−cv−09475−MCS−MAR

**INITIAL STANDING ORDER
FOR CIVIL CASES ASSIGNED
TO JUDGE MARK C. SCARSI**

This case has been assigned to the calendar of Judge Mark C. Scarsi. Both the Court and the parties bear responsibility for the progress of this litigation in federal court. To "secure the just, speedy, and inexpensive determination" of this case, Fed. R. Civ. P. 1, all counsel and unrepresented litigants must become familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, the Court's standing orders, and Judge Scarsi's webpage, https://apps.cacd.uscourts.gov/Jps/honorable-mark-c-scarsi,

**THE COURT ORDERS AS FOLLOWS:**

  **1.   Service of the Complaint**

      The plaintiff shall promptly serve the complaint in accordance with Federal Rule of Civil Procedure 4 and file proof of service pursuant to Local Rule 4(*l*).

1

Rule 4(m) requires the summons and complaint to be served within 90 days. The Court expects service to be completed as soon as reasonably practicable. The Court will require plaintiff to show good cause to extend the service deadline beyond 90 days.

## 2. Presence of Lead Counsel

Lead trial counsel shall attend any scheduling, pretrial, or settlement conference set by the Court unless engaged in trial. The Court does not permit special appearances; only counsel of record may appear at any proceeding.

The Court expects counsel to appear in person at any hearing. The Court does not permit remote appearances. A party whose lead counsel cannot appear at a hearing for good cause may request leave to appear by non-lead counsel, an order advancing the hearing, or an order continuing the hearing no longer than one week. Such a request must be made by the Wednesday before the subject hearing and be supported by a declaration demonstrating good cause.

## 3. Ex Parte Applications

Ex parte applications are solely for extraordinary relief and are rarely granted. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). ("Lawyers must understand that filing an ex parte motion . . . is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire."). Such applications must be supported by "evidence... that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. Ex parte applications that fail to conform to Local Rule 7-19, including a statement of opposing counsel's position, will not be considered except on a specific showing of good cause.

Counsel for the applicant must provide advance notice of the application by

telephone and email to all other parties. In addition to the information required by Local Rule 7-19.1, the notice must advise the other parties of the anticipated deadline to oppose the application. The applicant must serve the application by facsimile, email, or personal service, even if electronic service is effected under Local Rule 5-3.2.1.

Oppositions to ex parte applications must be filed within 24 hours of the filing of the application, subject to Rule 6(a)(2). If an opposing party does not intend to oppose the ex parte application, counsel must inform the Courtroom Deputy Clerk by telephone or email as soon as possible. No replies in support of ex parte applications are authorized.

### 4. Continuances or Extensions of Time

This Court is committed to adhering to all scheduled dates. In general, this makes the judicial process more efficient and less costly. Changes in dates are sharply disfavored. The case schedule set by the Court, including the trial date, is firm and will rarely be changed. Therefore, any request, whether by application or stipulation, to continue the date of any matter before this Court must be supported by good cause demonstrating why the change in the date is essential. Without such compelling factual support, requests to continue dates set by this Court will not be approved. Counsel requesting a continuance must electronically file any application or stipulation with a proposed order and a detailed declaration of counsel providing the grounds for the requested continuance or extension of time. The Court will deny any request that fails to comply with the Local Rules and this Order. Stipulations and requests to amend the case schedule become effective only if, and when, this Court approves the stipulation as presented to, or modified by, the Court. The Court acts promptly to resolve requests to modify the case schedule, but processing delays of up to a week are not unusual; therefore, counsel shall not submit requests for a schedule modification fewer than seven calendar days prior to the earliest date subject to the request. The Court presumes that there is no good cause to continue

any deadline that will pass within a week of a continuance request or has already passed.

## 5.  TROs and Injunctions

Parties seeking emergency or provisional relief shall comply with Federal Rule of Civil Procedure 65 and Local Rule 65-1. The application shall include a proof of service which complies with the Court's requirements for ex parte applications or a separate request for service to be excused. The Court will not rule on any application for such relief for at least 24 hours after the party subject to the requested order has been served unless service is excused. Counsel shall call the Courtroom Deputy Clerk no later than 30 minutes after filing the documents.

## 6.  Cases Removed from State Court

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be re-filed in this Court as a supplement to the notice of removal. *See* 28 U.S.C. § 1447(a)-(b). If the defendant has not yet answered or filed a motion in response to the complaint, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules. If, before the case was removed, a motion or demurrer in response to the complaint was pending in state court, it must be re-noticed in this Court in accordance with Local Rule 6-1 and Local Rule 7. Counsel shall file with their first appearance a notice of interested parties in accordance with Local Rule 7.1-1.

If an action is removed to this Court that contains a form pleading, i.e., a pleading in which boxes are checked, the party or parties utilizing the form pleading must file an appropriate pleading with this Court within 30 days of receipt of the Notice of Removal. The appropriate pleading referred to must comply with the requirements of Federal Rules of Civil Procedure 7, 7.1, 8, 9, 10, and 11.

\\\

4

### 7.   Status of Fictitiously Named Defendants

This Court intends to adhere to the following procedures where a matter is removed to this Court on diversity grounds with fictitiously named defendants. *See* 28 U.S.C. §§ 1441, 1447.

   a.   Plaintiff is expected to ascertain the identity of, and serve, any fictitiously named defendant, within 90 days of the removal of the action to this Court.

   b.   If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be identified within the 90-day period, an ex parte application requesting permission to extend that period to effectuate service may be filed with this Court. Such an application shall state the specific reasons for the requested extension of time, including a description of all efforts made up to that time to identify and serve such defendants. The ex parte application shall be served upon all appearing parties, and shall state that appearing parties may file written comments within seven days of filings of the ex parte application.

   c.   If plaintiff wants to substitute a defendant for one of the fictitiously named defendants, plaintiff shall first seek the consent of counsel for all defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff should file a motion on regular notice. The motion and opposition should address whether the matter should thereafter be remanded to the Superior Court if complete diversity of citizenship would no longer be present as a result of the addition of the new party. *See* U.S.C. § 1447(c) and (d).

### 8.   Discovery

   #### a.   Discovery Matters Referred to the Magistrate Judge

All discovery matters, including all discovery motions, are referred to the assigned United States Magistrate Judge. The Magistrate Judge's initials follow the

District Judge's initials next to the case number on this Order. All discovery-related documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing.

In accordance with 28 U.S.C. § 636(b)(1)(A), the Court will not reverse any order of the Magistrate Judge unless it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

Any party may file and serve a motion for review and reconsideration before this Court. *See* Fed. R. Civ. P. 72(a). The moving party must file and serve the motion within 14 days of service of a written ruling or within 14 days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with points and authorities.

### b. Compliance with Federal Rule of Civil Procedure 26(a)

Unless there is a likelihood that, upon motion by a party, the Court would order that any or all discovery is premature, counsel should begin to conduct discovery actively before the Scheduling Conference. Discovery is not stayed prior to the Scheduling Conference or after dates have been set unless otherwise ordered by the Court. At the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery.

### 9. Motions

### a. Time for Filing and Hearing Motions

Motions shall be filed in accordance with Local Rule 6-1 and Local Rule 7. Except for motions set for hearing at a pretrial conference, parties must set motions for hearing on a Monday at 9:00 a.m. The Court does not hear motions on national holidays or closed motion dates, as maintained on the Court's webpage. It is not necessary to clear a hearing date with the Courtroom Deputy Clerk prior to the

6

filing of a motion.

**b.    Briefing Motions**

**Please read this section carefully. This Court's schedule for briefing motions differs significantly from the briefing schedule set by the Local Rules.**

Any motion that is filed and set for a hearing to be held fewer than 35 days from the date of the filing of the motion shall be briefed pursuant to Local Rules 7-9 and 7-10. Otherwise, motions shall be briefed according to the following schedule:

(a). Any motion that is filed and set for a hearing between 35 and 70 days from the date of the filing of the motion: (i) any opposition must be filed no later than 14 days after the filing of the motion; and (ii) any reply must be filed no later than 21 days after the filing of the motion.

(b). Any motion that is filed and set for a hearing more than 70 days from the date of the filing of the motion: (i) any opposition must be filed no later than 21 days after the filing of the motion; and (ii) any reply must be filed no later than 35 days after the filing of the motion.

**c.    Prefiling Requirement to Meet and Confer**

Counsel must comply with Local Rule 7-3, which requires counsel to engage in a prefiling conference "to discuss thoroughly... the substance of the contemplated motion and any potential resolution," and to file a declaration confirming compliance. In addition to the requirements stated in Local Rule 7-3, the declaration must state whether the conference took place in person, by telephone, or via video conference. Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference, including the prospective hearing date. The *in propria persona* status of one or more parties does not alter this requirement. Any motion that fails to comply with Local Rule 7-3 will be

denied.

### d.   Length and Format of Motion Papers

All motion papers shall comply with Local Rule 11-3. Only in rare instances and for good cause shown will the Court grant an application for relief from the brief length limitations of Local Rule 11-6. Reply briefs may not exceed 3,000 words, excluding indices and exhibits. A handwritten or typewritten reply brief may not exceed 10 pages, excluding indices and exhibits. No supplemental brief or surreply shall be filed without prior leave of Court.

Counsel shall adhere to Local Rule 5-4.3.1 with respect to the conversion of all documents to a PDF so that when a document is filed, it is in the proper size and format that is text-searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document.

Electronic nonpaper exhibits lodged under Local Rule 5-4.2(b)(1) (e.g., audio and video files) must be provided on a USB flash drive or by sending a link to an Internet file hosting service (e.g., Dropbox) by email to MCS_Chambers@cacd.uscourts.gov. Exhibits provided on a CD or DVD will not be considered and will be destroyed unless the CD or DVD itself is a nonpaper exhibit subject to Local Rule 11-5.1.

### e.   Chambers Copies

Chambers copies are not required. Unless subject to Local Rule 5-4.2, paper copies of any documents delivered to the Court will be refused or destroyed and not considered.

### f.   Citations of Case Law

Citations of case law must identify not only the case cited, but also the specific page referenced. For example, if a quotation is presented, the associated page citation shall be provided. Similarly, if a case is cited in support of a proposition based on language in the opinion, the pages on which such language appears shall be provided. Bluebook style is preferred.

8

### g. Citations of Other Sources

Statutory references should identify with specificity the sections and subsections referenced. Citations of treatises, manuals, and other materials should include the volume, section, and pages that are referenced. Citations of prior filings in the same matter shall include the docket entry number, section, and pages that are referenced. Bluebook style is preferred.

### h. Oral Argument

If the Court deems a matter appropriate for decision without oral argument, the Court will notify the parties in advance. C.D. Cal. R. 7-15. Requests to conduct or waive a hearing may not be honored.

## 10. Specific Motions

### a. Rule 12 Motions

Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially where perceived defects in a complaint, answer, or counterclaim could be corrected by amendment. *See Chang v. Chen*, 80 F. 3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). These principles require that plaintiff's counsel carefully evaluate defendant's contentions as to the deficiencies in the complaint. In most instances, the moving party should agree to any amendment that would cure the defect.

This Court generally denies any Rule 12(f) motion to strike unless the movant can demonstrate it will suffer prejudice absent the requested relief. *In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147, 151 (C.D. Cal. 2022) (Scarsi, J.). A plaintiff's prayer for a remedy precluded as a matter of law is not the proper target of a Rule 12 motion. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010); *Saroya v. Univ. of Pac.*, 503 F. Supp. 3d 986, 1000 (N.D. Cal. 2020).

9

If a motion to dismiss is granted with leave to amend, counsel shall attach as an appendix to an amended pleading a "redline" version of the amended pleading showing all additions and deletions of material.

### b.    Motions for Leave to Amend

All motions for leave to amend pleadings shall: (1) state the effect of the amendment and (2) identify the page and line numbers and wording of any proposed change or addition of material. The proposed amended pleading shall be serially numbered to differentiate it from previously amended pleadings.

In addition to the requirements of Local Rule 15, counsel shall attach as an appendix to the moving papers a "redline" version of the proposed amended pleading showing all additions and deletions of material.

### c.    Motions for Summary Judgment

Parties need not wait until the motion cut-off date to bring a motion for summary judgment or partial summary judgment. A party moving for summary judgment must file the motion at least 35 days before the hearing. The parties should prepare papers in a fashion that will assist the Court in locating the evidence with respect to the facts (e.g., generous use of tabs, tables of contents, headings, indices, etc.).

### i.    Separate Statements

The parties are to comply precisely with Local Rules 56-1 through 56-3 governing Statements of Uncontroverted Facts and Statements of Genuine Disputes.

If the opposing party submits that the Court should consider facts that bear on, or relate to, the issues raised by the movant but are not presented in the moving party's Statement of Uncontroverted Facts or the opposing party's Statement of Genuine Disputes, the opposing party may submit a Statement of Additional Uncontroverted Facts, which must be filed as a document separate from the Statement of Genuine Disputes and must follow the format described in Local Rule 56-1 with respect to the moving party's Statement of Uncontroverted Facts. The

10

nonmoving party's additional facts must be numbered sequentially to follow the last numbered fact presented by the moving party. With its reply papers, the moving party may submit a Statement of Additional Genuine Disputes following the format prescribed by Local Rule 56-2 with respect to the nonmoving party's Statement of Genuine Disputes. Absent a court order, no response to the Statement of Additional Genuine Disputes is authorized.

### ii.  Supporting Evidence

No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in support of or opposition to a motion for summary judgment.

Evidence in support of, or in opposition to, a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence and should not be attached to the memorandum of points and authorities. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, or a witness who can establish authenticity.

The parties shall ensure that electronically filed copies of evidence in support of, or in opposition to, a motion for summary judgment are in the proper format. Thus, all documents must be text-searchable and have selectable text that may be copied and pasted directly from the filed document.

Additionally, testimony cited in a statement of uncontroverted facts, statement of genuine material facts, or statement of additional material facts shall be highlighted and/or underlined.

\\\

11

### iii.    Objections to Evidence

Evidentiary objections to a declaration submitted in connection with a motion or other matter shall be made in writing and served and filed at the same time as, but separately from, the opposition or reply papers. If a party disputes a fact based in whole or in part of an evidentiary objection, the ground of the objection should be succinctly stated in a separate statement of evidentiary objections in a three-column format:

    a.   The left column should include the relevant portions of any declaration or deposition, which shall include the highlighted, underlined, and/or bracketed portions that are being objected to (including page and line number, if applicable). Each objection shall be numbered and located within the copy of the declaration.

    b.   The middle column should set forth a concise objection (e.g., hearsay, lacks foundation, etc.) with a citation of the Federal Rules of Evidence or, where applicable, a case citation.

    c.   The right column should provide space for the Court's entry of its ruling on the objection.

    d.   A proposed order shall be filed and attached to the evidentiary objections as a separate document consistent with Local Rule 52-4.1 and either uploaded through the CM/ECF system or emailed directly to mcs_chambers@cacd.uscourts.gov.

*See* Exhibit A. Counsel shall adhere to this format for any evidentiary objections that are submitted to the Court for consideration.

### d.    Motions for Attorney's Fees

Motions for attorney's fees shall be filed and set for hearing according to Local Rule 6-1 and this Order. Any motion or request for attorney's fees shall attach two summaries, in table form, of the hours worked by and billing rate of

12

each attorney with title (i.e., partner, local counsel, associate, etc.).

The first table shall include a summary of the hours worked by each attorney, organized by task (i.e., discovery, motion to dismiss, motion for summary judgment). If the hourly rate charged by any individual attorney changed while the case was ongoing, the party shall provide separate calculation for the total number of hours that the attorney spent in connection with each task at each hourly rate.

The second table shall include a summary of the hours worked by each attorney, organized by attorney. This table shall list all of the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of each attorney.

Any table as set forth above shall be attached to the motion and electronically filed. A copy of the table shall be emailed to mcs_chambers@cacd.uscourts.gov in Microsoft Excel format and have all restrictions removed so that the spreadsheet can be edited. *See* Exhibit B.

### e.    Motions for Preliminary and Final Approval of Class Action Settlement

Parties submitting a motion for preliminary or final approval of a class settlement shall include a spreadsheet supporting any proposed award of attorney's fees. The spreadsheet shall include an estimate of any future attorney's fees for which compensation will be sought, the normal hourly rate of all counsel for whom entries appear on the spreadsheet, the support for such hourly rate(s), and an explanation of the basis of any service enhancement award for lead plaintiff(s), including the hours worked and activities performed by such lead plaintiff(s). A copy of the table shall be emailed to mcs_chambers@cacd.uscourts.gov in Microsoft Excel format and have all restrictions removed so that the spreadsheet can be edited. *See* Exhibit B.

### 11.    Under Seal Documents

Counsel shall comply with Local Rule 79-5. All applications must provide

the reason(s) why the parties' interest in maintaining the confidentiality of the document(s) outweighs the public's right of access to materials submitted in connection with a judicial proceeding. Counsel are ordered to meet and confer in person or by telephone at least seven calendar days prior to the filing of an application in which the basis for the requested sealing is stated to determine if they can agree on the proposed under seal filing. No later than two calendar days after the meet and confer process has concluded, the non-proposing party shall confirm whether it agrees to having such information designated as confidential or whether it opposes an under seal filing. Any application for under seal filing, whether or not opposed, shall contain the dates and method by which the parties met and conferred. If such information is not provided, the application will be denied without prejudice to an amended application being filed that complies with the foregoing terms.

**Filing Applications for Leave to File Under Seal**

1.     The application for leave to file under seal shall be filed on the public docket and shall attach a proposed order pursuant to Local Rule 5-4.4.1 and 5-4.4.2. Any declaration that supports the application shall also be attached to the application unless it contains confidential information. The declaration shall be filed under seal as its own docket entry if it contains confidential information.

2.     The unredacted version of all documents sought to be sealed shall be filed provisionally under seal. The documents may be attached to the declaration that supports the application, if the declaration is sealed and is filed as its own docket entry. Otherwise, the documents should be filed separately under provisional seal. The title shall include "Unredacted" or "Sealed" as the first word of the title of the document. Any provisionally sealed document

14

must clearly mark the information that is confidential or privileged via highlighting in color and/or using brackets.

3. The Court will review the submitted documents and determine whether the documents can be sealed. If the application is granted, counsel shall file:

i. The unredacted version of the entire document as its own docket entry. The title shall include "Unredacted" or "Sealed" as the first word of the title of the document. Any information that has been redacted or omitted from the public filing must be clearly marked via highlighting in color and/or using brackets.

ii. The redacted version of the entire document as its own docket entry. Unless otherwise stated in the order granting the application, a redacted version is required of all sealed documents. The title shall include "Redacted" as the first word of the title of the document. Any information that is confidential or privileged must be blacked out or a page shall be inserted with the title of the document that indicates that the entire document is sealed.

Closely related materials filed at the same time where some are proposed to be filed under seal and others will not be sealed shall be considered as a single document and filed as a single docket entry containing multiple attachments. For example, if certain exhibits to a declaration are to be filed under seal, even if other exhibits or the declaration are not, the entire document for which permission to seal should be sought is the declaration and all exhibits. The docket shall therefore include:

15

      i.    One unredacted, sealed docket entry containing the declaration with all exhibits, including sealed exhibits, filed as an attachment to the declaration; and

      ii.    a separate, redacted docket entry containing the declaration with all exhibits, including redacted exhibits, filed as an attachment to the declaration.

### 12. Initial Pleadings

Counsel shall comply with Local Rule 3 when filing initial pleadings. All initiating pleadings, including third-party complaints, amended complaints, complaints in intervention, counterclaims, and crossclaims, shall be filed as a separate document. None shall be combined with an answer.

### 13. Amended Pleadings

Every amended pleading shall be serially numbered to differentiate the pleading from prior pleadings, e.g. First Amended Complaint, Second Amended Counterclaim, Third Amended Crossclaim, etc. Counsel shall attach as an appendix to all amended pleadings a "redline" version of the amended pleading showing all additions and deletions of material from the most recent prior pleading.

### 14. Pro Se/Self-Represented Parties

Pro se/self-represented parties may continue to present all documents to the Clerk for filing in paper format pursuant to Local Rule 5-4.2. However, the Court will also permit self-represented parties to present all documents to the Clerk for filing by email so long as they comply with the following requirements:

(a)    The document shall be prepared so that it complies with the requirements set forth in Local Rule 11-3, i.e., legibility, font, paper, pagination, spacing, title page, page limits, etc.

(b)    The document shall be emailed as a PDF document to mcs_chambers@cacd.uscourts.gov no later than the date it is due. The Court will deem the date the document is emailed as the filed or lodged date. The subject line

16

of the email shall contain: (i) the case number, (ii) case name, and (iii) "Pro Se Filing" to ensure it will be filed/lodged properly.

(c)    Pro se/self-represented parties may use the chambers email solely to present documents for filing. The chambers email is not to be used in any way to communicate with the Judge or Clerk. All parties, including pro se/self-represented parties, shall refrain from writing letters to the Court, sending email messages, making telephone calls to chambers, or otherwise communicating with the Court unless opposing counsel is present. All matters must be called to the Court's attention by appropriate application or motion C.D. Cal. R. 83-2.5.

The Court expects pro se/self-represented parties to comply with the Local Rules and the rules set by this Court. The Court has a Pro Se Clinic available to assist those persons who do not have an attorney to represent them. Clinics are located in Los Angeles, Riverside, and Santa Ana. More information can be obtained by calling (213) 385-2977, ext. 270, or visiting the Court's website at http://prose.cacd.uscourts.gov/.

**15.    Notice of This Order/Electronically Filed Documents**

If this case was initiated in this Court, plaintiff(s) shall immediately serve this Order on all parties, including any new parties to the action. If this case was removed from state court, the removing defendant(s) shall serve this Order on all other parties.

Any document that is electronically filed shall be served by mail that same day on any party or attorney who is not permitted or has not consented to electronic service, with a proof of service to be filed within 24 hours.

**IT IS SO ORDERED.**

Dated:  January 12, 2026

HONORABLE MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

17

**EXHIBIT A: FORMAT FOR EVIDENTIARY OBJECTIONS**

| Declaration/Testimony of _____ | Objection | Ruling |
|---|---|---|
| **Example 1: Entire Declaration of John Smith**<br><br>Start of Deposition.......................................<br><br>[1. Language subject to objection]<br><br>.................................................................<br><br>.................................................................<br><br>.................................................................<br><br>[2. Language subject to objection]<br><br>.................................................................<br><br>.................................................................<br><br>.................................................................<br><br>[3. Language subject to objection]<br><br>.................................................................<br><br>.................................................................<br><br>................................................................. | 1. E.g., Hearsay, cite.<br><br>2. E.g., Lacks foundation, cite.<br><br>3. E.g., Hearsay, cite. | 1. Sustained / Overruled<br><br>2. Sustained / Overruled<br><br>3. Sustained / Overruled |

**EXHIBIT B: FORMAT FOR ATTORNEY'S FEES SUMMARY CHARTS**

| Table 1 | | | |
|---|---|---|---|
| Task 1: Motion to Dismiss | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| **Fee Request for Task 1** | | **Task 1 Sum** | **Task 1 Sum** |
| Task 2: Motion for Summary Judgment | | | |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| **Fee Request for Task 1** | | **Task 1 Sum** | **Task 1 Sum** |

| Table 2 | | | | |
|---|---|---|---|---|
| **Attorney** | **Rate** | **HOURS BY TASK** | | **TOTALS** |
| Attorney 1 (position) | | Task | Total Hours Spent by Attorney on Task | **Hours: Amount:$** |
| | | i.e., Motion to Dismiss | | |
| | | Discovery | | |
| | | Deposition | | |
| | | Task 4 | | |
| | | Task 5 (etc.) | | |
| Attorney 1 (position) | | Task | Total Hours Spent by Attorney on Task | **Hours: Amount:$** |
| **Total** | | | | **Hours: Amount:$** |

19

# EXHIBIT G

CHRYSTELLE GOODING
SHARIECE RENEE MANCE
SOLAR BEING JEWELRY, LLC
8880 RIO SAN DIEGO DRIVE, #2023, 8TH FLOOR
SAN DIEGO, CA 92108

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AVA NEAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHRYSTELLE GOODING, an individual, SOLAR BEING JEWELRY LLC, a California limited liability company, and SHARIECE RENEE MANCE, an individual,<br><br>Defendants. | Case No.: 2:25-cv-09475<br><br>**DECLARATION OF JOSHUA JETER** |

**DECLARATION OF JOSHUA JETER**

I, Joshua Jeter, hereby declare:

1. I am not a party in the above-entitled action.

2. I am a design engineer.

3. On January 6, 2026, I left for work in a rush.

4. I needed to be at work by 9:00 for our daily engineering meeting.

5. I came out of my apartment with my headphones in my ears, preparing for my morning commute.

-1-

6. I never spoke to anyone on any morning to accept service or confirm my identity.

7. I came out of my home with my headphones in my ears, hurriedly rolling my bike down the stairs as I needed to be on time. I immediately got on my bike and rode away to start my day.

I declare under penalty of perjury that the foregoing is true and correct.


Executed in Poway, California _____ on this 22nd _____ day of February _____, 2026.




Joshua Jeter (Feb 22, 2026 22:56:16 PST)
Joshua Jeter

-2-

# EXHIBIT H

Civil Action No. **2:25CV09475**                    Case Name: **Ava Neal, an individual vs Chrystelle Gooding, an individual; et al.**

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This summons for:   **Shariece Renee Mance, an individual**
**was received by me on  January 2, 2026**

☐  I personally served the First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order on Shariece Renee Mance, an individual at   , ,   on

☑  I left the above listed documents at the individual's residence or usual place of abode with (John Doe) **-** Resident ,a person of suitable age and discretion who resides there, on *(date)  January 6, 2026 at 8:35 AM. at* ▮▮▮▮▮▮▮
▮▮▮▮▮▮▮

☐  I served the above listed documents to   , who is designated by law to accept service of process on behalf of    on  ;or

☐  I returned the above listed documents unexecuted because;

☐  other  *(specify):*

*My fees are $ .00 for travel and $ 75.00 for services, for a total of $ 75.00*

*I declare under penalty of perjury that this information is true.*

Date:  *January 6, 2026*                    _____
                                                                    *Benjamin Smith*
                                                                    *Server's signature*


                                                                    **Benjamin Smith**
                                                                    *Printed name and title*


                                                            **Contracted by DDS Legal Support**
                                                            **2900 Bristol Street**
                                                            **Costa Mesa, CA 92626**
                                                            **(714) 662-5555**
                                                                    *Server's Address*

A0440-740330B4

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| Taylor J. Howard, Esq., SBN: 311275<br>A.E.I. LAW, P.C.<br>7755 Center Ave Ste 1100<br>Huntington Beach, CA 926473091<br>TELEPHONE No.: (888) 423-4529 | E-MAIL ADDRESS (Optional): taylor@aeilaw.com<br>FAX No. (Optional): | |
| Attorney for: Plaintiff Ava Neal, an individual | | |

| | Ref No. or File No.: |
|---|---|
| | Neal v Gooding |

Insert name of Court, and Judicial District and Branch Court:

United States District Court - Central District of California, Western Division - Edward R. Roybal

Plaintiff: Ava Neal, an individual

Defendant: Chrystelle Gooding, an individual; et al.

| PROOF OF SERVICE BY MAIL | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>2:25CV09475 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occured.

2. I served copies of the First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Costa Mesa, California, addressed as follows:

    a. Date of Mailing:                   January 7, 2026

    b. Place of Mailing:                Costa Mesa, CA

    c. Addressed as follows:         Shariece Renee Mance, an individual



I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.

Fee for Service: **$ 75.00**

**DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
**Ref: Neal v Gooding**

DDS

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **January 7, 2026.**



Signature:_____

**Monica Figueroa**

## PROOF OF SERVICE BY MAIL

Order#: 740330B4/mailproof

Civil Action No. **2:25CV09475**     Case Name: **Ava Neal, an individual vs Chrystelle Gooding, an individual; et al.**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This summons for:  **Solar Being Jewelry LLC, a California limited liability company**
**was received by me on  January 2, 2026**

☐  I personally served the First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order on Solar Being Jewelry LLC, a California limited liability company at   , ,   on

☑  I left the above listed documents at the individual's residence or usual place of abode with (John Doe) – Resident ,a person of suitable age and discretion who resides there, on *(date)  January 6, 2026 at 8:35 AM. at* ▓▓▓▓▓▓▓▓

☐  I served the above listed documents to   , who is designated by law to accept service of process on behalf of    on
;or

☐  I returned the above listed documents unexecuted because;

☐  other *(specify):*

*My fees are $ .00 for travel and $ 75.00 for services, for a total of $ 75.00*

*I declare under penalty of perjury that this information is true.*

Date:  January 6, 2026

_____
*Benjamin Smith*
*Server's signature*


**Benjamin Smith**
*Printed name and title*


**Contracted by DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
*Server's Address*

A0440-740330C2

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| Taylor J. Howard, Esq., SBN: 311275<br>A.E.I. LAW, P.C.<br>7755 Center Ave Ste 1100<br>Huntington Beach, CA 926473091<br>_TELEPHONE No.:_ (888) 423-4529 | _E-MAIL ADDRESS (Optional):_ taylor@aeilaw.com<br>_FAX No. (Optional):_ | |
| _Attorney for:_ Plaintiff Ava Neal, an individual | | |

| _Ref No. or File No.:_ |
|---|
| Neal v Gooding |

_Insert name of Court, and Judicial District and Branch Court:_

United States District Court - Central District of California, Western Division - Edward R. Roybal

_Plaintiff:_ Ava Neal, an individual

_Defendant:_ Chrystelle Gooding, an individual; et al.

| **PROOF OF SERVICE<br>BY MAIL** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>2:25CV09475 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occured.

2. I served copies of the First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Costa Mesa, California, addressed as  follows:

   a. Date of Mailing:          January 7, 2026
   b. Place of Mailing:         Costa Mesa, CA
   c. Addressed as follows:     Solar Being Jewelry LLC, a California limited liability company
                                ███████████████

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of  business.

Fee for Service: **$ 75.00**
**DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
**Ref: Neal v Gooding**

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on  **January 7, 2026.**

Signature:_____

**Monica Figueroa**

**PROOF OF SERVICE BY MAIL**

Order#: 740330C2/mailproof

Civil Action No. **2:25CV09475**                          Case Name: **Ava Neal, an individual vs Chrystelle Gooding, an individual; et al.**

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This summons for:   **Chrystelle Gooding, an individual**
**was received by me on  January 2, 2026**

☐ I personally served the First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order on Chrystelle Gooding, an individual at   , ,   on

☑ I left the above listed documents at the individual's residence or usual place of abode with (John Doe) **–** Resident ,a person of suitable age and discretion who resides there, on *(date)  January 6, 2026 at 8:35 AM.*

☐ I served the above listed documents to   , who is designated by law to accept service of process on behalf of    on ;or

☐ I returned the above listed documents unexecuted because;

☐ other *(specify):*

*My fees are $ .00 for travel and $ 173.15 for services, for a total of $ 173.15*

*I declare under penalty of perjury that this information is true.*

Date:  January 6, 2026

_____
*Server's signature*

**Benjamin Smith**
*Printed name and title*

**Contracted by DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
*Server's Address*

A0440-740330A4

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| Taylor J. Howard, Esq., SBN: 311275<br>A.E.I. LAW, P.C.<br>7755 Center Ave Ste 1100<br>Huntington Beach, CA 926473091<br>TELEPHONE No.: (888) 423-4529 | E-MAIL ADDRESS (Optional): taylor@aeilaw.com<br>FAX No. (Optional): | |

Attorney for: Plaintiff Ava Neal, an individual

Ref No. or File No.: Neal v Gooding

Insert name of Court, and Judicial District and Branch Court:

United States District Court - Central District of California, Western Division - Edward R. Roybal

Plaintiff: Ava Neal, an individual

Defendant: Chrystelle Gooding, an individual; et al.

| PROOF OF SERVICE BY MAIL | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>2:25CV09475 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occured.

2. I served copies of the First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Costa Mesa, California, addressed as follows:

    a. Date of Mailing:                January 7, 2026
    b. Place of Mailing:            Costa Mesa, CA
    c. Addressed as follows:      Chrystelle Gooding, an individual



I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.

Fee for Service: $ 173.15

**DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
**Ref: Neal v Gooding**

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **January 7, 2026.**

Signature: _____

**Monica Figueroa**

## PROOF OF SERVICE BY MAIL

Order#: 740330A4/mailproof

# EXHIBIT I

**Generated on:** This page was generated by TSDR on 2026-02-23 02:35:13 EST

**Mark:**



**US Serial Number:** 99348604

**Application Filing Date:** Aug. 20, 2025

**Filed as Base Application:** Yes

**Currently Base Application:** Yes

**Register:** Principal

**Mark Type:** Trademark, Service Mark

**TM5 Common Status Descriptor:**

DEAD/APPLICATION/Refused/Dismissed or Invalidated

This trademark application was refused, dismissed, or invalidated by the Office and this application is no longer active.

**Status:** Application is void because it did not meet minimum filing date requirements. Serial number was assigned in error.

**Status Date:** Jan. 13, 2026

# Mark Information

**Mark Literal Elements:** None

**Standard Character Claim:** No

**Mark Drawing Type:** 0 - UNKNOWN MARK DRAWING TYPE

**Description of Mark:** The mark consists of The mark consists of the three dimensional trade dress of the appearance and design of Applicants personal branding, specifically including Applicants afro sculptures. The proposed mark is the inherently distinctive trade dress of Applicant, Ava Neal p/k/a Kwiin Avas personal branding, consisting of a three-dimensional sculpted Afro hairstyle formed into recognizable artistic shapes. In particular, Kwiin Avas natural Afro-textured hair is styled into bold, geometric silhouettes, including (but not limited to) the shapes of a five-point star, a heart, a butterfly, and a flower. The hair is arranged and trimmed to clearly delineate the outline of each shape, creating a striking, sculptural design atop the wearers head. The hairstyles appearance is consistently presented in a uniform solid color (the wearers natural black hair), and maintains a relatively symmetrical, clearly defined form corresponding to the given shape. However, the hairstyles may incorporate temporary coloring, wax, or other non-permanent pigments to enhance the shape or pattern, creating a visually distinctive, three-dimensional appearance. No other elements (such as wording, logos, or additional adornments) are claimed as part of the mark the mark consists solely of the unique configuration of the Afro hairstyle in the aforementioned shapes. The matter shown in broken or dotted lines is not part of the mark and serves only to show the position or placement of the mark. (The human face and body of the individual are not claimed as features of the mark, apart from the sculpted Afro.).

**Acquired Distinctiveness Claim:** In whole

# Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Series of printed children's books; Printed children's books; Printed fiction books on a variety of topics; Series of printed fiction books; Series of printed fiction works, namely, novels and books; Series of printed story books; Printed story books; Printed picture books; Printed colouring books; Printed coloring books

**International Class(es):** 016 - Primary Class

**U.S Class(es):** 002, 005, 022, 023, 029, 037, 038, 050

**Class Status:** ACTIVE

**For:** Marketing services in the nature of promotion of third-party goods and services by social media influencers; Marketing services;

Influencer marketing services; Digital marketing services; Targeted marketing services; Business marketing services; Providing marketing consulting in the field of social media

| | | | |
|---|---|---|---|
| **International Class(es):** | 035 - Primary Class | **U.S Class(es):** | 100, 101, 102 |
| **Class Status:** | ACTIVE | | |
| **First Use:** | Sep. 08, 2021 | **Use in Commerce:** | Sep. 08, 2021 |

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes |
| **Filed ITU:** | Yes | **Currently ITU:** | Yes |
| **Filed 44D:** | No | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## Current Owner(s) Information

| | | | |
|---|---|---|---|
| **Owner Name:** | Ava Neal | | |
| **Owner Address:** | 2928 George Busbee Pkwy<br>Unit 424<br>Kennesaw, GEORGIA UNITED STATES 30144 | | |
| **Legal Entity Type:** | INDIVIDUAL | **Citizenship:** | UNITED STATES |

## Attorney/Correspondence Information

| Attorney of Record | | | |
|---|---|---|---|
| **Attorney Name:** | Taylor James Howard | **Docket Number:** | KwiinKulture |
| **Attorney Primary Email Address:** | taylor@aeilaw.com | **Attorney Email Authorized:** | Yes |

| Correspondent | | | |
|---|---|---|---|
| **Correspondent Name/Address:** | Taylor James Howard<br>A.E.I. Law, P.C.<br>7755 Center Ave.<br>Suite 1100<br>Huntington Beach, CALIFORNIA United States 92647 | | |
| **Phone:** | 1-(888) 423-4529 | | |
| **Correspondent e-mail:** | taylor@aeilaw.com assistant@aeilaw.com | **Correspondent e-mail Authorized:** | Yes |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Aug. 20, 2025 | APPLICATION FILING RECEIPT MAILED | |
| Aug. 20, 2025 | NEW APPLICATION ENTERED | |

## TM Staff and Location Information

| TM Staff Information | | | |
|---|---|---|---|
| **TM Attorney:** | | **Law Office Assigned:** | Not Assigned |

| File Location | | | |
|---|---|---|---|
| **Current Location:** | Not Found | **Date in Location:** | Jan. 09, 2026 |