CHRYSTELLE GOODING
SHARIECE RENEE MANCE
SOLAR BEING JEWELRY, LLC
8880 RIO SAN DIEGO DRIVE, #2023, 8TH FLOOR
SAN DIEGO, CA 92108



FILED
CLERK, U.S. DISTRICT COURT
04/15/2026
CENTRAL DISTRICT OF CALIFORNIA
BY _____ GSA _____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AVA NEAL, an individual,<br><br>              Plaintiff,<br><br>vs.<br><br>CHRYSTELLE GOODING, an individual, SOLAR BEING JEWELRY LLC, a California limited liability company, and SHARIECE RENEE MANCE, an individual,<br><br>              Defendants. | Case No.: 2:25-cv-09475<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AND APPEAL TO ORDER FOR ALTERNATE SERVICE<br><br>COMPLAINT FILED: OCTOBER 3, 2025<br><br>FAC FILED: NOVEMBER 13, 2025<br>JUDGE: HON. MARK C. SCARSI<br><br>HEARING: MAY 11, 2026<br>COURTROOM: 7D<br>TIME: 9:00 AM |

Defendants, Chrystelle Gooding, She's a Solar Being Jewelry, and Shariece Renee Mance, in Pro Se, respectfully submit this Opposition to Plaintiff's Motion for Alternative Service and Appeal to Order for Alternate Service state as follows:

## I. INTRODUCTION

Plaintiff seeks leave to serve Defendant by alternative means, alleging that personal service has been unsuccessful. While the Court has discretion to authorize such service under Rule 4(e) of the State Rules of Civil Procedure, Plaintiff has not met the burden of demonstrating that personal service is impracticable despite diligent efforts.

## II. LEGAL STANDARD

Under the California Code of Civil Procedure (CCP) § 415.20, a party requesting alternative service must show:

1. That personal service has been attempted with reasonable diligence; and
2. That the proposed alternative method is reasonably calculated to provide actual notice.

Courts have consistently held that "reasonable diligence" requires multiple, varied attempts at service at different times of day and on different days of the week.

## III. ARGUMENT

### A. Plaintiff Has Not Demonstrated Reasonable Diligence

Plaintiff's affidavit indicates dates on which attempts at service were never made. (see Exh. A) Service was not attempted within 60 days of the filing of their complaint pursuant to California Court Rule 3.110(b). Plaintiff chose to rely on this honorable court to effectuate service for them rather than attempt service themselves. This honorable court has granted Plaintiff two (2) extensions, by court order, to serve the Defendants. (see Exh B.)  These extensions were well beyond the 60 days required per California Court Rule 3.110(b).

**B. The Proposed Method Risks Inadequate Notice**

The Plaintiff proposes to serve the Defendant by methods such as posting on the door, email, or publication. However, the Plaintiff has not demonstrated that the Defendant regularly uses or has access to these proposed methods. Without this evidence, there is a significant risk that the Defendant will not receive actual notice, which undermines their due process rights. Additionally, Plaintiff's attorney, Taylor Howard, stated in their declaration that a process server named Enrique Mendez attempted to serve the Defendants on December 10, 11, 12, 13, 15, and 17, 2025. However, according to evidence, no efforts were made to serve the Defendants at their apartment in Los Angeles during this time (see Exh. C). Charlotte Aubert, the leasing office manager, confirmed that their logs do not show that Enrique Mendez signed in or inquired about accessing a residential apartment. Ms. Aubert also noted that the building has very strict rules regarding non-resident access. Officer Kegler, who provides security for the apartment building, confirmed that no one named Enrique Mendez ever contacted security, visited the building, or signed the mandatory logbook for guests. Even if someone signs the logbook, there are additional protocols that must be followed, and compliance does not guarantee access. Officer Kegler emphasized that the building's strict policies are in place to prevent non-residents from accessing the premises, which is essential for the safety of the residents. It is not sufficient to approach the building and provide a name to gain entry (see Exh. D). In paragraphs 14 and 16 of their declaration, Attorney Howard claimed that his process server gained access to the apartment, a claim that is false. Furthermore, Attorney Howard's declaration also asserted that a tag was placed on the Plaintiff's apartment door by Enrique Mendez, but this never occurred (see Exhs. C and E). In California, refer to the California Code of Civil Procedure, specifically sections 415.20 and 415.50, which outline the methods of service and the conditions under which alternative service may be allowed. In determining

whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit required by the statute to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." Donel, Inc. v. Badalian, 87 Cal. App. 3d 327, 333 (Ct. App. 1978). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." Watts v. Crawford, 896 P.2d 807, 811 n.5 (Cal. 1995) (citation and internal quotation marks omitted). Accordingly, "the term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." Id. (citations and some internal quotation marks omitted). However, "[a] number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, . . . and by investigation of appropriate city and telephone directories, voter registries, and assessor's office property indices situated near the defendant's last known location, generally are sufficient." Id. (citations and internal quotation marks omitted). Mr. Mendez stated in his logs of attempted service that he place a notice on Ms. Gooding's door stating he was attempting to serve her. It appears that Attorneys Taylor Howard and Steve Vondran were not truthful in their declarations. The elements of committing perjury are as follows:

    1. Oath: The statement must be made under the belief that the person is under oath or affirmation, as evidenced by the declarations of the Plaintiff's attorneys.

    2. False Statement: The statement must be false.

    3. Materiality: The statement must be material to the proceeding.

    4. Willful Deception: The statement must be made with the intent to deceive.

    Plaintiff's attorneys used false declarations from Mr. Mendez and Attorney Howard to deceive and mislead the court. This was confirmed by Officer Kegler, the leasing office manager, who stated that no one named Enrique Mendez has ever

requested access to the Defendant's apartment or left a tag on the apartment door. According to Attorney Howard's declaration and Mr. Mendez's service attempt log, Mr. Mendez claimed that he attempted service on December 11, 2025, at 4:45 PM. However, at that time, Ms. Gooding arrived at the apartment and would either have encountered the process server or seen the tag, if it had existed. Ms. Gooding had an appointment in Los Angeles on December 11, 2025, and was scheduled to meet someone. She returned home to the apartment at 3:00 PM that same day.  There was no tag left on the apartment door. The Defendants would have responded to such a tag, but in reality, the Plaintiff never attempted service on the Defendants. Process servers are prohibited from leaving tags or any physical indicators on the doors of individuals they are attempting to serve. The primary method for serving legal documents is personal service, which requires the process server to physically hand the court documents to the person named in the lawsuit. If personal service is not feasible after multiple attempts, process servers may resort to substituted service. This method allows them to leave the documents with a competent adult at the individual's residence or with a manager at their place of business. However, substituted service is a last resort and is only permissible when other methods have failed, and specific legal requirements are met.  As an experienced attorney, Attorney Howard is aware of these procedures. According to paragraphs 4 to 6 of Attorney Steven Vondran's declaration, he claims the following: "On information and belief, service attempts were made on multiple occasions in or around December 2025 and January 2026, including several attempts at personal service at the Defendants' last known address," "Despite these repeated attempts, Defendants were not successfully served," and "based on the repeated unsuccessful service attempts, service has proven impracticable due to restricted access to Defendants' residence and the inability to successfully complete service despite diligent efforts" (see Exh. F). Attorney Vondran claims that the declarations of Mr. Mendez and

Attorney Howard are truthful, but this is not the case. Attorney Howard's declaration contains erroneous and unverified information that Attorney Vondran failed to confirm. The Defendants are not evading service; the Plaintiff had ample opportunity to serve them properly. The attached declarations illustrate that the Plaintiff's stated attempts at service that never occurred (see Exh. C). The Plaintiff has painted the Defendants as evaders of service and portrayed them negatively in court and on social media, which was part of their original plan to gain sympathy and assistance from this court. The court orders dated November, 2025 and January 16, 2026, directed the Plaintiff to properly serve the Defendants, which the Plaintiff failed to do, disregarding this honorable court's order (see Exh. B). In these orders, the court gave Plaintiffs more than 90 days to attempt service, during which Plaintiffs continued to rely on the court to effect service rather than attempt it themselves. In another attempt, the Plaintiff attempted to use Joshua Jeter as a scapegoat for their failure to provide proper service. It is important to note that Mr. Jeter is not a party in this matter. The Plaintiff's process server claimed to have spoken with Mr. Jeter, but this is untrue. Mr. Jeter did not have any conversations with any party or their contractors, associates, employees, or any other individuals concerning this matter, nor did he confirm his identity or residence. (see Exh. G) This represents another attempt by the Plaintiff to blame someone not involved in this case for their failure to properly serve the Defendants. Because Plaintiff has not satisfied the statutory prerequisites for alternative service, Defendant respectfully requests that the Court deny Plaintiff's Motion for Alternative Service. In the alternative, if the Court is inclined to grant the motion, Defendant requests that the Court impose conditions and sanctions.

IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court:

1. Deny Plaintiff's request for Alternate Service;

2. Impose sanctions against Plaintiff; and

3. Dismiss this case with prejudice.

///

///


Dated: April 11, 2026


Respectfully submitted,


*Chrystelle Gooding*

Chrystelle Gooding, Defendant


*Shariece Renee Mance*

Shariece Renee Mance, Defendant

*Chrystelle Gooding*

Solar Being Jewelry, LLC, Defendant

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-09475-MCS-MAR** | Date | March 25, 2026 |
| Title | *Neal v. Gooding* | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER DISCHARGING ORDER TO SHOW CAUSE (ECF NO. 46) AND EXTENDING DEADLINE TO COMPLETE SERVICE**

The Court granted Defendants Chrystelle Gooding and Shariece Renee Mance's motion to set aside the entry of default against them, sua sponte set aside the entry of default against Defendant Solar Being Jewelry LLC, and ordered Plaintiff Ava Neal to show cause why this action should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (Order, ECF No. 46.) Plaintiff filed a response. (Resp., ECF No. 47.)

Plaintiff requests that the Court reconsider its order setting aside the entry of default against Defendants. (Resp. 12.) To the extent that this request is intended as a motion for reconsideration, it does not comply with the local rules governing motion practice. *E.g.*, C.D. Cal. Rs. 6-1, 7-4, 7-20. The Court also denies Plaintiff's request on the merits. Local Rule 7-18 authorizes only three grounds upon which a motion for reconsideration may be brought:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or

| Page 1 of 5 | **CIVIL MINUTES – GENERAL** | Initials of Deputy Clerk SMO |
|---|---|---|

(b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

C.D. Cal. R. 7-18.

"Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007). "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." *Roe v. LexisNexis Risk Sols. Inc.*, No. CV 12-6284 GAF (Ex), 2013 U.S. Dist. LEXIS 195141, at *5–6 (C.D. Cal. May 2, 2013) (collecting cases).

Plaintiff identifies no material difference in fact or law unknown to her at the time the Order was entered, or emergence of new material facts or change of law, as a basis for reconsideration. Though Plaintiff offers additional evidence in the form of social media posts in support of her assertion that Ms. Gooding and Ms. Mance reside in San Diego, (*see* Luton Decl. Exs. B–E, ECF No. 47-1), these posts could easily have been provided by Plaintiff in her counsel's declarations in support of the substituted service attempt. Nor does Plaintiff identify any material facts before the Court that the Court failed to consider. As the Court explained in its prior order, the uncertainty whether the Poway Address was Ms. Gooding and Ms. Mance's dwelling or usual place of abode, and the inability of Plaintiff's process server to ascertain the identity of the John Doe whom he served rendered the attempted substitute service ineffective under California Code of Civil Procedure section 415.20. (Order 3–4.) Plaintiff proffers additional notes from the process server detailing his attempted service on the John Doe, (*see* Luton Decl. Ex. F, ECF No. 47-1), but these notes are consistent with the Court's previous analysis and merely reinforce that the process server did not ascertain the John Doe's identity. To the extent Plaintiff argues that the Court committed error, clear error is not a ground for reconsideration authorized by Local Rule 7-18. *E.g.*, *Roman v. Mayorkas*, No. ED CV 20-00768 TJH (PVCx), 2022 U.S. Dist. LEXIS 91739, at *7 (C.D. Cal. Feb. 25, 2022); *Ketab Corp. v. Mesriani Law Grp.*, No. 2:14-cv-07241-RSWL (MRW), 2015 U.S. Dist. LEXIS 58953, at *6 & n.4 (C.D. Cal. May 5, 2015).

In addition, Plaintiff contends that Defendants' appearance at the Court's hearing on Plaintiff's ex parte application for a temporary restraining order and

written opposition to the application constituted a general appearance, waiving any objections Defendants may have had to service of process. (Resp. 8–11.) "A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended by*, 807 F.2d 1514 (9th Cir. 1987). "A general appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court. This is an affirmative act involving knowledge of the suit and an intention to appear." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1047 (N.D. Cal. 2010) (internal quotation marks omitted).

At the outset, the Court notes that Defendant Solar Being Jewelry LLC could not have made any general appearance because limited liability companies may not appear in federal court without representation by an attorney. *See, e.g.*, *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004). Moreover, the Court concludes that Ms. Gooding and Ms. Mance's appearances at the hearing on the ex parte application for a temporary restraining order and written opposition did not constitute a general appearance. A temporary restraining order has the narrow purpose of preserving the status quo and preventing irreparable harm until a preliminary injunction hearing can take place. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). Merely opposing an ex parte application, particularly as pro se litigants, is not the "kind of affirmative act . . . that fairly invite[d] the court to resolve the dispute between the parties." *SEC v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007); *cf. TDBBS LLC v. Ethical Prods. Inc.*, No. CV-19-01312-PHX-SMB, 2019 WL 1242658, at *2–3 (D. Ariz. Mar. 18, 2019) (finding waiver of personal jurisdiction defense based on defendant's conduct before the court where defendant not only participated in temporary restraining order hearing, but also voluntarily argued the merits of the case, participated in a discovery dispute conference, defended two depositions, and noticed a deposition).

In the alternative, Plaintiff requests that the Court extend the deadline to complete service. (Resp. 13.) Federal Rule of Civil Procedure 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 90 days of the filing of the operative complaint, courts have authority to dismiss an action without prejudice after giving notice to the plaintiff. *See Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (requiring notice before dismissal). If a plaintiff shows good cause for the failure to serve the complaint within that period, the Court must extend the time for accomplishing service. Fed. R. Civ. P. 4(m). The plaintiff bears the burden of establishing good cause. *See Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

---

The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of governing rules alone." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992). A party may establish good cause

> by establishing, at minimum, excusable neglect. In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

*Lemoge v. United States*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009) (citation and internal quotation marks omitted).

Although Plaintiff already received one 60-day extension of the deadline to complete service, (Order Granting EPA to Extend Time to Serve Process, ECF No. 19), the record demonstrates good cause to extend the deadline once more. *See* Fed. R. Civ. P. 4(m). While Plaintiff offers no argument directly addressing all three *Lemoge* factors, she does note that Ms. Gooding and Ms. Mance have received actual notice of the lawsuit. (Resp. 12.) While Plaintiff does not argue that she would be severely prejudiced if her complaint were dismissed, it also does not appear that Defendants would suffer any significant prejudice from a further extension.

Accordingly, the Court reopens and extends the deadline to serve Defendants. Plaintiff shall complete service and file a proof of service within 45 days of entry of this Order. Absent an extraordinary showing of good cause, this deadline will not be extended further.

In her response, Plaintiff also requests that the Court "authorize alternative means of service reasonably calculated to provide notice, including service by email, publication, or a combination of such methods." (Resp. 13.) However, Plaintiff identifies no specific email address or form of publication by which she proposes to serve Defendants, leaving the Court unable to determine whether any form of alternative service is appropriate. Accordingly, this request is denied without prejudice to renewal in a properly noticed motion that complies with the local rules governing motion practice. Any such motion must demonstrate that Plaintiff has

demonstrated reasonable diligence in her attempts to serve Defendants. *See, e.g., Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 332 (1978); *Howard v. Combs*, No. 2:25-cv-06031-AH-JPRX, 2025 U.S. Dist. LEXIS 264069, at *3 (C.D. Cal. Dec. 2, 2025).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AVA NEAL

                Plaintiff(s),

    v.

CHRYSTELLE GOODING, et al.

             Defendant(s).

Case No. 2:25−cv−09475−MCS−MAR

**INITIAL STANDING ORDER
FOR CIVIL CASES ASSIGNED
TO JUDGE MARK C. SCARSI**

This case has been assigned to the calendar of Judge Mark C. Scarsi. Both the Court and the parties bear responsibility for the progress of this litigation in federal court. To "secure the just, speedy, and inexpensive determination" of this case, Fed. R. Civ. P. 1, all counsel and unrepresented litigants must become familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, the Court's standing orders, and Judge Scarsi's webpage, https://apps.cacd.uscourts.gov/Jps/honorable-mark-c-scarsi,

**THE COURT ORDERS AS FOLLOWS:**

  1.  **Service of the Complaint**

    The plaintiff shall promptly serve the complaint in accordance with Federal Rule of Civil Procedure 4 and file proof of service pursuant to Local Rule 4(*l*).

1

Rule 4(m) requires the summons and complaint to be served within 90 days. The Court expects service to be completed as soon as reasonably practicable. The Court will require plaintiff to show good cause to extend the service deadline beyond 90 days.

### 2. Presence of Lead Counsel

Lead trial counsel shall attend any scheduling, pretrial, or settlement conference set by the Court unless engaged in trial. The Court does not permit special appearances; only counsel of record may appear at any proceeding.

The Court expects counsel to appear in person at any hearing. The Court does not permit remote appearances. A party whose lead counsel cannot appear at a hearing for good cause may request leave to appear by non-lead counsel, an order advancing the hearing, or an order continuing the hearing no longer than one week. Such a request must be made by the Wednesday before the subject hearing and be supported by a declaration demonstrating good cause.

### 3. Ex Parte Applications

Ex parte applications are solely for extraordinary relief and are rarely granted. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). ("Lawyers must understand that filing an ex parte motion . . . is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire."). Such applications must be supported by "evidence... that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. Ex parte applications that fail to conform to Local Rule 7-19, including a statement of opposing counsel's position, will not be considered except on a specific showing of good cause.

Counsel for the applicant must provide advance notice of the application by

2

telephone and email to all other parties. In addition to the information required by Local Rule 7-19.1, the notice must advise the other parties of the anticipated deadline to oppose the application. The applicant must serve the application by facsimile, email, or personal service, even if electronic service is effected under Local Rule 5-3.2.1.

Oppositions to ex parte applications must be filed within 24 hours of the filing of the application, subject to Rule 6(a)(2). If an opposing party does not intend to oppose the ex parte application, counsel must inform the Courtroom Deputy Clerk by telephone or email as soon as possible. No replies in support of ex parte applications are authorized.

### 4.    Continuances or Extensions of Time

This Court is committed to adhering to all scheduled dates. In general, this makes the judicial process more efficient and less costly. Changes in dates are sharply disfavored. The case schedule set by the Court, including the trial date, is firm and will rarely be changed. Therefore, any request, whether by application or stipulation, to continue the date of any matter before this Court must be supported by good cause demonstrating why the change in the date is essential. Without such compelling factual support, requests to continue dates set by this Court will not be approved. Counsel requesting a continuance must electronically file any application or stipulation with a proposed order and a detailed declaration of counsel providing the grounds for the requested continuance or extension of time. The Court will deny any request that fails to comply with the Local Rules and this Order. Stipulations and requests to amend the case schedule become effective only if, and when, this Court approves the stipulation as presented to, or modified by, the Court. The Court acts promptly to resolve requests to modify the case schedule, but processing delays of up to a week are not unusual; therefore, counsel shall not submit requests for a schedule modification fewer than seven calendar days prior to the earliest date subject to the request. The Court presumes that there is no good cause to continue

3

any deadline that will pass within a week of a continuance request or has already passed.

## 5. TROs and Injunctions

Parties seeking emergency or provisional relief shall comply with Federal Rule of Civil Procedure 65 and Local Rule 65-1. The application shall include a proof of service which complies with the Court's requirements for ex parte applications or a separate request for service to be excused. The Court will not rule on any application for such relief for at least 24 hours after the party subject to the requested order has been served unless service is excused. Counsel shall call the Courtroom Deputy Clerk no later than 30 minutes after filing the documents.

## 6. Cases Removed from State Court

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be re-filed in this Court as a supplement to the notice of removal. *See* 28 U.S.C. § 1447(a)-(b). If the defendant has not yet answered or filed a motion in response to the complaint, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules. If, before the case was removed, a motion or demurrer in response to the complaint was pending in state court, it must be re-noticed in this Court in accordance with Local Rule 6-1 and Local Rule 7. Counsel shall file with their first appearance a notice of interested parties in accordance with Local Rule 7.1-1.

If an action is removed to this Court that contains a form pleading, i.e., a pleading in which boxes are checked, the party or parties utilizing the form pleading must file an appropriate pleading with this Court within 30 days of receipt of the Notice of Removal. The appropriate pleading referred to must comply with the requirements of Federal Rules of Civil Procedure 7, 7.1, 8, 9, 10, and 11.

\\\

### 7. Status of Fictitiously Named Defendants

This Court intends to adhere to the following procedures where a matter is removed to this Court on diversity grounds with fictitiously named defendants. *See* 28 U.S.C. §§ 1441, 1447.

a. Plaintiff is expected to ascertain the identity of, and serve, any fictitiously named defendant, within 90 days of the removal of the action to this Court.

b. If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be identified within the 90-day period, an ex parte application requesting permission to extend that period to effectuate service may be filed with this Court. Such an application shall state the specific reasons for the requested extension of time, including a description of all efforts made up to that time to identify and serve such defendants. The ex parte application shall be served upon all appearing parties, and shall state that appearing parties may file written comments within seven days of filings of the ex parte application.

c. If plaintiff wants to substitute a defendant for one of the fictitiously named defendants, plaintiff shall first seek the consent of counsel for all defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff should file a motion on regular notice. The motion and opposition should address whether the matter should thereafter be remanded to the Superior Court if complete diversity of citizenship would no longer be present as a result of the addition of the new party. *See* U.S.C. § 1447(c) and (d).

### 8. Discovery

#### a. Discovery Matters Referred to the Magistrate Judge

All discovery matters, including all discovery motions, are referred to the assigned United States Magistrate Judge. The Magistrate Judge's initials follow the

District Judge's initials next to the case number on this Order. All discovery-related documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing.

In accordance with 28 U.S.C. § 636(b)(1)(A), the Court will not reverse any order of the Magistrate Judge unless it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

Any party may file and serve a motion for review and reconsideration before this Court. *See* Fed. R. Civ. P. 72(a). The moving party must file and serve the motion within 14 days of service of a written ruling or within 14 days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with points and authorities.

### b.   Compliance with Federal Rule of Civil Procedure 26(a)

Unless there is a likelihood that, upon motion by a party, the Court would order that any or all discovery is premature, counsel should begin to conduct discovery actively before the Scheduling Conference. Discovery is not stayed prior to the Scheduling Conference or after dates have been set unless otherwise ordered by the Court. At the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery.

### 9.   Motions

#### a.   Time for Filing and Hearing Motions

Motions shall be filed in accordance with Local Rule 6-1 and Local Rule 7. Except for motions set for hearing at a pretrial conference, parties must set motions for hearing on a Monday at 9:00 a.m. The Court does not hear motions on national holidays or closed motion dates, as maintained on the Court's webpage. It is not necessary to clear a hearing date with the Courtroom Deputy Clerk prior to the

6

filing of a motion.

**b.   Briefing Motions**

**Please read this section carefully. This Court's schedule for briefing motions differs significantly from the briefing schedule set by the Local Rules.**

Any motion that is filed and set for a hearing to be held fewer than 35 days from the date of the filing of the motion shall be briefed pursuant to Local Rules 7-9 and 7-10. Otherwise, motions shall be briefed according to the following schedule:

(a). Any motion that is filed and set for a hearing between 35 and 70 days from the date of the filing of the motion: (i) any opposition must be filed no later than 14 days after the filing of the motion; and (ii) any reply must be filed no later than 21 days after the filing of the motion.

(b). Any motion that is filed and set for a hearing more than 70 days from the date of the filing of the motion: (i) any opposition must be filed no later than 21 days after the filing of the motion; and (ii) any reply must be filed no later than 35 days after the filing of the motion.

**c.   Prefiling Requirement to Meet and Confer**

Counsel must comply with Local Rule 7-3, which requires counsel to engage in a prefiling conference "to discuss thoroughly... the substance of the contemplated motion and any potential resolution," and to file a declaration confirming compliance. In addition to the requirements stated in Local Rule 7-3, the declaration must state whether the conference took place in person, by telephone, or via video conference. Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference, including the prospective hearing date. The *in propria persona* status of one or more parties does not alter this requirement. Any motion that fails to comply with Local Rule 7-3 will be

denied.

**d.   Length and Format of Motion Papers**

All motion papers shall comply with Local Rule 11-3. Only in rare instances and for good cause shown will the Court grant an application for relief from the brief length limitations of Local Rule 11-6. Reply briefs may not exceed 3,000 words, excluding indices and exhibits. A handwritten or typewritten reply brief may not exceed 10 pages, excluding indices and exhibits. No supplemental brief or surreply shall be filed without prior leave of Court.

Counsel shall adhere to Local Rule 5-4.3.1 with respect to the conversion of all documents to a PDF so that when a document is filed, it is in the proper size and format that is text-searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document.

Electronic nonpaper exhibits lodged under Local Rule 5-4.2(b)(1) (e.g., audio and video files) must be provided on a USB flash drive or by sending a link to an Internet file hosting service (e.g., Dropbox) by email to MCS_Chambers@cacd.uscourts.gov. Exhibits provided on a CD or DVD will not be considered and will be destroyed unless the CD or DVD itself is a nonpaper exhibit subject to Local Rule 11-5.1.

**e.   Chambers Copies**

Chambers copies are not required. Unless subject to Local Rule 5-4.2, paper copies of any documents delivered to the Court will be refused or destroyed and not considered.

**f.   Citations of Case Law**

Citations of case law must identify not only the case cited, but also the specific page referenced. For example, if a quotation is presented, the associated page citation shall be provided. Similarly, if a case is cited in support of a proposition based on language in the opinion, the pages on which such language appears shall be provided. Bluebook style is preferred.

### g.   Citations of Other Sources

Statutory references should identify with specificity the sections and subsections referenced. Citations of treatises, manuals, and other materials should include the volume, section, and pages that are referenced. Citations of prior filings in the same matter shall include the docket entry number, section, and pages that are referenced. Bluebook style is preferred.

### h.   Oral Argument

If the Court deems a matter appropriate for decision without oral argument, the Court will notify the parties in advance. C.D. Cal. R. 7-15. Requests to conduct or waive a hearing may not be honored.

## 10.   Specific Motions

### a.   Rule 12 Motions

Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially where perceived defects in a complaint, answer, or counterclaim could be corrected by amendment. *See Chang v. Chen*, 80 F. 3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). These principles require that plaintiff's counsel carefully evaluate defendant's contentions as to the deficiencies in the complaint. In most instances, the moving party should agree to any amendment that would cure the defect.

This Court generally denies any Rule 12(f) motion to strike unless the movant can demonstrate it will suffer prejudice absent the requested relief. *In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147, 151 (C.D. Cal. 2022) (Scarsi, J.). A plaintiff's prayer for a remedy precluded as a matter of law is not the proper target of a Rule 12 motion. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010); *Saroya v. Univ. of Pac.*, 503 F. Supp. 3d 986, 1000 (N.D. Cal. 2020).

If a motion to dismiss is granted with leave to amend, counsel shall attach as an appendix to an amended pleading a "redline" version of the amended pleading showing all additions and deletions of material.

### b.    Motions for Leave to Amend

All motions for leave to amend pleadings shall: (1) state the effect of the amendment and (2) identify the page and line numbers and wording of any proposed change or addition of material. The proposed amended pleading shall be serially numbered to differentiate it from previously amended pleadings.

In addition to the requirements of Local Rule 15, counsel shall attach as an appendix to the moving papers a "redline" version of the proposed amended pleading showing all additions and deletions of material.

### c.    Motions for Summary Judgment

Parties need not wait until the motion cut-off date to bring a motion for summary judgment or partial summary judgment. A party moving for summary judgment must file the motion at least 35 days before the hearing. The parties should prepare papers in a fashion that will assist the Court in locating the evidence with respect to the facts (e.g., generous use of tabs, tables of contents, headings, indices, etc.).

### i.    Separate Statements

The parties are to comply precisely with Local Rules 56-1 through 56-3 governing Statements of Uncontroverted Facts and Statements of Genuine Disputes.

If the opposing party submits that the Court should consider facts that bear on, or relate to, the issues raised by the movant but are not presented in the moving party's Statement of Uncontroverted Facts or the opposing party's Statement of Genuine Disputes, the opposing party may submit a Statement of Additional Uncontroverted Facts, which must be filed as a document separate from the Statement of Genuine Disputes and must follow the format described in Local Rule 56-1 with respect to the moving party's Statement of Uncontroverted Facts. The

10

nonmoving party's additional facts must be numbered sequentially to follow the last numbered fact presented by the moving party. With its reply papers, the moving party may submit a Statement of Additional Genuine Disputes following the format prescribed by Local Rule 56-2 with respect to the nonmoving party's Statement of Genuine Disputes. Absent a court order, no response to the Statement of Additional Genuine Disputes is authorized.

### ii. Supporting Evidence

No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in support of or opposition to a motion for summary judgment.

Evidence in support of, or in opposition to, a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence and should not be attached to the memorandum of points and authorities. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, or a witness who can establish authenticity.

The parties shall ensure that electronically filed copies of evidence in support of, or in opposition to, a motion for summary judgment are in the proper format. Thus, all documents must be text-searchable and have selectable text that may be copied and pasted directly from the filed document.

Additionally, testimony cited in a statement of uncontroverted facts, statement of genuine material facts, or statement of additional material facts shall be highlighted and/or underlined.

\\\

### iii. Objections to Evidence

Evidentiary objections to a declaration submitted in connection with a motion or other matter shall be made in writing and served and filed at the same time as, but separately from, the opposition or reply papers. If a party disputes a fact based in whole or in part of an evidentiary objection, the ground of the objection should be succinctly stated in a separate statement of evidentiary objections in a three-column format:

    a. The left column should include the relevant portions of any declaration or deposition, which shall include the highlighted, underlined, and/or bracketed portions that are being objected to (including page and line number, if applicable). Each objection shall be numbered and located within the copy of the declaration.

    b. The middle column should set forth a concise objection (e.g., hearsay, lacks foundation, etc.) with a citation of the Federal Rules of Evidence or, where applicable, a case citation.

    c. The right column should provide space for the Court's entry of its ruling on the objection.

    d. A proposed order shall be filed and attached to the evidentiary objections as a separate document consistent with Local Rule 52-4.1 and either uploaded through the CM/ECF system or emailed directly to mcs_chambers@cacd.uscourts.gov.

*See* Exhibit A. Counsel shall adhere to this format for any evidentiary objections that are submitted to the Court for consideration.

### d. Motions for Attorney's Fees

Motions for attorney's fees shall be filed and set for hearing according to Local Rule 6-1 and this Order. Any motion or request for attorney's fees shall attach two summaries, in table form, of the hours worked by and billing rate of

each attorney with title (i.e., partner, local counsel, associate, etc.).

The first table shall include a summary of the hours worked by each attorney, organized by task (i.e., discovery, motion to dismiss, motion for summary judgment). If the hourly rate charged by any individual attorney changed while the case was ongoing, the party shall provide separate calculation for the total number of hours that the attorney spent in connection with each task at each hourly rate.

The second table shall include a summary of the hours worked by each attorney, organized by attorney. This table shall list all of the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of each attorney.

Any table as set forth above shall be attached to the motion and electronically filed. A copy of the table shall be emailed to mcs_chambers@cacd.uscourts.gov in Microsoft Excel format and have all restrictions removed so that the spreadsheet can be edited. *See* Exhibit B.

**e.    Motions for Preliminary and Final Approval of Class Action Settlement**

Parties submitting a motion for preliminary or final approval of a class settlement shall include a spreadsheet supporting any proposed award of attorney's fees. The spreadsheet shall include an estimate of any future attorney's fees for which compensation will be sought, the normal hourly rate of all counsel for whom entries appear on the spreadsheet, the support for such hourly rate(s), and an explanation of the basis of any service enhancement award for lead plaintiff(s), including the hours worked and activities performed by such lead plaintiff(s). A copy of the table shall be emailed to mcs_chambers@cacd.uscourts.gov in Microsoft Excel format and have all restrictions removed so that the spreadsheet can be edited. *See* Exhibit B.

**11.    Under Seal Documents**

Counsel shall comply with Local Rule 79-5. All applications must provide

the reason(s) why the parties' interest in maintaining the confidentiality of the document(s) outweighs the public's right of access to materials submitted in connection with a judicial proceeding. Counsel are ordered to meet and confer in person or by telephone at least seven calendar days prior to the filing of an application in which the basis for the requested sealing is stated to determine if they can agree on the proposed under seal filing. No later than two calendar days after the meet and confer process has concluded, the non-proposing party shall confirm whether it agrees to having such information designated as confidential or whether it opposes an under seal filing. Any application for under seal filing, whether or not opposed, shall contain the dates and method by which the parties met and conferred. If such information is not provided, the application will be denied without prejudice to an amended application being filed that complies with the foregoing terms.

**Filing Applications for Leave to File Under Seal**

1.      The application for leave to file under seal shall be filed on the public docket and shall attach a proposed order pursuant to Local Rule 5-4.4.1 and 5-4.4.2. Any declaration that supports the application shall also be attached to the application unless it contains confidential information. The declaration shall be filed under seal as its own docket entry if it contains confidential information.

2.      The unredacted version of all documents sought to be sealed shall be filed provisionally under seal. The documents may be attached to the declaration that supports the application, if the declaration is sealed and is filed as its own docket entry. Otherwise, the documents should be filed separately under provisional seal. The title shall include "Unredacted" or "Sealed" as the first word of the title of the document. Any provisionally sealed document

14

must clearly mark the information that is confidential or privileged via highlighting in color and/or using brackets.

3.    The Court will review the submitted documents and determine whether the documents can be sealed. If the application is granted, counsel shall file:

i.    The unredacted version of the entire document as its own docket entry. The title shall include "Unredacted" or "Sealed" as the first word of the title of the document. Any information that has been redacted or omitted from the public filing must be clearly marked via highlighting in color and/or using brackets.

ii.    The redacted version of the entire document as its own docket entry. Unless otherwise stated in the order granting the application, a redacted version is required of all sealed documents. The title shall include "Redacted" as the first word of the title of the document. Any information that is confidential or privileged must be blacked out or a page shall be inserted with the title of the document that indicates that the entire document is sealed.

Closely related materials filed at the same time where some are proposed to be filed under seal and others will not be sealed shall be considered as a single document and filed as a single docket entry containing multiple attachments. For example, if certain exhibits to a declaration are to be filed under seal, even if other exhibits or the declaration are not, the entire document for which permission to seal should be sought is the declaration and all exhibits. The docket shall therefore include:

          i.    One unredacted, sealed docket entry containing the declaration with all exhibits, including sealed exhibits, filed as an attachment to the declaration; and

          ii.    a separate, redacted docket entry containing the declaration with all exhibits, including redacted exhibits, filed as an attachment to the declaration.

**12.    Initial Pleadings**

Counsel shall comply with Local Rule 3 when filing initial pleadings. All initiating pleadings, including third-party complaints, amended complaints, complaints in intervention, counterclaims, and crossclaims, shall be filed as a separate document. None shall be combined with an answer.

**13.    Amended Pleadings**

Every amended pleading shall be serially numbered to differentiate the pleading from prior pleadings, e.g. First Amended Complaint, Second Amended Counterclaim, Third Amended Crossclaim, etc. Counsel shall attach as an appendix to all amended pleadings a "redline" version of the amended pleading showing all additions and deletions of material from the most recent prior pleading.

**14.    Pro Se/Self-Represented Parties**

Pro se/self-represented parties may continue to present all documents to the Clerk for filing in paper format pursuant to Local Rule 5-4.2. However, the Court will also permit self-represented parties to present all documents to the Clerk for filing by email so long as they comply with the following requirements:

(a)    The document shall be prepared so that it complies with the requirements set forth in Local Rule 11-3, i.e., legibility, font, paper, pagination, spacing, title page, page limits, etc.

(b)    The document shall be emailed as a PDF document to mcs_chambers@cacd.uscourts.gov no later than the date it is due. The Court will deem the date the document is emailed as the filed or lodged date. The subject line

16

of the email shall contain: (i) the case number, (ii) case name, and (iii) "Pro Se Filing" to ensure it will be filed/lodged properly.

(c)    Pro se/self-represented parties may use the chambers email solely to present documents for filing. The chambers email is not to be used in any way to communicate with the Judge or Clerk. All parties, including pro se/self-represented parties, shall refrain from writing letters to the Court, sending email messages, making telephone calls to chambers, or otherwise communicating with the Court unless opposing counsel is present. All matters must be called to the Court's attention by appropriate application or motion C.D. Cal. R. 83-2.5.

The Court expects pro se/self-represented parties to comply with the Local Rules and the rules set by this Court. The Court has a Pro Se Clinic available to assist those persons who do not have an attorney to represent them. Clinics are located in Los Angeles, Riverside, and Santa Ana. More information can be obtained by calling (213) 385-2977, ext. 270, or visiting the Court's website at http://prose.cacd.uscourts.gov/.

## 15.    Notice of This Order/Electronically Filed Documents

If this case was initiated in this Court, plaintiff(s) shall immediately serve this Order on all parties, including any new parties to the action. If this case was removed from state court, the removing defendant(s) shall serve this Order on all other parties.

Any document that is electronically filed shall be served by mail that same day on any party or attorney who is not permitted or has not consented to electronic service, with a proof of service to be filed within 24 hours.

**IT IS SO ORDERED.**

Dated:  January 12, 2026

HONORABLE MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

17

**EXHIBIT A: FORMAT FOR EVIDENTIARY OBJECTIONS**

| Declaration/Testimony of _____ | Objection | Ruling |
|---|---|---|
| **Example 1: Entire Declaration of John Smith**<br><br>Start of Deposition.....................................<br><br>[1. Language subject to objection]<br><br>...................................................................<br><br>...................................................................<br><br>...................................................................<br><br>[2. Language subject to objection]<br><br>...................................................................<br><br>...................................................................<br><br>...................................................................<br><br>[3. Language subject to objection]<br><br>...................................................................<br><br>...................................................................<br><br>................................................................... | 1. E.g., Hearsay, cite.<br><br><br><br>2. E.g., Lacks foundation, cite.<br><br><br><br>3. E.g., Hearsay, cite. | 1. Sustained / Overruled<br><br><br><br>2. Sustained / Overruled<br><br><br><br>3. Sustained / Overruled |

18

**EXHIBIT B: FORMAT FOR ATTORNEY'S FEES SUMMARY CHARTS**

| Table 1 | | | |
|---|---|---|---|
| Task 1: Motion to Dismiss | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| **Fee Request for Task 1** | | **Task 1 Sum** | **Task 1 Sum** |
| Task 2: Motion for Summary Judgment | | | |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| **Fee Request for Task 1** | | **Task 1 Sum** | **Task 1 Sum** |

| Table 2 | | | | |
|---|---|---|---|---|
| **Attorney** | **Rate** | **HOURS BY TASK** | | **TOTALS** |
| Attorney 1 (position) | | Task | Total Hours Spent by Attorney on Task | **Hours:** **Amount:$** |
| | | i.e., Motion to Dismiss | | |
| | | Discovery | | |
| | | Deposition | | |
| | | Task 4 | | |
| | | Task 5 (etc.) | | |
| Attorney 1 (position) | | Task | Total Hours Spent by Attorney on Task | **Hours:** **Amount:$** |
| **Total** | | | | **Hours:** **Amount:$** |

19

# EXHIBIT B

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| Taylor J. Howard, Esq., SBN: 311275<br>A.E.I. LAW, P.C.<br>7755 Center Ave Ste 1100<br>Huntington Beach, CA 926473091 | | |

Attorney or Party without Attorney:
Taylor J. Howard, Esq., SBN: 311275
A.E.I. LAW, P.C.
7755 Center Ave Ste 1100
Huntington Beach, CA 926473091
E-MAIL ADDRESS (Optional): taylor@aeilaw.com
TELEPHONE No.: (888) 423-4529    FAX No. (Optional):

Attorney for: Plaintiff Ava Neal, an individual

Ref No. or File No.:
Neal v Gooding

Insert name of Court, and Judicial District and Branch Court:
United States District Court - Central District of California, Western Division - Edward R. Roybal

Plaintiff: Ava Neal, an individual

Defendant: Chrystelle Gooding, an individual; et al.

| NON SERVICE REPORT | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>225CV09475 |
|---|---|---|---|---|

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: **Chrystelle Gooding, an individual**

Documents: First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order

| Date | Time | Results |
|---|---|---|
| 12/10/2025 | 6:15 PM | Secured building. Access granted by security guard. No answer at door. - V. ENRIQUE MENDEZ |
| | Location: | ████████████ Los Angeles, CA 900125479 |
| 12/11/2025 | 4:55 PM | No answer at door. - V. ENRIQUE MENDEZ |
| | Location: | ████████████ Los Angeles, CA 900125479 |
| 12/12/2025 | 8:25 AM | No answer at the door. Tag placed on door in the first attempt still at the door. There has been no movement in or out for the past two days. - V. ENRIQUE MENDEZ |
| | Location: | ████████████ Los Angeles, CA 900125479 |
| 12/13/2025 | 3:10 PM | No answer at door. Tag still at door. - V. ENRIQUE MENDEZ |
| | Location: | ████████████ Los Angeles, CA 900125479 |
| 12/15/2025 | 8:15 PM | No answer at door. No changes. - V. ENRIQUE MENDEZ |
| | Location: | ████████████ Los Angeles, CA 900125479 |
| 12/17/2025 | 6:35 PM | No answer at door. Mark still at door. No activity at this unit since started attempting;**Attempts Exhausted. New base rate will apply should you choose to continue wtih service. - V. ENRIQUE MENDEZ |
| | Location: | ████████████ Los Angeles, CA 900125479 |

Fee for Service: $ 40.00
County: LOS ANGELES
Registration No.: 3428
DDS Legal Support
2900 Bristol Street E-106
Costa Mesa, CA 92626
(714) 662-5555

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 18, 2025.

Signature: _____
V. ENRIQUE MENDEZ

**NON SERVICE REPORT**

Order#: 740330A1

# EXHIBIT C

CHRYSTELLE GOODING
SHARIECE RENEE MANCE
SOLAR BEING JEWELRY, LLC
8880 RIO SAN DIEGO DRIVE, #2023, 8TH FLOOR
SAN DIEGO, CA 92108

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AVA NEAL, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CHRYSTELLE GOODING, an individual, SOLAR BEING JEWELRY LLC, a California limited liability company, and SHARIECE RENEE MANCE, an individual, <br><br> Defendants. | Case No.: 2:25-cv-09475 <br><br> **DECLARATION OF CHRYSTELLE GOODING** <br><br> **HEARING: FEBRUARY 2026** <br> **HEARING TIME: 9:00 A.M.** <br> **JUDGE: HON. MARK C. SCARSI** <br> **COURTROOM: 7C** |

**DECLARATION OF CHRYSTELLE GOODING**

I, Chrystelle Gooding, declare:

1.  I am a party in the above-entitled action.

2.  I am the owner of Solar Being Jewelry, LLC.

3.  According to the service log, Enrique Mendez claimed he attempted service on December 10, 11, 12, 13, 15, and 17, gaining access to the Los Angeles apartment on

- 1 -

December 10, 2025, and leaving a tag on my door regarding service. This did not happen, and no tag was left on my door.

4. On February 12, 2026, at 8:28 AM, I spoke with Officer Kegler, who works at the front office of my apartment building in Los Angeles, California, and is employed by United Security.

5. Officer Kegler stated that all visitors who request to be escorted upstairs to a residential unit are required to sign in at the front desk and record their name in a logbook. This procedure is intended to document and track visitors' who request access to the building.

6. Process server Enrique Mendez claimed to have visited my apartment building on December 10, 11, 12, 13, 15, and 17. I asked Officer Kegler if he could confirm Mr. Mendez's appearance at the front desk on any of those dates or if he had requested access to my apartment. Officer Kegler stated that there is no record of any individual by the name of Enrique Mendez signing in or requesting access to my unit on any of those days.

7. For additional confirmation, I contacted the leasing office manager, Charlotte Aubert, to verify whether there was a log of Mr. Mendez requesting access to my unit. Ms. Aubert confirmed that Mr. Mendez never visted their building. Ms. Aubert stated that any unauthorized person who gains access to the building by tailgating or other illegal means would be considered a trespasser, as the building is private property.

8. Regarding December 10, 11, 12, 13, 15, and 17, 2025, Mr. Mendez made no efforts to serve me at my apartment in Los Angeles, California. This has also been confirmed by Ms. Aubert and Officer Kegler.

9. On February 12, 2026, I spoke with Mr. Jeter's neighbor, Deborah Richardson-Collins, who stated that on January 6, 2026, she observed a man running quickly to Mr. Jeter's apartment door and then quickly running away. She did not see this person speak or

interact with Joshua Jeter. Furthermore, Ms. Richardson-Collins stated that there was no way this man could have knocked on the door during the time he ran to the apartment and back to his car.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in ___Los Angeles, California___ on this __17__ day of __Februa__, 2026.

Chrystelle Gooding
Chrystelle Gooding

**Signature:** *Chrystelle gooding*

**Email:** █████████████

# Declaration of Chrystelle Gooding

Final Audit Report                                                    2026-02-17

| | |
|---|---|
| Created: | 2026-02-17 |
| By: | ███████████████████ |
| Status: | Signed |
| Transaction ID: | ███████████████████████ |

## "Declaration of Chrystelle Gooding" History

Document created by ████████████████████████
2026-02-17 - 11:23:43 PM GMT-█████████████

Document emailed to c. Gooding ██████████████ for signature
2026-02-17 - 11:23:51 PM GMT

Email viewed by c. Gooding ████████████████
2026-02-17 - 11:27:34 PM GMT-█████████████

Document e-signed by c. Gooding ████████████████
Signature Date: 2026-02-17 - 11:31:50 PM GMT - Time Source: server-████████████████

Agreement completed.
2026-02-17 - 11:31:50 PM GMT

Adobe Acrobat Sign

# EXHIBIT D

TAYLOR J. HOWARD, ESQ. (SBN 311275)
WILLIAM B. LUTON, ESQ. (SBN 363678)
**A.E.I. LAW, P.C.**
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
Telephone:  (888) 423-4529
Email:      taylor@aeilaw.com
            bill@aeilaw.com

Attorney for Plaintiff
AVA NEAL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AVA NEAL, an Individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>CHRYSTELLE GOODING, an Individual; SOLAR BEING JEWELRY, LLC, a California limited liability company; and SHARIECE RENEE MANCE, an Individual,<br><br>                    Defendants. | **Case No.**: 2:25-cv-09475<br><br>**DECLARATION TAYLOR J. HOWARD, ESQ. OF DUE DILIGENCE TO SERVE SUMMONS AND COMPLAINT ON DEFENDANTS** |

I, TAYLOR J. HOWARD, ESQ., declare as follows:

1.    I am an attorney licensed to practice before this Court and am an attorney of record for Plaintiff Ava Neal in this action (the "Plaintiff"). I have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would competently testify thereto.

2.    Plaintiff filed the original Complaint in this action on October 3, 2025. See Dkt. #1. Plaintiff filed the First Amended Complaint on November 13, 2025. See Dkt. #11.

3.    Beginning in early December 2025, Plaintiff undertook multiple parallel efforts to locate and serve Defendants, including personal service attempts, substituted service attempts, waiver-of-service requests, public-records research, email outreach, and social-media outreach.

4.    On December 5, 2025, Plaintiff's counsel emailed Attorney Brett Tolpin, who was known as prior counsel associated with Defendants, to inquire whether he represented Defendants in this matter and whether he would accept service or facilitate waiver of service. Attached hereto as **Exhibit A** is a true and correct copy of the email exchange with Attorney Brett Tolpin.

5.    After receiving no response, Plaintiff's counsel left a voicemail follow-up on December 12, 2025 with Mr. Tolpin, and later that same day sent a follow-up email again requesting confirmation regarding representation and acceptance of service or waiver. See Exhibit A.

6.    On December 15, 2025, Mr. Tolpin responded by email stating: "At present time, we have not been engaged to represent the named Defendant in this litigation." See Exhibit A.

7.    By the time Plaintiff's counsel received that response, Plaintiff had already initiated repeated personal-service attempts as described below.

1

8.  To identify service locations, Plaintiff's counsel conducted public-records searches through LexisNexis and also ran an alternative person check and business check (for the LLC) through One Legal.

9.  Those searches identified the following addresses: a. 123 S. Figueroa St., Apt. 1541, Los Angeles, CA 90012 (the "LA Address"); b. 13409 Midland Rd., Apt. 32, Poway, CA 92064 (the "Poway Address"); and c. 1050 Kettner Blvd., Ste. D #1004, San Diego, CA 92101 (the "San Diego Address").

10.  The Poway Address appeared in public-records results as a residence for Defendant Gooding and as the LA Address associated with Chrystelle Gooding as agent for service of process for Solar Being Jewelry LLC. Plaintiff therefore attempted service of Defendant Gooding and the LLC at those two addresses and also attempted service of Defendant Mance at both addresses because the Lexis Public Records reports indicated the Ms. Mance was Ms. Gooding's roommate, and both of these addresses are residential addresses.

11.  Plaintiff therefore pursued repeated service attempts at both locations.

12.  The San Diego Address appeared in the California Secretary of State Statement of Information for Solar Being Jewelry LLC but corresponds to a train station and appears consistent with a mail drop or mailbox rental location. For that reason, Plaintiff did not attempt personal or substituted service at that location. Attached hereto as **Exhibit B** is a true and correct copy of Solar Being Jewelry LLC's Statement of Information with the California Secretary of State.

13.  Plaintiff placed an order for expedited service for Solar Being Jewelry LLC at the LA Address on December 9, 2025, and placed an order for expedited service for the individual Defendants at that LA address on December 11, 2025 after the DDS Legal process server was told by the security guard in the building that all of the Defendants lived there.

14.  Between December 10 and December 17, 2025, Plaintiff's process

2

server attempted service at the LA Address on multiple dates and at varied times, including December 10, 11, 12, 13, 15, and 17. Attached hereto as **Exhibit C** are true and correct copies of Plaintiff's declarations of non-service from DDS Legal, verifying the attempts made and the inability to serve.

15. No successful personal service was completed during those attempts. See Exhibit D.

16. During at least one attempt, a security guard opened the building and allowed the process server access, and the process server attempted service. However, there was no answer at the door and service was not completed. See Exhibit D.

17. Plaintiff placed an order for expedited service for all Defendants at the Poway Address on December 9, 2025.

18. Plaintiff's process server attempted service at the Poway Address on multiple dates and at varied times, including December 9, 10, 20, 21, 22, 26, and 30, 2025. Attached hereto as **Exhibit D** are true and correct copies of the declarations of non-service by DDS Legal, verifying the attempts made and the inability to serve.

19. During one attempt, an unidentified male answered and stated that Defendants did not live there, notwithstanding that public-records searches identified the Poway Address for both individual Defendants. Based on the circumstances, Plaintiff's counsel believes this interaction is consistent with efforts to evade service. See Exhibit E. Upon information and belief, the male that answered the door was Ms. Gooding's live in boyfriend, Joshua Jeeter.

20. On December 19, 2025, Plaintiff sent three complete waiver-of-service packets (one for each Defendant) to both the LA Address and the Poway Address by Priority Mail with tracking and electronic return receipt requested.

21. The mailed waiver packages were not signed for, and tracking information reflected that the packages remained at the U.S. Post Office awaiting pickup despite delivery notices left at the addresses. Attached hereto as **Exhibit E**

3

are the delivery failure notifications for all USPS attempts to deliver the 4(d) packages.

22. On December 23, 2025, Plaintiff's counsel emailed waiver-of-service materials to all known email addresses associated with Defendants. Attached hereto as **Exhibit F** is a true and correct copy of all three emails sent by counsel.

23. Those emails were sent to: (a). Defendant Gooding: chrissy1876@gmail.com; cigood89135@gmail.com; shesasolarbeing@gmail.com; contact@solarbeingla.com; solarbeingjewelry@gmail.com; (b) Defendant Solar Being Jewelry LLC: the same addresses; and c. Defendant Mance: shariecemance1@gmail.com. See Exhibit G.

24. Plaintiff has reliable electronic records indicating these emails were opened and viewed multiple times, yet Defendants did not respond or engage. Attached hereto as **Exhibit G** is a true and correct copy of Plaintiff's electronic records indicating email delivery and viewing.

25. Plaintiff also attempted to contact Defendants through direct messages and posts across multiple social-media platforms to provide notice of the action and seek cooperation with service. Defendants did not respond. In fact, on the social media platform X, formerly known as Twitter, Defendants blocked Plaintiff's counsel after receiving these posts and direct messages. (See Exhibit H.) Attached hereto as **Exhibit H** is a true and correct copy of the social media communication attempts made by Plaintiff's counsel.

26. Defendants have posted video content soliciting funds to defend against this lawsuit, reflecting knowledge of the litigation and its allegations while continuing to avoid service. See Defendants' "Legal Defense Fund" website page at https://solarbeingla.com/blogs/news/legal-support-page.

27. Plaintiff finally resorted to additional service efforts, including a stakeout and on January 6, 2026, the stakeout successfully served the unidentified "John Doe" male (believed to be Joshua Jeeter, Ms. Gooding's live-in boyfriend)

with the Summons and Complaint package for all Defendants. According to the process server, the person served, John Doe male, saw the process server and grabbed his bicycle and ran off, further indicative of the fact that the Defendants were evading service. Note too that the process server's notes indicate that people were home at the Poway address, that they could see the "John Doe" male in the apartment through a window, yet the parties would not answer the door.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Executed**: February 10, 2026

**At**: Paso Robles, California.

By: /s/ *Taylor J. Howard, Esq.*

Taylor J. Howard, Esq.
Attorney for Plaintiff
AVA NEAL

# EXHIBIT A

# EXHIBIT A

**Friday, January 2, 2026 at 10:19:49 AM Pacific Standard Time**

**Subject:** RE: Neal v. Gooding et al. - Case No.: 2:25-cv-09475
**Date:** Monday, December 15, 2025 at 11:05:38 AM Pacific Standard Time
**From:** Brett Tolpin
**To:** A.E.I. Law®, P.C., The Hero's Law Firm®
**CC:** Bill Luton

Dear Taylor,

I received your VM on Friday and your email below.

At the present time, we have not been engaged to represent the named Defendant in this litigation.

Regards,

Brett M. Tolpin | Attorney at Law
Tolpin & Partners PC 30 N. LaSalle Street, Suite 2250 | Chicago, IL 60602
Office: 312- 698-8971 ext. 1 | Email: brett@tolpinlaw.com | www.tolpinlaw.com

---

**From:** A.E.I. Law®, P.C., The Hero's Law Firm® <taylor@aeilaw.com>
**Sent:** Friday, December 12, 2025 4:08 PM
**To:** Brett Tolpin <brett@tolpinlaw.com>
**Cc:** Bill Luton <bill@aeilaw.com>
**Subject:** Re: Neal v. Gooding et al. - Case No.: 2:25-cv-09475

Hello again Mr. Tolpin;

I just left you a voicemail regarding this.

I have not yet received a response to my email sent on Friday, December 5, 2025, in which I asked whether you represent the defendants in this matter and, if so, whether you are authorized to accept service on their behalf.

I would appreciate it if you could please

confirm either way at your earliest convenience so we know whether we need to proceed with service of process.

Thank you.

Best regards,
Taylor



**Taylor J. Howard, Esq.**
Not Just an Attorney
A.E.I. Law®, P.C., The Hero's Law Firm®
Email: taylor@aeilaw.com | Office: (888)-423-4529
Website: www.aeilaw.com
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
🏆 Success Stories - 110+ 5.0 Star Google Reviews »

**Confidentiality Notice**: This email and any attachments are confidential and may be privileged. If you are not the intended recipient, please delete it and notify the sender immediately. No privilege is waived by accidental transmission. Unauthorized use, disclosure, or distribution is prohibited.

**Disclaimer**: This law firm does not provide tax advice or tax services. For tax-related matters, please consult a qualified tax professional.

On Fri, Dec 5, 2025 at 12:53 PM wrote:
Hello Mr. Tolpin;

This firm serves as litigation counsel for Ava Neal, p/k/a Kwiin Ava, in the above-referenced matter, *Neal v. Gooding et al.*, Case No. 2:25-cv-09475, pending in the United States District Court for the Central District of California.

I understand you represent defendants Chrystelle Gooding

and Solar Being Jewelry, LLC. I am writing to confirm whether you also represent defendant Shariece Renee Mance in this matter, and if so, whether you are authorized to accept service of the summons and complaint on behalf of all defendants.

Attached are three copies of Form CV-108 (Waiver of Service of Summons), one for each defendant. Please review, sign, and return them to me at your earliest convenience.

Lastly, please confirm whether you consent to service of documents via email in this matter.

Thank you.

Best regards,
Taylor



**Taylor J. Howard, Esq.**
Not Just an Attorney
A.E.I. Law®, P.C., The Hero's Law Firm®
Email: taylor@aeilaw.com | Office: (888)-423-4529
Website: www.aeilaw.com
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
🌟 Success Stories - 110+ 5.0 Star Google Reviews »

**Confidentiality Notice:** This email and any attachments are confidential and may be privileged. If you are not the intended recipient, please delete it and notify the sender immediately. No privilege is waived by accidental transmission. Unauthorized use, disclosure, or distribution is prohibited.

**Disclaimer:** This law firm does not provide tax advice or tax services. For tax-related matters, please consult a qualified tax professional.

# EXHIBIT B

# EXHIBIT B

 

BA20250730480



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**LIMITED LIABILITY COMPANY**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: BA20250730480 |
| Date Filed: 4/8/2025 |

B3588-5345 04/08/2025 8:37 AM Received by California Secretary of State

---

**Entity Details**

| | |
| --- | --- |
| Limited Liability Company Name | SOLAR BEING JEWELRY LLC |
| Entity No. | 202117510738 |
| Formed In | CALIFORNIA |

**Street Address of Principal Office of LLC**

| | |
| --- | --- |
| Principal Address | 1050 KETTNER BLVD<br>SUITE D #1004<br>SAN DIEGO, CA 92101 |

**Mailing Address of LLC**

| | |
| --- | --- |
| Mailing Address | 123 S FIGUEROA ST<br>APT 1541<br>CALIFORNIA, CA 90012 |
| Attention | |

**Street Address of California Office of LLC**

| | |
| --- | --- |
| Street Address of California Office | 1050 KETTNER BLVD<br>SUITE D #1004<br>SAN DIEGO, CA 92101 |

**Manager(s) or Member(s)**

| Manager or Member Name | Manager or Member Address |
| --- | --- |
| CHRYSTELLE GOODING | 1050 KETTNER BLVD, SUITE D #1004<br>SUITE D #1239<br>SAN DIEGO, CA 92101 |

**Agent for Service of Process**

| | |
| --- | --- |
| Agent Name | CHRYSTELLE I GOODING |
| Agent Address | 123 S FIGUEROA ST<br>APT 1541<br>CALIFORNIA, CA 90012 |

**Type of Business**

| | |
| --- | --- |
| Type of Business | Handcrafted natural hair extensions, jewelry, colored hair paint, mango butter products, art |

**Email Notifications**

| | |
| --- | --- |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Chief Executive Officer (CEO)**

| CEO Name | CEO Address |
| --- | --- |
| Chrystelle Gooding | 1050 KETTNER BLVD<br>SUITE D #1004<br>SAN DIEGO, CA 90012 |

**Labor Judgment**

No Manager or Member, as further defined by California Corporations Code section 17702.09(a)(8), has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal is pending, for the violation of any wage order or provision of the Labor Code.

Page 1 of 2

B3588-5346 04/08/2025 8:37 AM Received by California Secretary of State

Electronic Signature

☒ By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by
California law to sign.

*Chrystelle Gooding*                                    *04/08/2025*
Signature                                                Date

# EXHIBIT C

# EXHIBIT C

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| Taylor J. Howard, Esq., SBN: 311275<br>A.E.I. LAW, P.C.<br>7755 Center Ave Ste 1100<br>Huntington Beach, CA 926473091<br>TELEPHONE No.: (888) 423-4529 | E-MAIL ADDRESS (Optional): taylor@aeilaw.com<br>FAX No. (Optional): | |
| Attorney for: Plaintiff Ava Neal, an individual | | |

| | Ref No. or File No.: |
|---|---|
| | Neal v Gooding |

*Insert name of Court, and Judicial District and Branch Court:*

United States District Court - Central District of California, Western Division - Edward R. Roybal

*Plaintiff:* Ava Neal, an individual

*Defendant:* Chrystelle Gooding, an individual; et al.

| NON SERVICE REPORT | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>225CV09475 |
|---|---|---|---|---|

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: **Chrystelle Gooding, an individual**

Documents:  First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order

| Date | Time | Results |
|---|---|---|
| 12/10/2025 | 6:15 PM | Secured building. Access granted by security guard. No answer at door. - V. ENRIQUE MENDEZ |
| | Location: | 123 S Figueroa St Apt 1541,  Los Angeles, CA 900125479 |
| 12/11/2025 | 4:55 PM | No answer at door. - V. ENRIQUE MENDEZ |
| | Location: | 123 S Figueroa St Apt 1541,  Los Angeles, CA 900125479 |
| 12/12/2025 | 8:25 AM | No answer at the door. Tag placed on door in the first attempt still at the door. There has been no movement in or out for the past two days. - V. ENRIQUE MENDEZ |
| | Location: | 123 S Figueroa St Apt 1541,  Los Angeles, CA 900125479 |
| 12/13/2025 | 3:10 PM | No answer at door. Tag still at door. - V. ENRIQUE MENDEZ |
| | Location: | 123 S Figueroa St Apt 1541,  Los Angeles, CA 900125479 |
| 12/15/2025 | 8:15 PM | No answer at door. No changes. - V. ENRIQUE MENDEZ |
| | Location: | 123 S Figueroa St Apt 1541,  Los Angeles, CA 900125479 |
| 12/17/2025 | 6:35 PM | No answer at door. Mark still at door. No activity at this unit since started attempting;**Attempts Exhausted. New base rate will apply should you choose to continue wtih service. - V. ENRIQUE MENDEZ |
| | Location: | 123 S Figueroa St Apt 1541,  Los Angeles, CA 900125479 |

Fee for Service: **$ 40.00**
    County:  **LOS ANGELES**
    Registration No.:  **3428**
    **DDS Legal Support**
    **2900 Bristol Street E-106**
    **Costa Mesa, CA 92626**
    **(714) 662-5555**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 18, 2025.

Signature: _____

    **V. ENRIQUE MENDEZ**

**NON SERVICE REPORT**

**Order#: 740330A1**

| Attorney or Party without Attorney: | FOR COURT USE ONLY |
|---|---|
| Taylor J. Howard, Esq., SBN: 311275<br>A.E.I. LAW, P.C.<br>7755 Center Ave Ste 1100<br>Huntington Beach, CA 926473091<br>TELEPHONE No.: (888) 423-4529<br>E-MAIL ADDRESS (Optional): taylor@aeilaw.com<br>FAX No. (Optional):<br>Attorney for: Plaintiff Ava Neal, an individual | |

| | Ref No. or File No.: |
|---|---|
| | Neal v Gooding |

Insert name of Court, and Judicial District and Branch Court:

United States District Court - Central District of California, Western Division - Edward R. Roybal

Plaintiff: Ava Neal, an individual

Defendant: Chrystelle Gooding, an individual; et al.

| NON SERVICE REPORT | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER: |
|---|---|---|---|---|
| | | | | 225CV09475 |

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: **Shariece Renee Mance, an individual**

Documents:  First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order

| Date | Time | Results |
|---|---|---|
| 12/10/2025 | 6:15 PM | Secured building. Access granted by security guard. No answer at door. - V. ENRIQUE MENDEZ |
| | Location: | 123 S Figueroa St Apt 1541,  Los Angeles, CA 900125479 |
| 12/11/2025 | 4:55 PM | No answer at door. - V. ENRIQUE MENDEZ |
| | Location: | 123 S Figueroa St Apt 1541,  Los Angeles, CA 900125479 |
| 12/12/2025 | 8:25 AM | No answer at the door. Tag placed on door in the first attempt still at the door. There has been no movement in or out for the past two days. - V. ENRIQUE MENDEZ |
| | Location: | 123 S Figueroa St Apt 1541,  Los Angeles, CA 900125479 |
| 12/13/2025 | 3:10 PM | No answer at door. Tag still at door. - V. ENRIQUE MENDEZ |
| | Location: | 123 S Figueroa St Apt 1541,  Los Angeles, CA 900125479 |
| 12/15/2025 | 8:15 PM | No answer at door. No changes. - V. ENRIQUE MENDEZ |
| | Location: | 123 S Figueroa St Apt 1541,  Los Angeles, CA 900125479 |
| 12/17/2025 | 6:35 PM | No answer at door. Mark still at door. No activity at this unit since started attempting;**Attempts Exhausted. New base rate will apply should you choose to continue wtih service. - V. ENRIQUE MENDEZ |
| | Location: | 123 S Figueroa St Apt 1541,  Los Angeles, CA 900125479 |

Fee for Service: **$ 40.00**
　County:  **LOS ANGELES**
　Registration No.:  **3428**
　**DDS Legal Support**
　**2900 Bristol Street E-106**
　**Costa Mesa, CA 92626**
　**(714) 662-5555**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 18, 2025.

Signature:_____

**V. ENRIQUE MENDEZ**

**NON SERVICE REPORT**

Order#: 740330B1

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| Taylor J. Howard, Esq., SBN: 311275<br>A.E.I. LAW, P.C.<br>7755 Center Ave Ste 1100<br>Huntington Beach, CA 926473091     E-MAIL ADDRESS (Optional): taylor@aeilaw.com<br>TELEPHONE No.: (888) 423-4529       FAX No. (Optional):<br>Attorney for: Plaintiff Ava Neal, an individual | | |

| | Ref No. or File No.:<br>Neal v Gooding |
|---|---|

**Insert name of Court, and Judicial District and Branch Court:**

United States District Court - Central District of California, Western Division - Edward R. Roybal

**Plaintiff:** Ava Neal, an individual

**Defendant:** Chrystelle Gooding, an individual; et al.

| NON SERVICE<br>REPORT | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>225CV09475 |
|---|---|---|---|---|

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: **Solar Being Jewelry LLC, a California limited liability company** - Chrystelle Gooding - Agent

Documents: First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order

| Date | Time | Results |
|---|---|---|
| 12/10/2025 | | Good afternoon! Server advised that he has confirmed address. There was no answer. Also, security confirmed that the two individuals on this case reside at this address. I will request for server to carry an additional two sets of documents in case he is able to personally serve at this address. Thank you! - V. ENRIQUE MENDEZ |
| | Location: | 123 S Figueroa St Apt 1541, Los Angeles, CA 900125479 |
| 12/11/2025 | 4:55 PM | No answer at door. - V. ENRIQUE MENDEZ |
| | Location: | 123 S Figueroa St Apt 1541, Los Angeles, CA 900125479 |
| 12/12/2025 | 8:25 AM | No answer at the door. Tag placed on door in the first attempt still at the door. There has been no movement in or out for the past two days. - V. ENRIQUE MENDEZ |
| | Location: | 123 S Figueroa St Apt 1541, Los Angeles, CA 900125479 |
| 12/13/2025 | 3:10 PM | No answer at door. Tag still at door. - V. ENRIQUE MENDEZ |
| | Location: | 123 S Figueroa St Apt 1541, Los Angeles, CA 900125479 |
| 12/15/2025 | 8:15 PM | No answer at door. No changes. - V. ENRIQUE MENDEZ |
| | Location: | 123 S Figueroa St Apt 1541, Los Angeles, CA 900125479 |

**Continued on Next Page**

Fee for Service: **$ 136.40**
   County: **LOS ANGELES**
   Registration No.: **3428**
**DDS Legal Support**
**2900 Bristol Street E-106**
**Costa Mesa, CA 92626**
**(714) 662-5555**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 18, 2025.

Signature:_____

**V. ENRIQUE MENDEZ**

**NON SERVICE REPORT**

Order#: 740330C

| Attorney or Party without Attorney: | FOR COURT USE ONLY |
|---|---|
| Taylor J. Howard, Esq., SBN: 311275<br>A.E.I. LAW, P.C.<br>7755 Center Ave Ste 1100<br>Huntington Beach, CA 926473091<br>TELEPHONE No.: (888) 423-4529    E-MAIL ADDRESS (Optional): taylor@aeilaw.com<br>       FAX No. (Optional): | |

Attorney for: Plaintiff Ava Neal, an individual

| | Ref No. or File No.:<br>Neal v Gooding |
|---|---|

Insert name of Court, and Judicial District and Branch Court:

United States District Court - Central District of California, Western Division - Edward R. Roybal

Plaintiff: Ava Neal, an individual

Defendant: Chrystelle Gooding, an individual; et al.

| NON SERVICE<br>REPORT | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>225CV09475 |
|---|---|---|---|---|

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: **Solar Being Jewelry LLC, a California limited liability company** - Chrystelle Gooding - Agent

Documents: First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order

| Date | Time | Results |
|---|---|---|
| | | **Continued from Previous Page** |
| 12/17/2025 | 6:35 PM | No answer at door. Mark still at door. No activity at this unit since started attempting;**Attempts Exhausted. New base rate will apply should you choose to continue wtih service. - V. ENRIQUE MENDEZ |
| | Location: | 123 S Figueroa St Apt 1541, Los Angeles, CA 900125479 |

Fee for Service: **$ 136.40**
    County: **LOS ANGELES**
    Registration No.: **3428**
    **DDS Legal Support**
    **2900 Bristol Street E-106**
    **Costa Mesa, CA 92626**
    **(714) 662-5555**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 18, 2025.

Signature: _____

    **V. ENRIQUE MENDEZ**

**NON SERVICE REPORT**

                          **Order#: 740330C**

# EXHIBIT D

# EXHIBIT D

| Attorney or Party without Attorney:<br>Taylor J. Howard, Esq., SBN: 311275<br>A.E.I. LAW, P.C.<br>7755 Center Ave Ste 1100<br>Huntington Beach, CA 926473091<br>*TELEPHONE No.:* (888) 423-4529 | *E-MAIL ADDRESS (Optional):* taylor@aeilaw.com<br>*FAX No. (Optional):* | FOR COURT USE ONLY |
|---|---|---|
| *Attorney for:* Plaintiff Ava Neal, an individual | | |
| | *Ref No. or File No.:*<br>Neal v Gooding | |

*Insert name of Court, and Judicial District and Branch Court:*

United States District Court - Central District of California, Western Division - Edward R. Roybal

*Plaintiff:* Ava Neal, an individual

*Defendant:* Chrystelle Gooding, an individual; et al.

| NON SERVICE REPORT | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>225CV09475 |
|---|---|---|---|---|

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: **Chrystelle Gooding, an individual**

Documents:  First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order

| Date | Time | Results |
|---|---|---|
| 12/9/2025 | 5:32 PM<br>Location: | NO ANSWER AT DOOR. - Jocelyn Smith<br>13409 Midland Rd., Apt. 32,  Poway, CA 920644773 |
| 12/10/2025 | 7:28 PM<br><br><br><br>Location: | BAD ADDRESS, ACCORDING TO THE CURRENT RESIDENT, JOHN DOE (AFRCN/AMER, MALE), SUBJECTS ARE UNKNOWN TO HIM. HE ASK THEIR NAMES AGAIN AND VERIFIED THEY DO NOT RESIDE/KNOWN TO THEM. - Jocelyn Smith<br>13409 Midland Rd., Apt. 32,  Poway, CA 920644773 |

Fee for Service: **$ 208.65**
      County:  **San Diego**
      Registration No.:  **3733**
      **DDS Legal Support**
      **2900 Bristol Street E-106**
      **Costa Mesa, CA 92626**
      **(714) 662-5555**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 16, 2025.

*Jocelyn Sevier-Smith*

Signature:_____
                  **Jocelyn Smith**

**NON SERVICE REPORT**

**Order#: 740330A**

| Attorney or Party without Attorney: | | | FOR COURT USE ONLY |
|---|---|---|---|
| Taylor J. Howard, Esq., SBN: 311275<br>A.E.I. LAW, P.C.<br>7755 Center Ave Ste 1100<br>Huntington Beach, CA 926473091<br>TELEPHONE No.: (888) 423-4529 | E-MAIL ADDRESS (Optional): taylor@aeilaw.com<br>FAX No. (Optional): | | |
| Attorney for: Plaintiff Ava Neal, an individual | | | |

| Ref No. or File No.: |
|---|
| Neal v Gooding |

**Insert name of Court, and Judicial District and Branch Court:**

United States District Court - Central District of California, Western Division - Edward R. Roybal

Plaintiff: Ava Neal, an individual

Defendant: Chrystelle Gooding, an individual; et al.

| NON SERVICE REPORT | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER: |
|---|---|---|---|---|
| | | | | 225CV09475 |

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: **Chrystelle Gooding, an individual**

Documents: First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order

| Date | Time | Results |
|---|---|---|
| 12/20/2025 | 8:09 AM | NO ANSWER AT DOOR (RESIDENCE). A ring light can be seen through the patio window. Someone is home. - Jocelyn Smith |
| | Location: | 13409 Midland Rd Apt 32,  Poway, CA 920644773 |
| 12/21/2025 | 7:59 AM | NO ANSWER AT DOOR. NO ACTIVITY. - Jocelyn Smith |
| | Location: | 13409 Midland Rd Apt 32,  Poway, CA 920644773 |
| 12/22/2025 | 2:40 PM | NO ANSWER AT DOOR. ALL QUIET. - Jocelyn Smith |
| | Location: | 13409 Midland Rd Apt 32,  Poway, CA 920644773 |
| 12/26/2025 | 8:17 PM | NO ANSWER AT DOOR (RESIDENCE). - Jocelyn Smith |
| | Location: | 13409 Midland Rd Apt 32,  Poway, CA 920644773 |
| 12/30/2025 | 5:52 PM | THE SAME MALE I ENCOUNTERED BEFORE IS HOME. I CAN SEE HIM THROUGH THE SLIDING GLASS DOOR. HE WILL NOT COME TO THE DOOR. THERE IS A RING DOORBELL CAMERA;**Attempts Exhausted. New base rate will apply should you choose to continue wtih service. - Jocelyn Smith |
| | Location: | 13409 Midland Rd Apt 32,  Poway, CA 920644773 |

Fee for Service: **$ 162.65**

DDS

County: **San Diego**
Registration No.:  **3733**
**DDS Legal Support**
**2900 Bristol Street E-106**
**Costa Mesa, CA 92626**
**(714) 662-5555**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 31, 2025.

Signature: *Jocelyn Sevier-Smith*

**Jocelyn Smith**

---

**NON SERVICE REPORT**

Order#: 740330A3

| Attorney or Party without Attorney: | FOR COURT USE ONLY |
|---|---|
| Taylor J. Howard, Esq., SBN: 311275<br>A.E.I. LAW, P.C.<br>7755 Center Ave Ste 1100<br>Huntington Beach, CA 926473091<br>TELEPHONE No.: (888) 423-4529<br>E-MAIL ADDRESS (Optional): taylor@aeilaw.com<br>FAX No. (Optional):<br><br>Attorney for: Plaintiff Ava Neal, an individual | |

Ref No. or File No.:
Neal v Gooding

Insert name of Court, and Judicial District and Branch Court:

United States District Court - Central District of California, Western Division - Edward R. Roybal

Plaintiff: Ava Neal, an individual

Defendant: Chrystelle Gooding, an individual; et al.

| NON SERVICE REPORT | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>225CV09475 |
|---|---|---|---|---|

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: **Shariece Renee Mance, an individual**

Documents:  First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order

| Date | Time | Results |
|---|---|---|
| 12/20/2025 | 8:08 AM | NO ANSWER AT DOOR (RESIDENCE). A ring light can be seen through the patio window. Someone is home. - Jocelyn Smith |
| | Location: | 13409 Midland Rd Apt 32,  Poway, CA 920644773 |
| 12/21/2025 | 7:59 AM | NO ANSWER AT DOOR. NO ACTIVITY. - Jocelyn Smith |
| | Location: | 13409 Midland Rd Apt 32,  Poway, CA 920644773 |
| 12/22/2025 | 2:40 PM | NO ANSWER AT DOOR. ALL QUIET. - Jocelyn Smith |
| | Location: | 13409 Midland Rd Apt 32,  Poway, CA 920644773 |
| 12/26/2025 | 8:16 PM | NO ANSWER AT DOOR (RESIDENCE). T.V. ON INSIDE. - Jocelyn Smith |
| | Location: | 13409 Midland Rd Apt 32,  Poway, CA 920644773 |
| 12/30/2025 | 5:48 PM | THE SAME MALE I ENCOUNTERED BEFORE IS HOME. I CAN SEE HIM THROUGH THE SLIDING GLASS DOOR. HE WILL NOT COME TO THE DOOR. THERE IS A RING DOORBELL CAMERA;**Attempts Exhausted. New base rate will apply should you choose to continue wtih service. - Jocelyn Smith |
| | Location: | 13409 Midland Rd Apt 32,  Poway, CA 920644773 |

Fee for Service: **$ 40.00**

> County:  **San Diego**
> Registration No.:  **3733**
> **DDS Legal Support**
> **2900 Bristol Street E-106**
> **Costa Mesa, CA 92626**
> **(714) 662-5555**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 31, 2025.

Signature: *Jocelyn Sevier-Smith*

**Jocelyn Smith**

**NON SERVICE REPORT**

**Order#: 740330B3**

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| Taylor J. Howard, Esq., SBN: 311275<br>A.E.I. LAW, P.C.<br>7755 Center Ave Ste 1100<br>Huntington Beach, CA 926473091<br>TELEPHONE No.: (888) 423-4529<br>Attorney for: Plaintiff Ava Neal, an individual | E-MAIL ADDRESS (Optional): taylor@aeilaw.com<br>FAX No. (Optional): | |

| | | |
|---|---|---|
| | | Ref No. or File No.:<br>Neal v Gooding |

**Insert name of Court, and Judicial District and Branch Court:**

United States District Court - Central District of California, Western Division - Edward R. Roybal

Plaintiff: Ava Neal, an individual

Defendant: Chrystelle Gooding, an individual; et al.

| NON SERVICE REPORT | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>225CV09475 |
|---|---|---|---|---|

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: **Solar Being Jewelry LLC, a California limited liability company** - Chrystelle Gooding - Agent

Documents:  First Amended Complaint; Summons In A Civil Action; Civil Case Cover Sheet; Notice Of Assignment To A U.S. Magistrate Judge And Declination Of Consent; Civil Trial Order

| Date | Time | Results |
|---|---|---|
| 12/20/2025 | 8:09 AM | NO ANSWER AT DOOR (RESIDENCE). A ring light can be seen through the patio window. Someone is home. - Jocelyn Smith |
| | Location: | 13409 Midland Rd Apt 32,  Poway, CA 920644773 |
| 12/21/2025 | 7:59 AM | NO ANSWER AT DOOR. NO ACTIVITY. - Jocelyn Smith |
| | Location: | 13409 Midland Rd Apt 32,  Poway, CA 920644773 |
| 12/22/2025 | 2:40 PM | NO ANSWER AT DOOR. ALL QUIET. - Jocelyn Smith |
| | Location: | 13409 Midland Rd Apt 32,  Poway, CA 920644773 |
| 12/26/2025 | 8:17 PM | NO ANSWER AT DOOR. SOUNDS COMING FROM INSIDE. - Jocelyn Smith |
| | Location: | 13409 Midland Rd Apt 32,  Poway, CA 920644773 |
| 12/30/2025 | 5:51 PM | NO ANSWER AT DOOR. SOUNDS COMING FROM INSIDE . THE SAME MALE I ENCOUNTERED BEFORE IS HOME. I CAN SEE HIM THROUGH THE SLIDING GLASS DOOR. HE WILL NOT COME TO THE DOOR. THERE IS A RING DOORBELL CAMERA;**Attempts Exhausted. New base rate will apply should you choose to continue wtih service. - Jocelyn Smith |
| | Location: | 13409 Midland Rd Apt 32,  Poway, CA 920644773 |

Fee for Service: **$ 40.00**
>
> County:  **San Diego**
> Registration No.:  **3733**
> **DDS Legal Support**
> **2900 Bristol Street E-106**
> **Costa Mesa, CA 92626**
> **(714) 662-5555**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 31, 2025.

Signature: *Jocelyn Sevier-Smith*

**Jocelyn Smith**

**NON SERVICE REPORT**

Order#: 740330C1

# EXHIBIT E

# EXHIBIT E







**ALERT: SEVERE WEATHER CONDITIONS ACROSS THE U.S. MAY DELAY PROCESSING, TRANSPORT AND FINAL DELIVERY OF YOUR MAIL AND PACKAGES. READ MORE › (HTTPS://ABOUT.USPS.COM/NEWSROOM/SERVICE-ALERTS/)**

# USPS Tracking®

FAQs >

### Track Packages Anytime, Anywhere

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

Remove ✕

**Tracking Number:**

## 4209206447739502606636565353709943

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item has been delivered to the original sender at 12:24 pm on January 22, 2026 in HUNTINGTON BEACH, CA 92647.

---

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

**Delivered**
**Delivered, To Original Sender**
HUNTINGTON BEACH, CA 92647
January 22, 2026, 12:24 pm

**Out for Delivery**
HUNTINGTON BEACH, CA 92647
January 22, 2026, 7:33 am

**Arrived at Post Office**
HUNTINGTON BEACH, CA 92647
January 22, 2026, 7:22 am

**Arrived at USPS Facility**
HUNTINGTON BEACH, CA 92647
January 22, 2026, 6:06 am

**Departed USPS Regional Facility**
ANAHEIM CA DISTRIBUTION CENTER
January 22, 2026, 5:22 am

**Arrived at USPS Regional Facility**
ANAHEIM CA DISTRIBUTION CENTER
January 21, 2026, 8:12 pm

**Departed USPS Facility**
HIGHLAND, CA 92346
January 21, 2026, 6:22 pm

**Arrived at USPS Facility**
HIGHLAND, CA 92346
January 21, 2026, 5:16 pm

**In Transit to Next Facility**
January 21, 2026, 3:44 pm

**Departed USPS Regional Facility**
SAN DIEGO CA DISTRIBUTION CENTER

Feedback

January 21, 2026, 3:00 pm

**Unclaimed/Being Returned to Sender**

POWAY, CA 92064
January 21, 2026, 7:26 am

**Return to Sender Processed**

POWAY, CA 92064
January 21, 2026, 7:26 am

**Reminder to Schedule Redelivery of your item**

December 27, 2025

**Notice Left (No Authorized Recipient Available)**

POWAY, CA 92064
December 22, 2025, 1:59 pm

**Out for Delivery**

POWAY, CA 92064
December 22, 2025, 6:10 am

**Arrived at Hub**

POWAY, CA 92064
December 21, 2025, 5:11 pm

**Arrived at USPS Regional Facility**

SAN DIEGO CA DISTRIBUTION CENTER
December 21, 2025, 4:21 am

**Departed USPS Regional Facility**

SANTA CLARITA CA DISTRIBUTION
CENTER
December 21, 2025, 1:11 am

**Arrived at USPS Regional Facility**

SANTA CLARITA CA DISTRIBUTION
CENTER
December 20, 2025, 7:19 pm

**Departed USPS Regional Facility**

SANTA BARBARA CA DISTRIBUTION
CENTER
December 20, 2025, 5:28 pm

**Arrived at USPS Regional Origin Facility**

SANTA BARBARA CA DISTRIBUTION
CENTER
December 20, 2025, 12:58 pm

**Departed Post Office**

PASO ROBLES, CA 93446
December 20, 2025, 3:31 am

**USPS in possession of item**

PASO ROBLES, CA 93446
December 20, 2025, 12:47 am

**USPS electronic receipt of item for mailing**

PASO ROBLES, CA 93446
December 19, 2025, 8:23 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?**
**(https://faq.usps.com/s/article/Where-is-my-**
**package)**

| Text & Email Updates | ⌄ |
|---|---|

| Return Receipt Electronic | ⌄ |
|---|---|

| USPS Tracking Plus® | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

Track Another Package

| Enter tracking or barcode numbers |
|---|

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

2/10/26, 3:14 PM                                    USPS.com® - USPS Tracking® Results

**ALERT: SEVERE WEATHER CONDITIONS ACROSS THE U.S. MAY DELAY PROCESSING, TRANSPORT AND FINAL DELIVERY OF YOUR MAIL AND PACKAGES. READ MORE › (HTTPS://ABOUT.USPS.COM/NEWSROOM/SERVICE-ALERTS/)**

# USPS Tracking®

FAQs ›

Track Packages
Anytime, Anywhere

Get the free Informed Delivery® feature to receive automated notifications on your packages

Learn More

(https://reg.usps.com/xsell?
app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

Remove ✕

Tracking Number:

## 4209206447739502606636565353709967

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

**Latest Update**

Your item has been delivered to the original sender at 12:24 pm on January 22, 2026 in HUNTINGTON BEACH, CA 92647.

**Get More Out of USPS Tracking:**

    USPS Tracking Plus®

● **Delivered**
**Delivered, To Original Sender**
HUNTINGTON BEACH, CA 92647
January 22, 2026, 12:24 pm

**Out for Delivery**
HUNTINGTON BEACH, CA 92647
January 22, 2026, 7:26 am

**Arrived at Post Office**
HUNTINGTON BEACH, CA 92647
January 22, 2026, 7:15 am

**Arrived at USPS Facility**
HUNTINGTON BEACH, CA 92647
January 22, 2026, 6:06 am

**Departed USPS Regional Facility**
ANAHEIM CA DISTRIBUTION CENTER
January 22, 2026, 5:22 am

**Arrived at USPS Regional Facility**
ANAHEIM CA DISTRIBUTION CENTER
January 21, 2026, 8:12 pm

**Departed USPS Facility**
HIGHLAND, CA 92346
January 21, 2026, 6:22 pm

**Arrived at USPS Facility**
HIGHLAND, CA 92346
January 21, 2026, 5:16 pm

**In Transit to Next Facility**
January 21, 2026, 3:44 pm

**Departed USPS Regional Facility**
SAN DIEGO CA DISTRIBUTION CENTER

Feedback

January 21, 2026, 3:00 pm

**Arrived at USPS Regional Facility**

SAN DIEGO CA DISTRIBUTION CENTER
January 21, 2026, 2:18 pm

**Unclaimed/Being Returned to Sender**

POWAY, CA 92064
January 21, 2026, 7:27 am

**Return to Sender Processed**

POWAY, CA 92064
January 21, 2026, 7:27 am

**Reminder to Schedule Redelivery of your item**

December 27, 2025

**Notice Left (No Authorized Recipient Available)**

POWAY, CA 92064
December 22, 2025, 12:59 pm

**Out for Delivery**

POWAY, CA 92064
December 22, 2025, 6:10 am

**Arrived at Hub**

POWAY, CA 92064
December 21, 2025, 4:22 pm

**Arrived at USPS Facility**

POWAY, CA 92064
December 21, 2025, 3:56 pm

**Arrived at USPS Regional Facility**

SAN DIEGO CA DISTRIBUTION CENTER
December 21, 2025, 4:21 am

**Departed USPS Regional Facility**

SANTA CLARITA CA DISTRIBUTION
CENTER
December 21, 2025, 1:11 am

**Arrived at USPS Regional Facility**

SANTA CLARITA CA DISTRIBUTION
CENTER
December 20, 2025, 5:52 pm

**Departed USPS Regional Facility**

SANTA BARBARA CA DISTRIBUTION
CENTER
December 20, 2025, 12:54 pm

**Arrived at USPS Regional Origin Facility**

SANTA BARBARA CA DISTRIBUTION
CENTER
December 20, 2025, 11:59 am

**Departed Post Office**

USPS.com® - USPS Tracking® Results

PASO ROBLES, CA 93446
December 20, 2025, 3:31 am

**USPS in possession of item**                                        ●

PASO ROBLES, CA 93446
December 20, 2025, 12:46 am

**USPS electronic receipt of item for mailing**                       ●

PASO ROBLES, CA 93446
December 19, 2025, 8:27 pm

**Hide Tracking History**                                             ●

**What Do USPS Tracking Statuses Mean?
(https://faq.usps.com/s/article/Where-is-my-
package)**

| Text & Email Updates | ⌄ |
| --- | --- |

| Return Receipt Electronic | ⌄ |
| --- | --- |

| USPS Tracking Plus® | ⌄ |
| --- | --- |

| Product Information | ⌄ |
| --- | --- |

See Less ⌃

Track Another Package

| Enter tracking or barcode numbers |
| --- |

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

2/10/26, 3:15 PM

**ALERT: SEVERE WEATHER CONDITIONS ACROSS THE U.S. MAY DELAY PROCESSING, TRANSPORT AND FINAL DELIVERY OF YOUR MAIL AND PACKAGES. READ MORE › (HTTPS://ABOUT.USPS.COM/NEWSROOM/SERVICE-ALERTS/)**

# USPS Tracking®

FAQs ›

### Track Packages
### Anytime, Anywhere

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

Remove ✕

**Tracking Number:**

## 4209206447739502606636565353709981

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item has been delivered to the original sender at 12:24 pm on January 22, 2026 in HUNTINGTON BEACH, CA 92647.

---

**Get More Out of USPS Tracking:**

  **USPS Tracking Plus®**

**Delivered**
**Delivered, To Original Sender**
HUNTINGTON BEACH, CA 92647
January 22, 2026, 12:24 pm

**Out for Delivery**
HUNTINGTON BEACH, CA 92647
January 22, 2026, 7:33 am

**Arrived at Post Office**
HUNTINGTON BEACH, CA 92647
January 22, 2026, 7:22 am

**Arrived at USPS Facility**
HUNTINGTON BEACH, CA 92647
January 22, 2026, 6:06 am

**Departed USPS Regional Facility**
ANAHEIM CA DISTRIBUTION CENTER
January 22, 2026, 5:22 am

**Arrived at USPS Regional Facility**
ANAHEIM CA DISTRIBUTION CENTER
January 21, 2026, 8:12 pm

**Departed USPS Facility**
HIGHLAND, CA 92346
January 21, 2026, 6:22 pm

**Arrived at USPS Facility**
HIGHLAND, CA 92346
January 21, 2026, 5:16 pm

**In Transit to Next Facility**
January 21, 2026, 3:44 pm

**Departed USPS Regional Facility**
SAN DIEGO CA DISTRIBUTION CENTER

Feedback

January 21, 2026, 3:00 pm

**Arrived at USPS Regional Facility**

SAN DIEGO CA DISTRIBUTION CENTER
January 21, 2026, 2:18 pm

**Unclaimed/Being Returned to Sender**

POWAY, CA 92064
January 21, 2026, 7:26 am

**Return to Sender Processed**

POWAY, CA 92064
January 21, 2026, 7:26 am

**Reminder to Schedule Redelivery of your item**

December 27, 2025

**Notice Left (No Authorized Recipient Available)**

POWAY, CA 92064
December 22, 2025, 12:59 pm

**Out for Delivery**

POWAY, CA 92064
December 22, 2025, 6:10 am

**Arrived at Hub**

POWAY, CA 92064
December 21, 2025, 4:24 pm

**Arrived at USPS Facility**

POWAY, CA 92064
December 21, 2025, 3:56 pm

**Arrived at USPS Regional Facility**

SAN DIEGO CA DISTRIBUTION CENTER
December 21, 2025, 4:21 am

**Departed USPS Regional Facility**

SANTA CLARITA CA DISTRIBUTION
CENTER
December 21, 2025, 1:11 am

**Arrived at USPS Regional Facility**

SANTA CLARITA CA DISTRIBUTION
CENTER
December 20, 2025, 5:52 pm

**Departed USPS Regional Facility**

SANTA BARBARA CA DISTRIBUTION
CENTER
December 20, 2025, 12:54 pm

**Arrived at USPS Regional Origin Facility**

SANTA BARBARA CA DISTRIBUTION
CENTER
December 20, 2025, 11:59 am

**Departed Post Office**

PASO ROBLES, CA 93446
December 20, 2025, 3:31 am

**USPS in possession of item**

PASO ROBLES, CA 93446
December 20, 2025, 12:45 am

**USPS electronic receipt of item for mailing**

PASO ROBLES, CA 93446
December 19, 2025, 8:29 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?**
**(https://faq.usps.com/s/article/Where-is-my-package)**

| Text & Email Updates | ⌄ |
|---|---|

| Return Receipt Electronic | ⌄ |
|---|---|

| USPS Tracking Plus® | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

Track Another Package

| Enter tracking or barcode numbers |
|---|

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

USPS.com® - USPS Tracking® Results

**ALERT: SEVERE WEATHER CONDITIONS ACROSS THE U.S. MAY DELAY PROCESSING, TRANSPORT AND FINAL DELIVERY OF YOUR MAIL AND PACKAGES. READ MORE › (HTTPS://ABOUT.USPS.COM/NEWSROOM/SERVICE-ALERTS/)**

# USPS Tracking®

FAQs ›

**Track Packages
Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

Remove ✕

Tracking Number:

## 42090012547995026066365653710048

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

| | |
|---|---|
| **Latest Update** | ● **Delivered** |
| | **Delivered, To Original Sender** |
| Your item has been delivered to the original sender at 1:00 pm on January 13, 2026 in HUNTINGTON BEACH, CA 92647. | HUNTINGTON BEACH, CA 92647 |
| | January 13, 2026, 1:00 pm |
| | |
| **Get More Out of USPS Tracking:** | **Out for Delivery** |
| **USPS Tracking Plus®** | HUNTINGTON BEACH, CA 92647 |
| | January 13, 2026, 6:10 am |

**Arrived at Post Office**
HUNTINGTON BEACH, CA 92647
January 13, 2026, 4:18 am

**Return to Sender Processed**
LOS ANGELES, CA 90012
January 9, 2026, 1:39 pm

**Unclaimed/Being Returned to Sender**
LOS ANGELES, CA 90012
January 8, 2026, 4:07 pm

**Return to Sender**
LOS ANGELES, CA 90012
January 8, 2026, 4:07 pm

**Reminder to Schedule Redelivery of your item**
December 27, 2025

**Notice Left (No Authorized Recipient Available)**
LOS ANGELES, CA 90012
December 22, 2025, 11:16 am

**Out for Delivery**
LOS ANGELES, CA 90012
December 22, 2025, 6:10 am

Feedback



**Arrived at Hub**
LOS ANGELES, CA 90012
December 21, 2025, 12:29 pm

**Arrived at USPS Regional Facility**
LOS ANGELES CA DISTRIBUTION CENTER
December 20, 2025, 11:33 pm

**Departed USPS Regional Facility**
SANTA CLARITA CA DISTRIBUTION
CENTER
December 20, 2025, 9:47 pm

**Arrived at USPS Regional Facility**
SANTA CLARITA CA DISTRIBUTION
CENTER
December 20, 2025, 4:56 pm

**Departed USPS Regional Facility**
SANTA BARBARA CA DISTRIBUTION
CENTER
December 20, 2025, 2:57 pm

**Arrived at USPS Regional Origin Facility**
SANTA BARBARA CA DISTRIBUTION
CENTER
December 20, 2025, 11:57 am

**Departed Post Office**
PASO ROBLES, CA 93446
December 20, 2025, 3:31 am

**USPS in possession of item**
PASO ROBLES, CA 93446
December 20, 2025, 12:46 am

**USPS electronic receipt of item for mailing**
PASO ROBLES, CA 93446
December 19, 2025, 8:35 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?**
(https://faq.usps.com/s/article/Where-is-my-
package)

| Text & Email Updates | ⌄ |
| --- | --- |

| Return Receipt Electronic | ⌄ |
| --- | --- |

| USPS Tracking Plus® | ⌄ |
| --- | --- |

| Product Information | ⌄ |
| --- | --- |

**See Less** ⌃

USPS.com® - USPS Tracking® Results

Track Another Package

| Enter tracking or barcode numbers |
|---|

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

2/10/26, 3:16 PM
USPS.com® - USPS Tracking® Results

**ALERT: SEVERE WEATHER CONDITIONS ACROSS THE U.S. MAY DELAY PROCESSING, TRANSPORT AND FINAL DELIVERY OF YOUR MAIL AND PACKAGES. READ MORE › (HTTPS://ABOUT.USPS.COM/NEWSROOM/SERVICE-ALERTS/)**

# USPS Tracking®

FAQs ›

**Track Packages Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

Remove ✕

Tracking Number:

## 4206001254799502606636565353710024

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

**Latest Update**

Your item has been delivered to the original sender at 12:33 pm on January 15, 2026 in HUNTINGTON BEACH, CA 92647.

Get More Out of USPS Tracking:

USPS Tracking Plus®

● **Delivered**
**Delivered, To Original Sender**
HUNTINGTON BEACH, CA 92647
January 15, 2026, 12:33 pm

**Out for Delivery**
HUNTINGTON BEACH, CA 92647
January 15, 2026, 6:10 am

**Arrived at Post Office**
HUNTINGTON BEACH, CA 92647
January 15, 2026, 4:26 am

**Arrived at USPS Facility**
HUNTINGTON BEACH, CA 92647
January 15, 2026, 3:54 am

**Departed USPS Regional Facility**
SANTA ANA CA DISTRIBUTION CENTER
January 15, 2026, 3:38 am

**Arrived at USPS Regional Facility**
SANTA ANA CA DISTRIBUTION CENTER
January 15, 2026, 1:52 am

**Departed USPS Regional Facility**
ANAHEIM CA DISTRIBUTION CENTER
January 15, 2026, 1:50 am

**Arrived at USPS Regional Origin Facility**
ANAHEIM CA DISTRIBUTION CENTER
January 15, 2026, 1:18 am

**Arrived at USPS Regional Facility**
LOS ANGELES CA DISTRIBUTION CENTER
January 14, 2026, 4:10 pm

**Return to Sender Processed**

Feedback

LOS ANGELES, CA 90012
January 13, 2026, 8:09 pm

**Unclaimed/Being Returned to Sender**

LOS ANGELES, CA 90012
January 8, 2026, 4:08 pm

**Unclaimed/Being Returned to Sender**

LOS ANGELES, CA 90012
January 8, 2026, 4:08 pm

**Reminder to Schedule Redelivery of your
item**

December 27, 2025

**Notice Left (No Authorized Recipient
Available)**

LOS ANGELES, CA 90012
December 22, 2025, 11:16 am

**Out for Delivery**

LOS ANGELES, CA 90012
December 22, 2025, 6:10 am

**Arrived at Hub**

LOS ANGELES, CA 90012
December 21, 2025, 12:26 pm

**Arrived at USPS Facility**

LOS ANGELES, CA 90012
December 21, 2025, 6:05 am

**Departed USPS Regional Facility**

LOS ANGELES CA DISTRIBUTION CENTER
December 21, 2025, 5:33 am

**Arrived at USPS Regional Facility**

LOS ANGELES CA DISTRIBUTION CENTER
December 20, 2025, 11:33 pm

**Departed USPS Regional Facility**

SANTA CLARITA CA DISTRIBUTION
CENTER
December 20, 2025, 9:47 pm

**Arrived at USPS Regional Facility**

SANTA CLARITA CA DISTRIBUTION
CENTER
December 20, 2025, 4:56 pm

**Departed USPS Regional Facility**

SANTA BARBARA CA DISTRIBUTION
CENTER
December 20, 2025, 2:57 pm

**Arrived at USPS Regional Origin Facility**

SANTA BARBARA CA DISTRIBUTION
CENTER
December 20, 2025, 11:56 am

**Departed Post Office**

PASO ROBLES, CA 93446
December 20, 2025, 3:31 am

**USPS in possession of item**

PASO ROBLES, CA 93446
December 20, 2025, 12:46 am

**USPS electronic receipt of item for mailing**

PASO ROBLES, CA 93446
December 19, 2025, 8:33 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?
(https://faq.usps.com/s/article/Where-is-my-
package)**

| Text & Email Updates | ⌄ |
|---|---|

| Return Receipt Electronic | ⌄ |
|---|---|

| USPS Tracking Plus® | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

**See Less ⌃**

Track Another Package

| Enter tracking or barcode numbers |
|---|

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

**ALERT: SEVERE WEATHER CONDITIONS ACROSS THE U.S. MAY DELAY PROCESSING, TRANSPORT AND FINAL DELIVERY OF YOUR MAIL AND PACKAGES. READ MORE › (HTTPS://ABOUT.USPS.COM/NEWSROOM/SERVICE-ALERTS/)**

# USPS Tracking®

FAQs ›

### Track Packages Anytime, Anywhere

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?
app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

Remove ✕

Tracking Number:

## 42090012547995026066365653537100000

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item has been delivered to the original sender at 12:31 pm on January 16, 2026 in HUNTINGTON BEACH, CA 92647.

---

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

● **Delivered**
**Delivered, To Original Sender**
HUNTINGTON BEACH, CA 92647
January 16, 2026, 12:31 pm

**Out for Delivery**
HUNTINGTON BEACH, CA 92647
January 16, 2026, 6:10 am

**Arrived at Post Office**
HUNTINGTON BEACH, CA 92647
January 16, 2026, 4:34 am

**Arrived at USPS Regional Facility**
ANAHEIM CA DISTRIBUTION CENTER
January 15, 2026, 7:45 pm

**Departed USPS Regional Facility**
LOS ANGELES CA DISTRIBUTION CENTER
January 15, 2026, 5:10 pm

**Arrived at USPS Regional Facility**
LOS ANGELES CA DISTRIBUTION CENTER
January 15, 2026, 2:10 pm

**Return to Sender Processed**
LOS ANGELES, CA 90012
January 14, 2026, 11:28 am

**Unclaimed/Being Returned to Sender**
LOS ANGELES, CA 90012
January 8, 2026, 4:08 pm

**Reminder to Schedule Redelivery of your item**
December 27, 2025

Feedback

**Notice Left (No Authorized Recipient Available)**
LOS ANGELES, CA 90012
December 22, 2025, 11:16 am

**Out for Delivery**
LOS ANGELES, CA 90012
December 22, 2025, 6:10 am

**Arrived at Hub**
LOS ANGELES, CA 90012
December 21, 2025, 12:28 pm

**Arrived at USPS Facility**
LOS ANGELES, CA 90012
December 21, 2025, 6:05 am

**Arrived at USPS Regional Facility**
LOS ANGELES CA DISTRIBUTION CENTER
December 20, 2025, 11:33 pm

**Departed USPS Regional Facility**
SANTA CLARITA CA DISTRIBUTION
CENTER
December 20, 2025, 9:47 pm

**Arrived at USPS Regional Facility**
SANTA CLARITA CA DISTRIBUTION
CENTER
December 20, 2025, 4:56 pm

**Departed USPS Regional Facility**
SANTA BARBARA CA DISTRIBUTION
CENTER
December 20, 2025, 2:57 pm

**Arrived at USPS Regional Origin Facility**
SANTA BARBARA CA DISTRIBUTION
CENTER
December 20, 2025, 11:59 am

**Departed Post Office**
PASO ROBLES, CA 93446
December 20, 2025, 3:31 am

**USPS in possession of item**
PASO ROBLES, CA 93446
December 20, 2025, 12:46 am

**USPS electronic receipt of item for mailing**
PASO ROBLES, CA 93446
December 19, 2025, 8:31 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?
(https://faq.usps.com/s/article/Where-is-my-
package)**

| Text & Email Updates | ⌄ |
|---|---|

| Return Receipt Electronic | ⌄ |
|---|---|

| USPS Tracking Plus® | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

# EXHIBIT F

# EXHIBIT F

| | |
|---|---|
| **Subject:** | LEGAL NOTICE - Neal v. Gooding et al. - Case #: 2:25-cv-09475 |
| **Date:** | Tuesday, December 23, 2025 at 7:20:49 PM Pacific Standard Time |
| **From:** | A.E.I. Law®, P.C., The Hero's Law Firm® |
| **To:** | chrissy1876@gmail.com, cigood89135@gmail.com, shesasolarbeing@gmail.com, contact@solarbeingla.com, solarbeingjewelry@gmail.com |
| **CC:** | Bill Luton |

**Attachments:** 2025-12-20_Gooding - FRCP 4d Waiver Packet.pdf

Hello Ms. Gooding;

This firm has been retained as litigation counsel by Ava Neal, professionally known as @kwiinava (my "Client"), in connection with claims asserted against you personally, Solar Being Jewelry, LLC, and Shariece Mance, jointly and severally, in the United States District Court for the Central District of California, Case No. 2:25-cv-09475 (the "Action").

If you are represented by legal counsel in this Action, please immediately forward this correspondence to your attorney and have counsel contact me directly. If you are **not** presently represented, you may communicate with me directly, and I encourage you to do so, as my Client remains open to a reasonable and amicable resolution, and productive dialogue at this stage may avoid unnecessary expense.

To date, despite multiple good-faith efforts, we have been unable to effectuate personal service upon you. Service attempts have been made at multiple addresses associated with you in public records, including California Secretary of State filings and LexisNexis public records. Those efforts have not been successful, and as a result you have not yet appeared in the Action.

We also contacted your prior counsel, Mr. Tolpin, who advised on December 15, 2025 that his office is not engaged to represent you in this litigation.

In addition, the service waiver packages mailed to your known addresses were marked undeliverable due to "authorized recipient not available," and despite postal notices being left, you have not picked up the packages from the post office. Notably, at least one of these addresses is the same address at which you previously received my Client's May 15, 2025 demand letter and through which your counsel responded on your behalf.

1 of 3

Accordingly, and pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, attached to this email please find the following:

(1) Notice of Lawsuit and Request for Waiver of Service of Summons;
(2) Waiver of Service of Summons form for you to sign; and
(3) A copy of the Complaint and Exhibits A through Q.

If you execute and return the Waiver of Service of Summons, you will receive sixty (60) days from the date the waiver request was sent to file a responsive pleading in the Action. If you decline to return the waiver, we will proceed with formal service by traditional means, after which your time to respond will be significantly shorter, twenty-one (21) days from the date of service. In that event, we will also seek cost-shifting relief from the Court for attorney's fees and costs incurred by my Client in effectuating service and related motion practice (this means the Court would likely order you to pay the money it costs my Client to get you served with the lawsuit **and** the money it costs to bring a motion to the Court to order you to pay it), as expressly contemplated by Rule 4(d).

Again, if you are **not** represented by counsel, I invite you to contact me directly so that we may discuss whether an efficient and amicable resolution is possible. Early engagement may substantially reduce exposure, cost, and disruption for all parties.

I look forward to hearing from you promptly.

Cordially,

Taylor



**Taylor J. Howard, Esq.**
Not Just an Attorney
A.E.I. Law®, P.C., The Hero's Law Firm®
Email: taylor@aeilaw.com | Office: (888)-423-4529
Website: www.aeilaw.com
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
🌟 Success Stories – 110+ 5.0 Star Google Reviews »

**Confidentiality Notice**: This email and any attachments are confidential and may be privileged. If you are not the intended recipient, please delete it and notify the sender immediately. No privilege is waived by accidental transmission. Unauthorized use, disclosure, or distribution is prohibited.

**Disclaimer**: This law firm does not provide tax advice or tax services. For tax-related matters, please consult a qualified tax professional.

**Friday, January 2, 2026 at 10:19:18 AM Pacific Standard Time**

---

| | |
|---|---|
| **Subject:** | LEGAL NOTICE - Neal v. Gooding et al. - Case #: 2:25-cv-09475 |
| **Date:** | Tuesday, December 23, 2025 at 7:25:34 PM Pacific Standard Time |
| **From:** | A.E.I. Law®, P.C., The Hero's Law Firm® |
| **To:** | chrissy1876@gmail.com, cigood89135@gmail.com, shesasolarbeing@gmail.com, contact@solarbeingla.com, solarbeingjewelry@gmail.com |
| **CC:** | Bill Luton |
| **Attachments:** | 2025-12-20_Solar Being Jewelry LLC - FRCP 4d Waiver Packet.pdf |

Hello Solar Being Jewelry, LLC agent for service of process, Chrystelle Gooding;

This firm has been retained as litigation counsel by Ava Neal, professionally known as @kwiinava (my "Client"), in connection with claims asserted against Solar Being Jewelry, LLC, personally against Chrystelle Gooding and Shariece Renee Mance, jointly and severally, in the United States District Court for the Central District of California, Case No. 2:25-cv-09475 (the "Action").

If you are represented by legal counsel in this Action, please immediately forward this correspondence to your attorney and have counsel contact me directly. If you are **not** presently represented, you may communicate with me directly, and I encourage you to do so, as my Client remains open to a reasonable and amicable resolution, and productive dialogue at this stage may avoid unnecessary expense.

To date, despite multiple good-faith efforts, we have been unable to effectuate personal service upon you. Service attempts have been made at multiple addresses associated with you in public records, including California Secretary of State filings and LexisNexis public records, including the agent for service of process address listed on the Solar Being Jewelry, LLC statement of information filed with the California Secretary of State on April 8, 2025. Those efforts have not been successful, and as a result you have not yet appeared in the Action.

We also contacted your prior counsel, Mr. Tolpin, who advised on December 15, 2025 that his office is not engaged to represent you in this litigation.

In addition, the service waiver packages mailed to your known addresses were marked undeliverable due to "authorized recipient not available," and despite postal notices being left, you have not picked up the packages from the post office. Notably, at

least one of these addresses is the same address at which you previously received my Client's May 15, 2025 demand letter and through which your counsel responded on your behalf.

Accordingly, and pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, attached to this email please find the following:

(1) Notice of Lawsuit and Request for Waiver of Service of Summons;
(2) Waiver of Service of Summons form for you to sign; and
(3) A copy of the Complaint and Exhibits A through Q.

If you execute and return the Waiver of Service of Summons, you will receive sixty (60) days from the date the waiver request was sent to file a responsive pleading in the Action. If you decline to return the waiver, we will proceed with formal service by traditional means, after which your time to respond will be significantly shorter, twenty-one (21) days from the date of service. In that event, we will also seek cost-shifting relief from the Court for attorney's fees and costs incurred by my Client in effectuating service and related motion practice (this means the Court would likely order you to pay the money it costs my Client to get you served with the lawsuit **and** the money it costs to bring a motion to the Court to order you to pay it), as expressly contemplated by Rule 4(d).

Again, if you are **not** represented by counsel, I invite you to contact me directly so that we may discuss whether an efficient and amicable resolution is possible. Early engagement may substantially reduce exposure, cost, and disruption for all parties.

I look forward to hearing from you promptly.

Cordially,

Taylor

**Taylor J. Howard, Esq.**
Not Just an Attorney
A.E.I. Law®, P.C., The Hero's Law Firm®
Email: taylor@aeilaw.com | Office: (888)-423-4529
Website: www.aeilaw.com
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647



🌟 [Success Stories – 110+ 5.0 Star Google Reviews »](#)

**Confidentiality Notice:** This email and any attachments are confidential and may be privileged. If you are not the intended recipient, please delete it and notify the sender immediately. No privilege is waived by accidental transmission. Unauthorized use, disclosure, or distribution is prohibited.

**Disclaimer:** This law firm does not provide tax advice or tax services. For tax-related matters, please consult a qualified tax professional.

| | |
|---|---|
| **Subject:** | LEGAL NOTICE - Neal v. Gooding et al. - Case #: 2:25-cv-09475 |
| **Date:** | Tuesday, December 23, 2025 at 7:27:50 PM Pacific Standard Time |
| **From:** | A.E.I. Law®, P.C., The Hero's Law Firm® |
| **To:** | shariecemance1@gmail.com |
| **CC:** | Bill Luton |
| **Attachments:** | 2025-12-20_Mance - FRCP 4d Waiver Packet.pdf |

Hello Ms. Mance;

This firm has been retained as litigation counsel by Ava Neal, professionally known as @kwiinava (my "Client"), in connection with claims asserted against you personally, Solar Being Jewelry, LLC, and Chrystelle Gooding, jointly and severally, in the United States District Court for the Central District of California, Case No. 2:25-cv-09475 (the "Action").

If you are represented by legal counsel in this Action, please immediately forward this correspondence to your attorney and have counsel contact me directly. If you are **not** presently represented, you may communicate with me directly, and I encourage you to do so, as my Client remains open to a reasonable and amicable resolution, and productive dialogue at this stage may avoid unnecessary expense.

To date, despite multiple good-faith efforts, we have been unable to effectuate personal service upon you. Service attempts have been made at multiple addresses associated with you in public records, including California Secretary of State filings and LexisNexis public records. Those efforts have not been successful, and as a result you have not yet appeared in the Action.

We also contacted your prior counsel, Mr. Tolpin, who advised on December 15, 2025 that his office is not engaged to represent you in this litigation.

In addition, the service waiver packages mailed to your known addresses were marked undeliverable due to "authorized recipient not available," and despite postal notices being left, you have not picked up the packages from the post office. Notably, at least one of these addresses is the same address at which you previously received my Client's May 15, 2025 demand letter and through which your counsel responded on your behalf.

Accordingly, and pursuant to Rule 4(d) of the Federal Rules of

Civil Procedure, attached to this email please find the following:

(1) Notice of Lawsuit and Request for Waiver of Service of Summons;
(2) Waiver of Service of Summons form for you to sign; and
(3) A copy of the Complaint and Exhibits A through Q.

If you execute and return the Waiver of Service of Summons, you will receive sixty (60) days from the date the waiver request was sent to file a responsive pleading in the Action. If you decline to return the waiver, we will proceed with formal service by traditional means, after which your time to respond will be significantly shorter, twenty-one (21) days from the date of service. In that event, we will also seek cost-shifting relief from the Court for attorney's fees and costs incurred by my Client in effectuating service and related motion practice (this means the Court would likely order you to pay the money it costs my Client to get you served with the lawsuit <u>and</u> the money it costs to bring a motion to the Court to order you to pay it), as expressly contemplated by Rule 4(d).

Again, if you are **not** represented by counsel, I invite you to contact me directly so that we may discuss whether an efficient and amicable resolution is possible. Early engagement may substantially reduce exposure, cost, and disruption for all parties.

I look forward to hearing from you promptly.

Cordially,

Taylor



**Taylor J. Howard, Esq.**
Not Just an Attorney

A.E.I. Law®, P.C., The Hero's Law Firm®
Email: taylor@aeilaw.com | Office: (888)-423-4529
Website: www.aeilaw.com
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
🎇 Success Stories – 110+ 5.0 Star Google Reviews »

**Confidentiality Notice:** This email and any attachments are confidential and may be privileged. If you are not the intended recipient, please delete it and

notify the sender immediately. No privilege is waived by accidental
transmission. Unauthorized use, disclosure, or distribution is prohibited.

**Disclaimer:** This law firm does not provide tax advice or tax services. For tax-
related matters, please consult a qualified tax professional.

# EXHIBIT G

# EXHIBIT G

Case 2:25-cv-09475-MCS-MAR   Document 30-1   Filed 04/25/26   Page 98 of 128   Page ID #:828







Case 2:25-cv-09475-MCS-MAR   Document 64-1   Filed 04/23/26   Page 101 of 128   Page ID #:1931



# EXHIBIT H

# EXHIBIT H



This post shows Plaintiff's counsel's comment on X (fka Twitter) from December 23, 2025 with the same information as Plaintiff's counsel's emails from **Exhibit F**, further evidence actual knowledge by Defendants. The following page shows a screenshot from January 2, 2026 of the same post, showing Plaintiff's counsel's account has been blocked by Defendants as a result of the above comment.





This image shows Plaintiff's counsel's efforts to reach out via direct message (DM) through TikTok.



This image shows Plaintiff's counsel's efforts to reach out via direct message (DM) through another TikTok account.



This image shows Plaintiff's counsel's efforts to reach out via direct message (DM) through Instagram.

Case 2:25-cv-09475-MCS-MAR   Document 64-1   Filed 04/21/26   Page 108 of 128   Page ID #:1938



This image shows Plaintiff's counsel's efforts to reach out via direct message (DM) through another known Instagram account of Defendants.



This image shows Plaintiff's counsel's efforts to reach out via direct message (DM) through Facebook.



This image shows Plaintiff's counsel's efforts to reach out via direct message (DM) through another Facebook account.



This image shows Plaintiff's counsel's comment on YouTube with the same information from the emails sent and reflected in **Exhibit F**.



This screenshot, taken January 2, 2026, shows Plaintiff's counsel's comment from the previous page was removed.

# EXHIBIT E



# EXHIBIT F

Steven C. Vondran, Esq. [SBN 232337]
**THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Telephone: (877) 276-5084
E-mail:  steve@vondranlegal.com

Attorney for Plaintiff: *AVA NEAL*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

AVA NEAL, an individual,

               Plaintiff,

vs.

CHRYSTELLE GOODING, an individual; SOLAR BEING JEWELRY LLC, a California limited liability company.

               Defendant(s)

Case No. 2:25-cv-09475

**DECLARATION OF STEVEN C. VONDRAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE**

I, Steven C. Vondran, declare as follows:

1.  I am an attorney licensed to practice law in the State of California and counsel of record for Plaintiff Ava Neal in this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would competently testify thereto.

2.  On October 3, 2025, Plaintiff filed this action asserting claims for copyright infringement, trademark infringement, unfair competition, and related claims.

1
DECLARATION

3.      Plaintiff has made multiple attempts to serve Defendants Chrystelle Gooding and Solar Being Jewelry LLC through traditional means, including personal service and substitute service, using a registered process server.

4.      On information and belief, service attempts were made on multiple occasions in or around December 2025 and January 2026, including several attempts at personal service at Defendants' last known address.

5.      Despite these repeated attempts, Defendants were not successfully served.

6.      Based on the repeated unsuccessful service attempts, service has proven impracticable, including due to restricted access to Defendants' residence and the inability to complete service despite diligent efforts.

7.      Defendants have actual notice of this action. Defendants have appeared in court proceedings, including a Temporary Restraining Order hearing, and have filed responsive documents in this case.

8.      Defendants conduct business primarily through online platforms, including social media accounts and digital storefronts.

9.      Defendants actively publish content online and engage with users through electronic communication channels.

10.     As a result, Defendants are readily reachable through electronic means, including email and social media messaging.

11.     In connection with the underlying dispute, Defendant Chrystelle Gooding

2
DECLARATION

submitted a DMCA counter-notification through Kickstarter.

12.  A true and correct copy of this DMCA counter-notification is attached hereto as Exhibit A.

13.  In that counter-notification, Defendant provided the email address contact@solarbeingla.com.

14.  Defendant also provided a physical address listed as 123 S Figueroa St Apt 1541, Los Angeles, California 90012.

15.  In that same counter-notification, Defendant stated that she consents to the jurisdiction of a federal district court and will accept service of process from the party asserting infringement claims.

16.  Based on the foregoing, I believe that service via email to contact@solarbeingla.com is reasonably calculated to provide actual notice to Defendant.

17.  I further believe that service via electronic means, including email and social media messaging, is likely to provide prompt and effective notice of this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.
620 Newport Ctr., Suite 1100
Newport Beach, California 92660

3
DECLARATION

THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.
620 Newport Ctr., Suite 1100
Newport Beach, California 92660

DATED: April 3, 2026        **THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.**


By:  /s/ Steven C. Vondran, Esq.
     Steven C. Vondran, [SBN 232337]
     ATTORNEY FOR PLAINTIFF
     MS. AVA NEAL
     620 Newport Center Drive, Suite 100
     Newport Beach, CA 92660
     Telephone: (877) 276-5084
     E-mail: steve@vondranlegal.com

4

DECLARATION

# EXHIBIT "A"

## [Kickstarter] Re: A Message From Kickstarter Copyright

From: Kickstarter Trust & Safety (support@kickstarter.com)

To:      nneal1014@yahoo.com

Date:  Tuesday, May 13, 2025 at 02:58 PM EDT

##- Please type your reply above this line -##



Show Form Filling To

Your request has been updated. You can add a comment by replying to this email.

**Kickstarter Trust & Safety** (Kickstarter)

May 13, 2025, 2:58 PM EDT

Hello again,

Please see the below counter-notification received from the project creator.

If you do not notify us within 10 business days that you have filed legal action relating to the allegedly infringing material, we may permit the project to move forward.

Regards,
Kickstarter Copyright

Dear Kickstarter Copyright Team,

First and foremost, I want to extend my heartfelt gratitude to Kickstarter for providing a platform that empowers creators and entrepreneurs to bring their visions to life. Your support for independent innovation plays a vital role in helping small businesses like mine fund and develop original ideas, and I sincerely thank you for that.

In response to your notice regarding three claims of copyright infringement submitted by Nicolle Neal, I respectfully submit this formal DMCA counter-notification pursuant to 17 U.S.C. § 512(g)(3). I would like to clarify that my campaign, SOLAR BEING HAIR PUFFS & JEWELRY, does not infringe upon

about:blank                                                                            1/4

DECLARATION

5/13/25, 3:04 PM                    Yahoo Mail - [Kickstarter] Re: A Message From Kickstarter Copyright

any existing copyrights, trademarks, or intellectual property rights held by their client.

The hair extensions featured in my campaign are original, independently designed sculpted hair accessories, not hairstyles or concepts borrowed from another party. My hair puff designs are physical, tangible products that I have created, manufactured, and prepared for sale.

To protect the originality of my work, I have filed a design patent application with the United States Patent and Trademark Office (USPTO) under Application Serial No. [29/973,031]. This application was filed prior to the launch of this campaign and is a matter of public record.

The designs featured on my Kickstarter campaign are not hairstyles like Nicolle Neal's client, but rather detachable sculpted hair extensions, a category of physical product distinct from personal hairstyling. The content referenced in the takedown claims involves hairstyles worn by the claimant's client on her own head using her own hair and does not constitute a product, nor does it demonstrate any intellectual property registrations such as a patent, copyright, or trademark.

Furthermore, the claimant and her representative have not submitted any evidence of registered intellectual property protections for the shapes or hairstyles they reference. There is no record of a filed design patent, registered trademark, or copyright covering the heart, star, flower, or butterfly afro styles mentioned in their complaint. Without such filings, the shapes and styles shown in their cited content remain unregistered visual expressions and not legally protected products or brand identifiers. My designs, on the other hand, are not only original and distinct, but also productized and undergoing formal legal protection through a pending design patent application.

According to U.S. intellectual property law:
• Hairstyles, as expressions of personal grooming done by their client, are not protected under copyright law, as they are neither fixed in a tangible medium nor considered original works of authorship.
• The visual concept or aesthetic of a hairstyle does not meet the threshold for design patent or trademark protection unless it is used as a source-identifying mark in commerce or is registered appropriately.
• My designs are distinct functional items, independently conceived and documented through sketches, digital models, and physical prototypes over a documented timeline.

about:blank                                                                      2/4

6

DECLARATION

5/13/25, 3:04 PM                    Yahoo Mail - [Kickstarter] Re: A Message From Kickstarter Copyright

No evidence has been provided by the claimant that demonstrates that the content in my campaign mirrors a registered, protectable product or mark owned by their client. The claims appear to conflate personal styling choices with commercial product design, which are legally and practically separate categories.

Identification of the material: My Kickstarter campaign titled SOLAR BEING HAIR PUFFS & JEWELRY
• Statement under penalty of perjury: I hereby state under penalty of perjury that I have a good faith belief that the material in question was identified for possible takedown as a result of mistake or misidentification.

Contact Information:
Name: Chrystelle Gooding
Email: contact@solarbeingla.com
Signature:
Chrystelle Gooding

I respectfully request that Kickstarter forward this counter-notification to the claimant and maintain visibility of my campaign. I am confident that my work stands as a unique and original contribution to the hair accessory space and that it does not infringe upon any third-party intellectual property rights.

Please don't hesitate to reach out if any further documentation is needed.

Warm regards,
Chrystelle Gooding
Founder, Solar Being LLC

To add to my last email the information asked for by Kickstarter:

• 

    Consent to jurisdiction: I consent to the jurisdiction of the Federal District Court for the judicial district in which my address is located, and I will accept service of process from the person who provided the original notification or an agent of such person.

• Contact Information:

    Name: Chrystelle Gooding

    Address: 123 S Figueroa St Apt 1541 Los Angeles California 90012

about:blank                                                                                    3/4

7

DECLARATION

5/13/25, 3:04 PM                                        Yahoo Mail - [Kickstarter] Re: A Message From Kickstarter Copyright

Phone: 516-489-3724

Email: contact@solarbeingla.com

**Kickstarter Trust & Safety** (Kickstarter)
May 12, 2025, 1:19 PM EDT

Hi there,

We have received your claims. As a next step, we will notify the creator about your claims. If they cannot remove the allegedly infringing material or choose to file a counter notification within 3 full business days, we will hide their project accordingly.

We will notify you of their response and/or of any action that Kickstarter takes.

Best,
Kickstarter Copyright

This email is a service from Kickstarter.

[Z0MKMK-B20GW]

about:blank                                                                                                4/4

8

DECLARATION

# EXHIBIT G

**CHRYSTELLE GOODING**
**SHARIECE RENEE MANCE**
**SOLAR BEING JEWELRY, LLC**
**8880 RIO SAN DIEGO DRIVE, #2023, 8TH FLOOR**
**SAN DIEGO, CA 92108**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| **AVA NEAL**, an individual,<br><br>          Plaintiff,<br><br>vs.<br><br>**CHRYSTELLE GOODING**, an individual, **SOLAR BEING JEWELRY LLC**, a California limited liability company, and **SHARIECE RENEE MANCE**, an individual**,**<br><br>          Defendants. | Case No.: 2:25-cv-09475<br><br>**DECLARATION OF JOSHUA JETER** |

**DECLARATION OF JOSHUA JETER**

I, Joshua Jeter, hereby declare:

1. I am not a party in the above-entitled action.

2. I am the boyfriend of Chrystelle Gooding.

3. On January 6, 2026, I left for work wearing my headphones and riding my bicycle.

4. After Mr. Jeter left his apartment on his bicycle, I noticed a man running quickly up to the apartment and then back down to his car. This man ascended the stairs and returned to his vehicle in less than 10 seconds, which did not allow sufficient time

- 1 -

to knock on a door or converse with anyone. He appeared to be in a hurry.

1. At no point did I hold a conversation with the man who ran up to the apartment, nor any other person, the morning of January 6, 2026.

2. I never spoke to any person on any morning, accepting service or identifying my identity.

3. I came out of my home with my headphones in my ears, rolling my bicycle down the stairs. I got on my bike and rode away, starting my day.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in  Poway, CA                          on this  16        day of   Februa,
2026.


                                        Joshua Jeter
                                        Joshua Jeter

**Signature:**

Joshua Jeter (Feb 16, 2026 11:46:36 PST)

**Email:**

Case 2:25-cv-09475-MCS-MAR    Document 60    Filed 04/15/26    Page 127 of 128   Page ID #:1757

Joshua Jeter (Feb 16, 2026 11:46:36 PST)

# Declaration of Joshua Jeter - signed

Final Audit Report                                                          2026-02-16

| | |
|---|---|
| Created: | 2026-02-16 |
| By: | ████████████████████ |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA0svCpyN5M2gvc1z0A78HFmw6n-dqW-EN |

## "Declaration of Joshua Jeter - signed" History

Document created by ████████████████████

2026-02-16 - 7:28:55 PM GMT- IP address: 72.199.247.105

Document emailed to Joshua Jeter ████████████ for signature

2026-02-16 - 7:28:59 PM GMT

Email viewed by Joshua Jeter ████████████

2026-02-16 - 7:29:07 PM GMT- IP address: 66.249.84.228

Document e-signed by Joshua Jeter ████████████

Signature Date: 2026-02-16 - 7:46:36 PM GMT - Time Source: server- IP address: 72.199.177.156

Agreement completed.

2026-02-16 - 7:46:36 PM GMT

Adobe Acrobat Sign