FILED
CLERK, U.S. DISTRICT COURT
9/9/2026
CENTRAL DISTRICT OF CALIFORNIA
BY jji DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**CHRYSTELLE GOODING**
**SHARIECE RENEE MANCE**
**SOLAR BEING JEWELRY, LLC**
**8880 RIO SAN DIEGO DRIVE, #2023, 8TH FLOOR**
**SAN DIEGO, CA 92108**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| **AVA NEAL**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**CHRYSTELLE GOODING**, an individual, **SOLAR BEING JEWELRY LLC**, a California limited liability company, and **SHARIECE RENEE MANCE**, an individual**,**<br><br>Defendants. | Case No.: 2:25-cv-09475<br><br>**AMENDED MOTION TO HAVE PLAINTIFF'S COUNSEL REFRAIN FROM FORGING DEFENDANTS' SIGNATURES ON ANY DOCUMENT**<br><br>**COMPLAINT FILED: OCTOBER 3, 2025**<br>**FAC FILED: NOVEMBER 13, 2025**<br>**JUDGE: HON. MARK C. SCARSI**<br>**COURTROOM: 7D**<br>**TRIAL DATE: TBD**<br>**HEARING DATE: 9/14/26**<br>**HEARING TIME: 10:00 A.M.** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:** PLEASE TAKE NOTICE that on the above date and time, or as soon thereafter as the matter may be heard, Defendants Chrystelle Gooding and Shariece Renee Mance will hereby move this Court for an order requiring Plaintiff's counsel to refrain from signing Defendants' signatures to documents and sanctions

## I. INTRODUCTION

1. This motion arises from a serious breach of professional ethics and procedural integrity. On August 15, 2026, Plaintiff's counsel presented a Joint Sanction Statement to the Defendants for submission to the Court bearing what purported to be both Defendants Chrystelle Gooding and Shariece Renee Mance's signatures. Defendants never signed this document, nor did the Defendants authorize Plaintiff's counsel to sign on their behalf.

## II. FACTUAL BACKGROUND

2. On August 14, 2026, the Defendants sent an email to the Plaintiff's counsel detailing the amount of sanctions requested and ordered by the court to be paid to them. On August 15, 2026, Plaintiff's counsel drafted a response that contained a Joint Sanction Statement that contained 2 signature lines for the Defendants, names and signatures. Plaintiff's counsel, Mr. Vondran, signed both Defendants' signatures without their permission. The Defendants never authorized Plaintiff's counsel to sign their names. (see Exh. A)

3. The Defendants testified and confirmed under oath during the hearing on August 17, 2026, that they did not sign the document nor did they authorize anyone, including the Plaintiff's counsel, to sign on their behalf. This creates a direct conflict, as it unfairly prejudices the Defendants while benefiting the Plaintiff. Plaintiff's counsel signed the Joint Sanctions Statement on behalf of the Defendants without their permission.

4. Defendants first became aware of the unauthorized signature on August 15, 2026, upon receiving a copy of the document. The Defendants waited for 3 days to receive a Joint Sanction Statement for them to sign. This was to no avail.

5. Plaintiff's counsel had ample time to rectify the situation, but chose to pressure the Defendants to confirm how they would accept service instead of following the proper court procedures and submitting the Joint Sanction Statement for their signatures. (see Exh. B)

6. Plaintiff's counsel appeared for the August 17, 2026, hearing telling the court that everything had been handled regarding the sanctions, but that was not the truth. (see Exh. C)

7. Plaintiff's counsel claimed and admitted to "affixing" the Defendants' signatures to the Joint Sanctions Statement. Plaintiff's counsel never sought Defendants' permission to sign their names or affix their names. (see Exh .D)

8. Plaintiff's counsel emailed the Defendants telling them that he would report to the court that they refused to cooperate. Plaintiff's counsel filed the email chain with the court to protect himself while making the Defendants appear uncooperative. At no point did the Defendants refuse to cooperate. Mr. Vondran took advantage of the fact that the Defendants were representing themselves pro se, using it as an opportunity to manipulate the situation and assert control without ever seeking the Defendants' permission to sign their names. (see Exh. E)

9. Plaintiff's counsel once again had ample time to send over a Joint Sanction Statement for the Defendants to sign, as this matter was discussed during the hearing, but chose not to act ethically and submit the Joint Sanction Statement to the Defendants for their signatures.

10. Plaintiff's counsel wanted to remain in control of the situation by not submitting a Joint Sanction Statement for the Defendants' signature for filing with the court.

11. At no time did the Defendants refuse to sign the Joint Sanction Statement; it was never presented to them for signing.

12. On August 17, 2026, the Plaintiff's counsel submitted a partial email to the court that included the Defendants' position regarding the allegation that the Plaintiff's counsel had forged their signatures on a document. This document outlines the actions the Defendants intended to take based on Mr. Vondran's actions. However, Mr. Vondran only presented a portion of that email to make the Defendants appear vindictive. He intended to portray the Defendants as uncooperative while concealing his own act of forgery. He did not take responsibility for his actions and sought to convince the court that he was the victim in this situation.

13. In the email dated August 17, 2026, the Defendants sent to Mr. Vondran, the Defendants

told him that they would be reporting him to the proper authorities for forging their signatures. This information was placed on the record, and the email pointed out Mr. Vondran's unethical behavior. (see Exh. F)

14. Plaintiff's counsel continued to attempt to control the Defendants and this case by not Providing Defendants with a corrected copy of the Joint Sanction Statement for signature.

15. Plaintiff's counsel restrained the Defendants' rights to execute their own signatures.

16. Defendants would have faced reprimands and punishments if they signed Plaintiff's counsel's name to any documents, as they knew it would be unethical, illegal, and immoral. Defendants would have been accused of forging Plaintiff's counsel's name to a document for their own personal gain.

17. Plaintiff's counsel signing on behalf of the Defendants takes away the rights of the Defendants. If there was a form of misrepresentation detected in the document, Defendants would have been held responsible for that document because it contained their signatures. The court would have considered their signature as their own.

18. Plaintiff's counsel created a document that contained the Defendants' copied signatures from a previously filed Joint Rule Report and pasted it onto a Joint Sanction Statement without the Defendants' permission or knowledge. This signature was copied from the Joint Rule Statement that Mr. Vondran was attempting to file with the court.

19. The Defendants did not authorize Plaintiff's counsel to sign their names in any capacity.

20. Adding the Defendants' signatures without permission would bind them to any unauthorized changes made to the document afterward.

21. This behavior is unethical and infringes on the Defendants' rights to freely agree to sign their own signatures to documents.

22. Plaintiff's counsel acted with confidence, ignoring potential penalties associated with any document signed on behalf of the Defendants without their consent.

23. At no given time did Plaintiff's counsel seek permission to sign the Defendants' names to any document.

24. Attached as Exhibit E is the complete email chain dated August 15, 2026. It is clear that Plaintiff's counsel did not seek our permission and instead attempted to take control of the situation. This approach demonstrates a lack of respect for the Defendants and undermines their right to manage their own signatures. (see Exhibit G)

25. If the Defendants had drafted the Joint Sanction Statement, they would have been required to send a copy to Plaintiff's counsel for his signature, as this is the proper procedure.

26. However, the Defendants were never given this opportunity. Instead, Plaintiff's counsel used a previously signed document, copied the Defendants' signature, and pasted it onto the Joint Sanction Statement. (see Exh. H)

27. The Defendants hold this honorable court in great respect and aim to litigate appropriately by adhering to the court's rules, procedures, and the true spirit of litigation.

28. In opposing counsel's response to our email dated August 17, 2026, the Plaintiff's counsel accuses the Defendants of filing a false police report. This accusation is unfounded. The court record from the hearing on August 17, 2026, reflects Defendants' testimony, which included that they contacted the San Diego Sheriff's Department on August 16, 2026, regarding Plaintiff's counsel forging their name; they received an event number for reporting Plaintiff's counsel for forging their signatures on a court document. (see Exh. I)

29. This motion concerns respect, ethics, and the appropriate practice of litigation. Plaintiffs' counsel has demonstrated a clear lack of these qualities. It is imperative that all parties involved in legal proceedings uphold the integrity of the judicial process, and the actions taken by Plaintiff's counsel not only undermine their integrity but also disrespect the rights and autonomy of the Defendants.

30. Defendants believed the court indicated that it was acceptable to use an electronic signature for the submission of the Joint Sanction Statement, not for Plaintiff's attorney to sign the Defendants' names without their authorization. (see Exh. J)

31. Per Exhibit K (court transcript for the Monday, August 17, 2026, hearing), the court asked Mr. Vondran "Is that – and you have resolved the issue of compensation for Defendants' expenses?"; Mr. Vondran answered: "We have Your Honor"; Ms. Mance stated: Oh no, we haven't resolved it yet …. On August 15th at 1:33 pm, opposing party asked us to confirm we authorized them to file the joint statement once the payment was made. They did not communicate that they copied and pasted the Defendant's personalized digital signatures from a previously filed Joint Rule Report onto the Joint Sanction Statement without the Defendant's permission. Mr. Vondran further stated in his testimony to the court: I'm not quite sure what they are talking about. The Court ordered us to file a joint agreement that they were paid in full. They asked for $1,500.00. We paid. As we – I have two checks sitting here in my binder for them. And all we were asking you to sign the form that you required us to file. That's all we've done. In Exhibit L, Ms. Mance stated we did not authorize our signatures on the document. In Exhibit M, Mr. Vondran testified that … They requested $1,500.00. We agreed to that. Can I pay them in the hallway and dispense with the need to file a formal acknowledgment of that?

32. Mr. Vondran testified during the hearing that the issue of the Joint Statement of Sanctions was resolved, and the sanctions were paid. This was not true. Mr. Vondran then stated that he had the checks in his binder and then asked if he could hand the checks to the Defendants in the hallway after the hearing, after previously testifying that he had already resolved and paid the Defendants. The statements Mr. Vondran placed on record and in his email were not true. (see Exhs. C,M,N and O). Mr. Vondran would next ask the court if he could pay the Defendants in the hallway and dispense the checks ….? (see Exh. M)

33. At no given time has Mr. Vondran ever sought, not even on the record nor in writing, for the Defendants' signatures. The Joint Sanctions Statement was never presented to the Defendants for their signatures. Signing the Defendants' signatures by Plaintiff's counsel while they are Pro se created prejudice against the Defendants.

34. The Defendants will return the check to the court so that the Plaintiff's counsel can properly submit the Joint Sanctions Statement for their signatures, along with the reissuance of the sanctions check. The Defendants would like this process to be completed correctly so that it can be recorded accurately for the court record.

## III. LEGAL ARGUMENT

### A. Unauthorized Signing Constitutes Misrepresentation and Potential Fraud

35. Under Model Rules of Professional Conduct (Rule 4.1 Professional Responsibility), signing another party's name without consent constitutes a misrepresentation to the Court and may amount to fraud. Under the **Model Rules of Professional Conduct (Rule 4.1)**, a lawyer must be truthful when making statements to others on a client's behalf. This includes not knowingly incorporating or affirming a statement of another person that the lawyer knows is false. If a lawyer signs a document in another's name without that person's knowledge or consent, and the document contains false or misleading information, it can constitute a **misrepresentation**. In some cases, especially if the act is intentional and deceptive, it may also violate **Rule 8.4** (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation). **FRCP 11(b)** requires that by signing a pleading, motion, or other paper, an attorney or party certifies that the contentions are warranted by existing law or are reasonably based on belief or lack of information. If a signature is placed without consent, and the document contains false or misleading factual contentions, the signer can be held liable under Rule 11. Courts may impose sanctions, including fines, dismissal of claims, or attorney fees, if the violation is found. The Defendants never authorized Mr. Vondran to sign their names. Criminal law defines forgery as the act of creating, altering, or signing a document with the intent to deceive. Signing someone else's name without their consent qualifies as forgery if the signer is aware that they are not authorized to sign and intends to mislead others. Mr. Vondran was never authorized. Committing forgery can result in criminal charges, such as forgery or identity theft, as well as civil liability for fraud or deceit.

36. Violation of Professional Conduct Rules: California Business & Professions Code § 6106, a lawyer may be disciplined for "any act involving moral turpitude, dishonesty or corruption" whether in the course of a representation. Forgery, by its nature, is a deliberate falsification of documents, which is a form of false statement and can be considered a breach of this duty.

37. According to Penal Code § 470 PC, the crime of forgery in California involves falsifying a signature, seal, or counterfeiting documents with fraudulent intent. Specifically, PC 470 makes it a crime to engage in any of the following actions:

- sign the name of another person or of a fictitious person, counterfeit or forge the seal or handwriting of another,
- alter, corrupt, or falsify any record of any legal will, codicil, or judgment, falsely make, alter, forge, or counterfeit certain documents like checks, bonds, and money orders.

**B. Court's Authority**

38. Pursuant to California Civil Procedure § 128.7, the Court has inherent authority to impose sanctions for bad faith conduct and to protect the integrity of judicial proceedings.

39. CCP § 128.7 is a California statute that requires every pleading or motion to be signed and certifies that filings are not for improper purposes, are legally warranted, and have evidentiary support; violations can result in sanctions after a 21-day safe-harbor period.

40. California Code of Civil Procedure § 128.7 pertains to the signing and certification of pleadings, motions, and similar documents filed in court. This statute closely resembles Federal Rule of Civil Procedure 11. Rule 11 of the Federal Rules of Civil Procedure addresses the signing of legal documents submitted to federal courts, the representations made to the court, and the penalties for violations. It applies to all pleadings, written motions, and other papers filed by attorneys or unrepresented parties in civil cases (see Fed. R. Civ. P. 11(a)-(c)).

41. **Signature requirement:** Every pleading, petition, or motion must be signed by an attorney or the unrepresented party. Unsigned papers must be corrected promptly, or they are stricken.

42. Attorneys are bound by the ABA Model Rules of Professional Conduct (Rule 1.1, 1.6, 1.7, 1.15) and state equivalents, which require honesty, competence, and adherence to the law. Forgery violates these rules and can result in disbarment, suspension, or other disciplinary action.

39. Forgery is a criminal offense defined by both federal and state laws. In California, Penal Code § 471 specifies that forgery involves making, altering, or using a forged document with the intent to defraud. If an attorney is found guilty of forgery, they may face criminal charges, fines, imprisonment, and the loss of their professional license.

40. In the case of *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, **595 S.W.3d 651 (Tex. 2020)**, the Texas Supreme Court ruled that attorney immunity protects lawyers from

claims such as fraud and conversion when their actions are part of representing a client, even if those actions are wrongful. However, this immunity does not apply to criminal acts, such as forgery.

41. Cases like *General Dynamics Corp. v. Superior Court* (1994) 7 Cal.4th 1164, recognize that fraud in court — including forgery — undermines the integrity of the judicial process and can be punished both civilly and criminally.

43. Violation of Rule 11(a) – Signature Requirements Under FRCP Rule 11(a), every pleading or paper must be signed by an attorney of record in the attorney's own name—or by the party personally if unrepresented. Signing without the defendant's permission means the paper is not signed by the party personally, which can render it procedurally defective. The court may strike the paper unless the omission is promptly corrected. Violation of Rule 11(b) – Certification of Representations. Rule 11(b) requires that by signing, filing, or advocating a paper, an attorney certifies that the paper is not being presented for an improper purpose, is warranted by law, and has evidentiary support. If the attorney signs without the defendant's knowledge, they may certify claims the defendant did not make, which could be viewed as a false certification. Rule 11(c) allows the court to impose sanctions on any attorney, law firm, or party responsible for a violation. Sanctions can include:

- Striking the paper
- Ordering payment of the other party's reasonable expenses, including attorney's fees
- Other appropriate penalties

If an attorney is acting without the defendant's consent, the court may regard this as a violation of the defendant's rights and a breach of professional responsibility. Many state bar rules prohibit attorneys from representing parties without their consent. Signing a paper without the defendant's permission can be considered:

- Unauthorized representation (if the attorney is acting as counsel for the defendant)
- Failure to obtain informed consent
- Misrepresentation if the attorney certifies facts or law the defendant did not agree to.

Such conduct can lead to disciplinary action by the bar association.

Procedural and Strategic Consequences**.**

- The court may disregard the paper or treat it as withdrawn.
- The defendant can challenge the paper's authenticity or validity.

- The plaintiff may be forced to refile or face adverse rulings if the paper is struck.
- The attorney may be barred from representing the defendant in future cases.

Signing a document on behalf of a pro se defendant without their permission can lead to Rule 11 sanctions, violations of professional ethics, and procedural issues. The court has the authority to strike the document, impose sanctions, and take disciplinary action against the attorney. Therefore, attorneys must obtain consent from the defendant before signing any documents on their behalf.

44. Under California's **Rules of Professional Conduct**, an attorney **may not sign a party's name in a pleading or other document without the party's consent** — whether the party is represented by counsel or is in *pro se* (self-represented).

45. **Rule 1.4.1** (Scope of Representation and Allocation of Authority) and **Rule 1.4.2** (Limiting Liability to Client) require that a lawyer's authority to act on a client's behalf be clearly defined and limited to what the client consents to. This includes the right to sign documents on the client's behalf.

46. **Rule 1.8.1** (Scope of Representation and Allocation of Authority) further clarifies that a lawyer may not represent a client in a matter in which the client is represented by another lawyer unless the client consents. This consent must cover all matters the lawyer is acting on.

47. **Pro se parties are not exempt** from these rules. Even if a party is representing themselves, they retain the right to consent to the signing of their name by an attorney. Without consent, the attorney acts outside the representation scope and may violate the Rules of Professional Conduct. In this case, Mr. Vondran lacked that authority and was never permitted to sign the Defendants' names. If an attorney signs a legal document on behalf of a pro se party without obtaining the party's written or verbal consent, the attorney is acting beyond their authority. The pro se party has the right to challenge the signature and can dispute the attorney's authority in court. Enforcing these rules prevents unauthorized representation and protects the integrity of the legal process.

48. In California, an attorney is not allowed to sign a pro se party's name on a legal document without that party's explicit consent. If the attorney signs without consent, they are acting beyond the limits of their representation and may be violating the Rules of Professional Conduct.

49. Local Rule 7-3 was not violated. After August 17, 2026, the Defendants drafted and sent an email to Mr. Vondran, who then threatened to report to the court that the Defendants were not

cooperating. At no point did the Defendants, even after drafting correspondence to Mr. Vondran on August 16 and August 17, 2026, express that they agreed to Mr. Vondran signing documents on their behalf, as this presented a direct conflict, given that the Defendants were representing themselves (Pro se). Furthermore, Mr. Vondran never sought permission to sign the Defendants' names, nor did he submit any documents for their signatures. (See Exhibits A, B, C, and F)

50. Mr. Vondran, even after the hearing, did not present the Joint Sanction Statement for the defendants to sign. Instead, he threatened to report them to the court. He had plenty of opportunities to present the Joint Sanction Statement to the defendants but refused to do so again. (See Exh. B)

51. The Defendants clearly expressed their feelings about Mr. Vondran signing their names without permission on multiple occasions. No court rule grants an attorney representing the opposing party the right to sign others' names without their consent.

## V. RELIEF REQUESTED

Defendants respectfully request that the Court:

51. Require Plaintiff's attorney to adhere to the ethical rules established by the California Bar Association;

52. Comply with all civil court procedures;

53. Respect the Defendants throughout this matter and refrain from signing the Defendants' names to any documents;

54. Issue an order enforcing these requests.

55. The Defendants are seeking sanctions;

56. Require Plaintiff's counsel to submit the Joint Sanction Statement to the Defendants for their signatures so that it may properly be filed with the court and the sanctions check can be reissued to the Defendants.

## V. CONCLUSION

The unauthorized signing of a party's name is a serious matter that undermines the integrity of the judicial process. The Defendants respectfully request that the Court grant their motion in full. They urge all parties involved in this case to show respect and engage appropriately in the litigation.

The Defendants also acknowledge that if they had forged the Plaintiff's counsel's name—like what Plaintiff's counsel did with the Defendants' names—they would have faced serious consequences. At no point did opposing counsel seek permission to sign the Defendants' names. An attorney signing a party's name, especially when that party is pro se, puts the pro se litigant at a significant disadvantage.

Respectfully submitted,

Date: September 9, 2026

Chrystelle Gooding

Chrystelle Gooding, Defendant

Shariece Renee Mance

Shariece Renee Mance, Defendant

# EXHIBIT A

Gmail [redacted]

---

## Fwd: Joint statement

4 messages

---

**Solar Being** [redacted]> Sat, Aug 15, 2026 at 1:46 PM
To: [redacted]

---------- Forwarded message ---------
From: **Lisa Vondran** <lisa@vondranlegal.com>
Date: Sat, Aug 15, 2026 at 1:33 PM
Subject: Joint statement
To: Solar Being [redacted]>
CC: Steve Vondran <steve@vondranlegal.com>

I need your zelle information to pay the fee.

Once I have zelle that to you I need to file this.

Please confirm that you authorize me to file this once the zelle payment has been made.'

Lisa

The Law Offices of Steven C. Vondran, P.C.

Lisa Vondran - Assistant

Phone: (877) 276-5084

Fax: (888) 551-2252

Web: www.VondranLegal.com

Legal Assistants are non-attorney staff members who assist attorneys in attempting to resolve copyright claims prior to litigation. All correspondence is reviewed by staff attorneys.

Phoenix | San Diego | Newport Beach | Santa Monica | San Francisco

---

NOTICE: This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. Nothing in this email should be construed as tax advice. Our law firm is not retained as your legal counsel unless, and until a legal retainer agreement is signed.

---

**Joint Statment - Gooding and Mance 8-15-26 .pdf**
162K

---

**Solar Being** <[redacted] Sat, Aug 15, 2026 at 1:58 PM
To: [redacted]

Hello, thank you.

[redacted]
I confirm.
[Quoted text hidden]

---

**Solar Being** [redacted] Sat, Aug 15, 2026 at 1:58 PM
To: [redacted]

Actually can you do [redacted]? Please let me know
[Quoted te t hidden]

---

**Solar Being** [redacted]> Sat, Aug 15, 2026 at 2:01 PM
To: [redacted]

If yes my [redacted] is [redacted]
Thank you
[Quoted te t hidden]

CHRYSTELLE GOODING and
SHARIECE RENEE MANCE

*Pro se* Defendants

THE LAW OFFICES OF STEVEN C. VONDRAN, PC
STEVEN C. VONDRAN, SBN 232337
steve@vondranlegal.com
620 Newport Center Drive, Suite 1100
Newport Beach, California 92660
Telephone: (877) 276-5084

Attorneys for Plaintiff
AVA NEAL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| AVA NEAL, an individual<br><br>Plaintiff,<br><br>v.<br><br>CHRYSTELLE GOODING, an individual; SHARIECE RENEE MANCE, an individual; and DOES 1–10, inclusive.<br><br>Defendants. | Case No. 2:25-cv-09475-MCS-MAR<br><br>**JOINT STATEMENT REGARDING SACTIONS**<br><br>Judge: Hon. Mark C. Scarsi<br>Courtroom: 7C |

Per the courts order (Docket 81) regarding Plaintiff paying reasonable expense to Defendants.

Plaintiff has agreed to pay Defendants a flat sum of $1,500 and will zelle the payment to defendants. Payment was made on August 15, 2026.

DATED: August 15, 2026

Respectfully submitted,

By: /s/ Steven C. Vondran
STEVEN C. VONDRAN
Attorneys for Plaintiff
AVA NEAL

DATED: August 15, 2026

Same signatures as the Joint Sanctions Statement

By: Chrystelle Gooding
CHRYSTELLE GOODING
Pro se Defendant

Same signatures as the Joint Sanctions Statement

By: Shariece Renee Mance
SHARIECE RENEE MANCE
Pro se Defendant

## CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed by The Law Offices of Steven C. Vondran, PC. My business address is 620 Newport Center Drive, Suite 1100, Newport Beach, California 92660.

I hereby certify that on August 15, 2026, I electronically submitted the attached document to the Clerk's Office using the CM/ECF System for filing and served a copy on all counsel of record via the Court's CM/ECF system. To the extent any party is not registered to receive electronic service through CM/ECF, a true and correct copy was served by electronic mail and/or U.S. Mail at the party's last known address.

By: *\/s/ Lisa Vondran*

Lisa Vondran
The Law Offices of Steven C. Vondran, PC

# EXHIBIT B

Gmail [redacted]>

**Fwd: Joint statement - $1,500 was paid today**
1 message

**Solar Being** [redacted] Tue, Sep 8, 2026 at 2:05 PM
To: [redacted]

---------- Forwarded message ---------
From: **Steve Vondran** <steve@vondranlegal.com>
Date: Mon, Aug 17, 2026 at 2:14 PM
Subject: Re: Joint statement - $1,500 was paid today
To: Lisa Vondran <lisa@vondranlegal.com>, Solar Being <[redacted]

Dear Ladies, please let me know if I a file the document I sent you that had your digital signatures affixed. As the judge informed you today, there is nothing improper about this. If I do not hear back from you by 4:00 PST today, I will file it without your signature citing your refusal to cooperate.

Please let me know what you want to.

Thank you,

Steve

---

**From:** Steve Vondran steve@vondranlegal.com
**Date:** Saturday, August 15, 2026 at 3:26 PM
**To:** Lisa Vondran lisa@vondranlegal.com ; Solar Being [redacted]
**Subject:** Re: Joint statement

This report is due, please let us know today so we can inform the court.

---

**From:** Lisa Vondran <lisa@vondranlegal.com>
**Date:** Saturday, August 15, 2026 at 1:33 PM
**To:** Solar Being <[redacted]
**Cc:** Steve Vondran <steve@vondranlegal.com>
**Subject:** Joint statement

I need your zelle information to pay the fee.

Once I have zelle that to you I need to file this.

Please confirm that you authorize me to file this once the zelle payment has been made.'

Lisa

The Law Offices of Steven C. Vondran, P.C.
Lisa Vondran - Assistant
Phone: (877) 276-5084
Fax: (888) 551-2252
Web: www.VondranLegal.com

Legal Assistants are non-attorney staff members who assist attorneys in attempting to resolve copyright claims prior to litigation. All correspondence is reviewed by staff attorneys.

Phoenix | San Diego | Newport Beach | Santa Monica | San Francisco

---

NOTICE: This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. Nothing in this email should be construed as tax advice. Our law firm is not retained as your legal counsel unless, and until a legal retainer agreement is signed.

# EXHIBIT C

Gmail [redacted]

## Fwd: Sanctions

1 message

**Solar Being** [redacted] Sat, Aug 15, 2026 at 1:46 PM
To: [redacted]

---------- Forwarded message ---------
From: **Steve Vondran** <steve@vondranlegal.com>
Date: Sat, Aug 15, 2026 at 1:21 PM
Subject: Re: Sanctions
To: Being Solar [redacted]

What is your zelle number and I'll send it to you.

We need to file a joint statement.

Can you draft that and I'll send you the payment.

Lisa
Sent from my iPhone

> On Aug 14, 2026, at 6:13 PM, Solar Being [redacted] wrote:
>
> There are two of us. 750 * 2 = 1,500
>
> On Fri, Aug 14, 2026 at 5:55 PM Steve Vondran <steve@vondranlegal.com> wrote:
>
> > Hello,
> >
> > We are willing to compromise at $750. This is about what a lawyer would have charged.
> >
> > Please let me know.
> >
> > Steve
> >
> > **From:** Solar Being [redacted]
> > **Date:** Friday, August 14, 2026 at 5:48 PM
> > **To:** Marine Grosclaude Marine@vondranlegal.com ; Steve Vondran steve@vondranlegal.com
> > **Subject:** Sanctions

Good afternoon,

We are writing to request reasonable sanctions for our incurred expenses, which include lost time from processing orders, gas, mileage, and marketing for business opportunities, as well as having to appear for the same hearing for a second time.

We have both had to rearrange our busy schedules, delaying work and missing class scheduled to be performed/attended that day. Additionally, we were forced to rearrange our week to attend this hearing a second time.

We have professional deadlines to meet on August 17, 2026, the same day we are scheduled for a second hearing.

We are respectively requesting reimbursement of $1,500.00.

On Fri, Aug 14, 2026 at 9:46 AM Solar Being <[redacted] wrote:

---------- Forwarded message ---------
From: **Solar Being** [redacted]
Date: Mon, Jul 13, 2026 at 6:30 PM
Subject: Re: Joint Rule 26(f) Report and Meet and Confer - Ava Neal v. Gooding & Mance
To: Marine Grosclaude <Marine@vondranlegal.com>

On Mon, Jul 13, 2026 at 6:13 PM Marine Grosclaude <Marine@vondranlegal.com> wrote:

Dear Ms. Gooding and Mance,

Thank you for this. Would you mind sending a Word version of the document, so we pay insert the appropriate date in the corresponding missing sections.

Thank you.

Sincerely,
Marine

---

**From:** Solar Being [redacted]
**Date:** Monday, July 13, 2026 at 6:08 PM
**To:** Marine Grosclaude Marine@vondranlegal.com
**Subject:** Re: Joint Rule 26(f) Report and Meet and Confer - Ava Neal v. Gooding & Mance

On Fri, Jul 10, 2026 at 11:11 AM Marine Grosclaude <Marine@vondranlegal.com> wrote:

Dear Ms. Mance and Mrs. Gooding,

Please see the attached Joint Rule 26(f) Report. Please complete your portions and return it to me for review.

Would you be available on Monday to meet and confer regarding the case and to satisfy the Court's Rule 26(f) requirements? If so, please let me know what time works best for you.

I look forward to hearing from you.

Sincerely,
Marine
<img-304b6271-ce1f-4264-8efa-fe132f851ecd.png>

Vondran Legal®
Marine Grosclaude, Esq.
marine@vondranlegal.com
(562) 564-8044
The Law Offices of Steven C. Vondran, P.C.
Phone: (877) 276-5084
Web: www.VondranLegal.com
YouTube channel
Newport Beach | San Diego | Santa Monica | San Francisco | Phoenix

NOTICE: This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. This message contains confidential information and is intended only for the individual named. Please notify the sender immediately by e-mail if you have received this e-mail in error and delete this e-mail from your system. If you are not the intended recipient, you are notified that disseminating, disclosing, copying, distributing, or taking any action in reliance on the contents of this information is strictly prohibited. Nothing in this email should be construed as tax advice. Our law firm is not retained as your legal counsel unless and until a legal retainer agreement is signed.

---

**img-304b6271-ce1f-4264-8efa-fe132f851ecd.png**
12K

# EXHIBIT D

Gmail [redacted]

## check the signature block

2 messages

**C Griffin** [redacted] Sat, Aug 15, 2026 at 3:47 PM
To: Solar Bein[redacted]

**Joint Rule 26(f) Report Gooding and Mance 7.13.26 final with signatures.pdf**
515K

**Solar Being** <[redacted] Sat, Aug 15, 2026 at 10:02 PM
To: [redacted]
Cc: [redacted]

9:45

Service of documents.... External

Inbox

Summarize this email

**Steve Vondran** 3:50 PM

to Lisa, me

Also, I wanted to confirm with your side that whatever documents need to be served in this case may be served to each other by email. As long as the email does not bounce back, the service is valid as of the date it was sent. This not only saves some trees, but will make things more efficient for both parties. Please confirm your agreement to this.

If agreeable, service on:

1. steve@vondranlegal.com
2. lisa@vondranlegal.com

Are what is needed to constitute valid service.
Please let me know the required emails on your end.
'

Thank you,
Steve

---

**From:** Steve Vondran <steve@vondranlegal.com>
**Date:** Saturday, August 15, 2026 at 3:26 PM
**To:** Lisa Vondran <lisa@vondranlegal.com>; Solar Being
[redacted]

Reply all Forward

On Sat, Aug 15, 2026 at 3:47 PM [redacted] wrote:

# EXHIBIT E

**Los Angeles, California; Monday, August 17, 2026; 10:14 a.m.**

**(Call to Order)**

**THE CLERK:** Calling item number four, CV-25-9475, Ava Neal versus Chrystelle Gooding, et al.

Please step forward and state your appearances.

**MR. VONDRAN:** Good afternoon. Steve Vondran, on behalf of the Plaintiff, Ava Neal.

**THE COURT:** Good afternoon.

**MS. GOODING:** Good afternoon, Your Honor. My name is Crystelle Gooding. I'm a Defendant.

**THE COURT:** Good afternoon.

**MS. MANCE:** Good afternoon, Your Honor. I'm also a Defendant, Shariece Renee Mance.

**THE COURT:** Good afternoon. Okay. So we're here on a scheduling conference. I know we had this set before, but Plaintiff's Counsel didn't appear.

Is that -- and have you resolved the issue of compensation for Defendants' expenses?

**MR. VONDRAN:** We have, Your Honor.

**THE COURT:** Okay. So that's all set?

**MS. MANCE:** Oh, no, we haven't resolved it yet. We have a question for the Court.

**THE COURT:** Sure. What's the question?

**MS. MANCE:** Okay. I wrote this down because I'm not an attorney. I just want to read my statement out.

# EXHIBIT F

Outlook

**Re: Joint statement - $1,500 was paid today**

**From** Solar Being <[redacted]
**Date** Mon 8/17/2026 2:44 PM
**To** Steve Vondran <steve@vondranlegal.com>
**Cc** Lisa Vondran <lisa@vondranlegal.com>

Mr. Vondran.

You signed our names without permission. That is the issue we take seriously. At no time did we authorize you to sign our names electronically or otherwise. The understanding today in court was that the judge spoke about the signatures being electronic for the purposes of signing a document, not the forging of our names on a court document without our permission. We never authorized you to sign our names. We still have the check in our possession and will be turning it in to the court. Please note that we only agreed to an amount for the sanctions, and never authorized you to sign our names.

You committed forgery:

Forgery:

- In the United States, forgery is defined as the intentional creation, alteration, or authentication of a false document with the intent to defraud. It is considered a serious offense, and attorneys face both criminal prosecution and professional ethics violations if they engage in such behavior.
- Under Washington law, RCW 9A.60.020 outlines forgery as knowingly making, completing, or altering a written instrument, as well as possessing, uttering, offering, or disposing of a forged instrument as if it were genuine. Forgery is classified as a class C felony and can be prosecuted in any jurisdiction where the crime occurred or where the victim resides.
- Key elements of forgery include:
  - The fraudulent act of creating, altering, or authenticating a false document.
  - The question of the authenticity of the disputed document.

**Consequences for Attorneys**

- **Professional sanctions**: reprimand, suspension, or disbarment
- **Criminal charges**: forgery, fraud, or related offenses
- **Civil liability**: damages for fraud or breach of fiduciary duty
- **Loss of license**: permanent disbarment in severe cases

According to Penal Code § 470 PC, the crime of forgery in California involves falsifying a signature, seal, or counterfeiting documents with fraudulent intent. Specifically, PC 470 makes it a crime to engage in any of the following actions: **sign the name of another person** or of a fictitious person.

We have contacted the police for an investigation and will be filing a complaint with the bar association. Furthermore, we will be filing a motion with the court regarding your behavior. We will ensure at the next hearing that the judge has all evidence and the proper explanation supporting our motion.

In the future, please refrain from ever signing our names on any document produced by you or your office. We take this matter seriously and hope you are taking this matter seriously too.

Sincerely,

Chrystelle Gooding
Shariece Renee Mance

On Mon, Aug 17, 2026 at 2:14 PM Steve Vondran <steve@vondranlegal.com> wrote:

> Dear Ladies, please let me know if I a file the document I sent you that had your digital signatures affixed. As the judge informed you today, there is nothing improper about this. If I do not hear back from you by 4:00 PST today, I will file it without your signature citing your refusal to cooperate.
>
> Please let me know what you want to.
>
> Thank you,
>
> Steve
>
> ---
>
> **From:** Steve Vondran <steve@vondranlegal.com>
> **Date:** Saturday, August 15, 2026 at 3:26 PM
> **To:** Lisa Vondran <lisa@vondranlegal.com>; Solar Being <[redacted]
> **Subject:** Re: Joint statement
>
> This report is due, please let us know today so we can inform the court.
>
> ---
>
> **From:** Lisa Vondran <lisa@vondranlegal.com>
> **Date:** Saturday, August 15, 2026 at 1:33 PM
> **To:** Solar Being <[redacted]
> **Cc:** Steve Vondran <steve@vondranlegal.com>
> **Subject:** Joint statement
>
> I need your zelle information to pay the fee.
>
> Once I have zelle that to you I need to file this.
>
> Please confirm that you authorize me to file this once the zelle payment has been made.'
>
> Lisa
>
> The Law Offices of Steven C. Vondran, P.C.
> Lisa Vondran - Assistant
> Phone: (877) 276-5084

# EXHIBIT G

Gmail [redacted]

## Fwd: Sanctions

1 message

**Solar Being** [redacted] Sat, Aug 15, 2026 at 1:46 PM
To: [redacted]

---------- Forwarded message ---------
From: **Steve Vondran** <steve@vondranlegal.com>
Date: Sat, Aug 15, 2026 at 1:21 PM
Subject: Re: Sanctions
To: Being Solar [redacted]

What is your zelle number and I'll send it to you.

We need to file a joint statement.

Can you draft that and I'll send you the payment.

Lisa
Sent from my iPhone

On Aug 14, 2026, at 6:13 PM, Solar Being [redacted]> wrote:

There are two of us. 750 * 2 = 1,500

On Fri, Aug 14, 2026 at 5:55 PM Steve Vondran <steve@vondranlegal.com> wrote:

Hello,

We are willing to compromise at $750. This is about what a lawyer would have charged.

Please let me know.

Steve

---

**From:** Solar Being [redacted]>
**Date:** Friday, August 14, 2026 at 5:48 PM
**To:** Marine Grosclaude <Marine@vondranlegal.com>; Steve Vondran <steve@vondranlegal.com>
**Subject:** Sanctions

Good afternoon,

We are writing to request reasonable sanctions for our incurred expenses, which include lost time from processing orders, gas, mileage, and marketing for business opportunities, as well as having to appear for the same hearing for a second time.

We have both had to rearrange our busy schedules, delaying work and missing class scheduled to be performed/attended that day. Additionally, we were forced to rearrange our week to attend this hearing a second time.

We have professional deadlines to meet on August 17, 2026, the same day we are scheduled for a second hearing.

We are respectively requesting reimbursement of $1,500.00.

On Fri, Aug 14, 2026 at 9:46 AM Solar Being [redacted] wrote:

---------- Forwarded message ---------
From: **Solar Being** [redacted]
Date: Mon, Jul 13, 2026 at 6:30 PM
Subject: Re: Joint Rule 26(f) Report and Meet and Confer - Ava Neal v. Gooding & Mance
To: Marine Grosclaude <Marine@vondranlegal.com>

On Mon, Jul 13, 2026 at 6:13 PM Marine Grosclaude <Marine@vondranlegal.com> wrote:

Dear Ms. Gooding and Mance,

Thank you for this. Would you mind sending a Word version of the document, so we pay insert the appropriate date in the corresponding missing sections.

Thank you.

Sincerely,
Marine

---

**From:** Solar Being [redacted]
**Date:** Monday, July 13, 2026 at 6:08 PM
**To:** Marine Grosclaude <Marine@vondranlegal.com>
**Subject:** Re: Joint Rule 26(f) Report and Meet and Confer - Ava Neal v. Gooding & Mance

On Fri, Jul 10, 2026 at 11:11 AM Marine Grosclaude <Marine@vondranlegal.com> wrote:

Dear Ms. Mance and Mrs. Gooding,

Please see the attached Joint Rule 26(f) Report. Please complete your portions and return it to me for review.

Would you be available on Monday to meet and confer regarding the case and to satisfy the Court's Rule 26(f) requirements? If so, please let me know what time works best for you.

I look forward to hearing from you.

Sincerely,
Marine
<img-304b6271-ce1f-4264-8efa-fe132f851ecd.png>

Vondran Legal®
Marine Grosclaude, Esq.
marine@vondranlegal.com
(562) 564-8044
The Law Offices of Steven C. Vondran, P.C.
Phone: (877) 276-5084
Web: www.VondranLegal.com
YouTube channel
Newport Beach | San Diego | Santa Monica | San Francisco | Phoenix

NOTICE: This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. This message contains confidential information and is intended only for the individual named. Please notify the sender immediately by e-mail if you have received this e-mail in error and delete this e-mail from your system. If you are not the intended recipient, you are notified that disseminating, disclosing, copying, distributing, or taking any action in reliance on the contents of this information is strictly prohibited. Nothing in this email should be construed as tax advice. Our law firm is not retained as your legal counsel unless and until a legal retainer agreement is signed.

---

**img-304b6271-ce1f-4264-8efa-fe132f851ecd.png**
12K

# EXHIBIT H

CHRYSTELLE GOODING and
SHARIECE RENEE MANCE

*Pro se* Defendants

THE LAW OFFICES OF STEVEN C. VONDRAN, PC
STEVEN C. VONDRAN, SBN 232337
steve@vondranlegal.com
620 Newport Center Drive, Suite 1100
Newport Beach, California 92660
Telephone: (877) 276-5084

Attorneys for Plaintiff
AVA NEAL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| AVA NEAL, an individual<br><br>Plaintiff,<br><br>v.<br><br>CHRYSTELLE GOODING, an individual; SHARIECE RENEE MANCE, an individual; and DOES 1–10, inclusive.<br><br>Defendants. | Case No. 2:25-cv-09475-MCS-MAR<br><br>**JOINT RULE 26(f) REPORT**<br><br>Judge: Hon. Mark C. Scarsi<br>Courtroom: 7C |

Pursuant to Federal Rule of Civil Procedure 26(f), Central District Local Rule 26-1, this Court's Standing Order, and the Court's Order Setting Scheduling Conference, on July 13 2026, the following participants met and conferred concerning the topics outlined in this Joint Rule 26(f) Report and discovery plan:

- Steven C. Vondran, counsel for Plaintiff Ava Neal

- Chrystelle Gooding, Pro Se Defendant
- Shariece Renee Mance, Pro Se Defendant

## A. STATEMENT OF THE CASE

### 1. Plaintiff's Contentions

Plaintiff Ava Neal is a professional artist and content creator known publicly as "Kwiin Ava." Plaintiff alleges that Defendants Chrystelle Gooding, Solar Being Jewelry LLC, and Shariece Renee Mance engaged in a coordinated campaign to misappropriate Plaintiff's intellectual property, identity, goodwill, and reputation.

Specifically, Plaintiff alleges that Defendants copied Plaintiff's original copyrighted sculptural works, appropriated Plaintiff's distinctive Puff Series Marks and trade dress, marketed and sold infringing products through Solar Being Jewelry LLC, commercially exploited Plaintiff's identity and likeness, and engaged in unfair competition in violation of federal and California law. Plaintiff further alleges that Defendants published false and defamatory statements concerning Plaintiff across multiple social media platforms, causing substantial reputational and economic harm.

The operative First Amended Complaint asserts causes of action for copyright infringement, false designation of origin and unfair competition under the Lanham Act, common law trademark infringement and unfair competition, violation of California Business and Professions Code section 17200, defamation, false light, common law misappropriation of identity, and violation of California Civil Code section 3344. Plaintiff seeks injunctive relief, compensatory damages, disgorgement of profits where authorized, statutory remedies where applicable, attorneys' fees and costs as permitted by law, and all other appropriate relief.

Plaintiff further notes that Defendant Solar Being Jewelry LLC remains in default after the Court struck the LLC's purported Answer because the entity failed to appear through licensed counsel. Plaintiff has filed a Motion for Default Judgment against Solar Being Jewelry LLC, while this litigation proceeds against the individual defendants.

**2. Defendants' Contentions**

Defendants Chrystelle Gooding, Sharice Mance, and Solar Being Jewelry, LLC have conducted themselves properly and lawfully. The Plaintiff, along with her mother and TikTok followers, initiated a coordinated and damaging campaign to destroy Ms. Gooding's business and reputation. Additionally, the Plaintiff sought to harm those who supported Ms. Gooding. For instance, Ms. Mance, who is neither an owner nor a member of Solar Being Jewelry, LLC, has been unjustly dragged into this matter.

The Plaintiff and her mother enlisted the help of their followers to produce videos aimed at sabotaging the Defendants' lawful business operations. Not only did the Plaintiff interfere with the Defendants' fundraising efforts, but she and her supporters also labeled the Defendants as "anti-Black" simply because Ms. Gooding created a product for everyone to enjoy. Furthermore, the Plaintiff and her supporters made defamatory posts and videos in a concerted effort to harm the Defendants. The Plaintiff has reported the Defendants' videos, which are unrelated to the "puffs," as part of her ongoing campaign of hate and destruction against them. She has actively sought to have the Defendants, including those not connected to the "puffs," banned from social media.

The Plaintiff and her mother filed a false police report in Cobb County, Georgia, accusing the Defendants of doxing, an allegation without basis. Doxxing is defined as the act of publicly revealing someone's personal information online without their consent, often to harass, intimidate, or cause harm. However, the Defendants never posted Plaintiff's personal information. In fact, the Plaintiff's own attorney disclosed her address in a USPTO application, which is publicly accessible. The attorney further included her address in court filings and eventually had to return to the court to request that the document be sealed due to the inclusion of the Plaintiff's personal information.

Following Ms. Gooding's success in creating a device enjoyed by the public, the

Plaintiff began attacking the Defendants. This case stems directly from the Plaintiff's jealousy toward the Defendants, as she has never created a device herself, focusing instead on sculpting her own hair to mimic cartoon characters like "Garnet" from Steven Universe.

Moreover, the Plaintiff submitted a trademark application after filing suit in this court. Her attempt to claim ownership of the design for the "puffs" failed when her application was denied by the United States Patent and Trademark Office (herein after "USPTO") in January 2026.

**B. SUBJECT MATTER JURISDICTION**

According to Plaintiff, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff asserts claims arising under the Copyright Act, 17 U.S.C. §§ 101 et seq., and the Lanham Act, 15 U.S.C. §§ 1051 et seq. The Court also has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy.

**C. LEGAL ISSUES**

**1. Legal Issues Identified by Plaintiff**

Plaintiff identifies the following principal legal issues for determination:

- Whether Defendants infringed Plaintiff's federally protected copyrights in her original sculptural works and related copyrighted materials.
- Whether Defendants' use of Plaintiff's Puff Series Marks, trade dress, and other source-identifying features constitutes false designation of origin and unfair competition under Section 43(a) of the Lanham Act.
- Whether Defendants committed common law trademark infringement and unfair competition under California law.
- Whether Defendants engaged in unlawful, unfair, or fraudulent business practices in violation of California Business and Professions Code section 17200.

- Whether Defendants published false and defamatory statements concerning Plaintiff and placed Plaintiff in a false light.
- Whether Defendants misappropriated Plaintiff's identity, likeness, and distinctive artistic persona in violation of California common law and California Civil Code section 3344.
- Whether Plaintiff is entitled to injunctive relief, compensatory damages, disgorgement of profits, statutory remedies where available, attorneys' fees, costs, and such other relief as the Court deems appropriate.
- Whether Defendant Solar Being Jewelry LLC is liable by default based upon its failure to appear through licensed counsel and defend this action.
- Whether Defendants acted willfully in committing the alleged acts and whether Plaintiff is entitled to enhanced statutory remedies, attorneys' fees, and costs where authorized by law.

**2. Legal Issues Identified by Defendants**

- Whether Plaintiff acted willfully in committing the alleged acts and whether Plaintiff is entitled to enhanced statutory remedies, attorneys' fees, and costs where authorized by law.
- Whether Plaintiff published false and defamatory statements concerning Defendants and placed Plaintiff in a false light.
- Whether Plaintiff interfered with Defendants' ability to conduct business and commerce.
- Whether Plaintiff filed false police reports in hopes of causing the Defendants to incur a criminal record and be incarcerated.
- Whether Plaintiff misappropriated Defendants' name, identity, likeness, and distinctive artistic persona in violation of California common law and California Civil Code section 3344.
- Whether Plaintiff committed and recruited others to intentionally harass the Defendants every time they attempted to engage on social media.

- Whether Plaintiff truthfully represented herself before this honorable Court.

## D. PARTIES AND EVIDENCE

### 1. List of Parties

Plaintiff: AVA NEAL

Defendants: CHRYSTELLE GOODING and SHARIECE RENEE MANCE

### 2. List of Percipient Witnesses

Plaintiffs anticipate deposition testimony from the following witnesses:

- Ava Neal;
- Chrystelle Gooding;
- Shariece Renee Mance;
- Persons most knowledgeable regarding Defendants' Kickstarter campaign, product development, and sales activities;
- Persons most knowledgeable from relevant social media platforms, if necessary;
- Additional witnesses identified through discovery.

Defendants anticipate deposition testimony from the following witnesses:

- Chrystelle Gooding;
- Shariece Renee Mance;
- Ava Neal;
- Persons most knowledgeable regarding Defendants' Kickstarter campaign, product development, and sales activities;
- Persons most knowledgeable from all relevant social media platforms, if necessary;
- Persons most knowledgeable from the United States Patent and Trademark Office (USPTO);
- Additional witnesses identified through discovery.

**3. Key Documents and Other Evidence**

Key Documents Identified by Plaintiff are:

Plaintiff presently identifies the following categories of documents and evidence:

- Plaintiff's copyright registrations, applications, and deposit materials;
- Documents and evidence concerning Plaintiff's Puff Series Marks, trade dress, and commercial use;
- Screenshots, videos, photographs, and archived social media posts depicting Defendants' alleged infringement and defamatory statements;
- Kickstarter campaign materials, promotional content, advertisements, and product listings;
- Financial records, crowdfunding records, sales records, and other documents relating to the marketing and sale of the accused products;
- Communications between the parties, including cease-and-desist correspondence and settlement communications;
- Social media analytics, consumer comments, and evidence of actual consumer confusion;
- Documents supporting Plaintiff's damages and requests for injunctive relief;
- Additional documents obtained through discovery.

Key Documents Identified by Defendants are:

Defendant's copyright registrations, applications, and deposit materials;

- Screenshots, videos, photographs, and archived social media posts depicting Plaintiff's infringement and defamatory statements;
- Plaintiff's attorney letter requesting all Kickstarter money to resolve this matter;
- Plaintiff's and Plaintiff's attorney attempting to contact the Defendants via social media instead of properly serving them according to court rules; form of humiliation;
- Social media analytics, consumer comments, and evidence of actual consumer

confusion and decrease in sales;

- Plaintiff's financial records, crowdfunding records, sales records, and other documents relating to the marketing and sale of the accused products Plaintiff claimed she created;
- Declarations and complaints against Plaintiff's attorney regarding threats and harassment towards Defendants;
- Court documents filed by Plaintiff's attorney revealing Plaintiff's personal information;
- Plaintiff's application with the USPTO displaying her personal information including her address;
- Additional documents obtained through discovery.

**E. DAMAGES**

**1. Plaintiff's Contentions**

Plaintiff seeks all damages and remedies available under federal and California law, including, but not limited to:

- actual damages;
- Defendants' profits attributable to the alleged wrongful conduct where recoverable;
- statutory remedies where authorized;
- injunctive relief;
- restitution and disgorgement where applicable;
- attorneys' fees and costs where authorized by statute; and
- such other legal and equitable relief as the Court deems just and proper;
- Plaintiff's damages analysis remains ongoing and will be supplemented as discovery progresses.

**2. Defendants' Contentions:**

- **Actual damages**
- Damages related to the alleged wrongful conduct, where recovery is permitted.

- Statutory remedies, if authorized.
- Injunctive relief.
- Restitution and disgorgement, if applicable.
- Fees and costs, as authorized by statute.
- Any other legal and equitable relief that the Court considers just and proper.
- The Defendant's analysis of damages is ongoing and will be updated as discovery progresses.

**F. INSURANCE**

**G. MOTIONS**

**1. Plaintiff's Contentions**

Plaintiff has filed a Motion for Default Judgment against Defendant Solar Being Jewelry LLC, which remains pending before the Court. Plaintiff anticipates that resolution of the motion will dispose of Plaintiff's claims against the LLC, while litigation and discovery continue as to Defendants Chrystelle Gooding and Shariece Renee Mance.

Plaintiff does not presently anticipate filing additional pretrial motions prior to the completion of discovery but reserves the right to file such motions as may become appropriate, including motions relating to discovery, amendment of the pleadings, evidentiary issues, or other appropriate relief.

**2. Defendants' Contentions**

Defendants are in the process of trying to secure counsel for Solar Being Jewelry, LLC. There is a motion currently pending before the Court. The defendant does not expect to file any additional pretrial motions before discovery is complete. However, the Defendants reserve the right to submit motions that may become necessary, including those related to discovery, amendments to the pleadings, evidentiary matters, or other relevant relief.

**H. DISPOSITIVE MOTIONS**

**1. Plaintiff's Contentions**

Plaintiff does not presently anticipate filing dispositive motions prior to the completion of discovery but reserves the right to file dispositive motions, including motions for summary judgment or partial summary judgment, as appropriate based upon the facts developed through discovery.

**2. Defendants' Contentions**

The Defendants currently do not expect to file dispositive motions before completing discovery. However, they reserve the right to file such motions, including motions for summary judgment or partial summary judgment, as deemed appropriate based on the facts gathered during discovery.

**I. MANUAL FOR COMPLEX LITIGATION**

The parties agree that no procedures set forth in the *Manual for Complex Litigation* are necessary at this time.

**J. STATUS OF DISCOVERY**

No formal discovery has been initiated by any party at this time. The parties anticipate exchanging initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1) and commencing written discovery following the Rule 26(f) conference.

**K. DISCOVERY PLAN**

**1. Plaintiff's Discovery Plan**

Plaintiff will provide initial disclosures pursuant to the Federal Rules of Civil Procedure and applicable Court orders. Discovery will focus on, among other things:

- Defendants' creation, development, marketing, promotion, and sale of the accused products;
- Defendants' alleged use of Plaintiff's copyrighted works, trademarks, trade dress, likeness, and other intellectual property;
- Defendants' social media publications, communications, and promotional

activities relating to Plaintiff;

- Defendants' revenues, profits, crowdfunding activities, and financial records relating to the accused products;
- Consumer confusion, commercial exploitation, and damages;
- Defendants' affirmative defenses;
- Communications among Defendants and with third parties concerning Plaintiff or the accused conduct;
- Damages, injunctive relief, and all other remedies sought by Plaintiff.

**2. Defendants' Discovery Plan**

Defendants will deliver initial disclosures in accordance with the Federal Rules of Civil Procedure and relevant Court orders. Discovery will concentrate on various matters:

- Plaintiff's and all other social media publications, communications, and promotional activities relating to the Defendants;
- Plaintiff's revenues, profits, crowdfunding activities, and financial records relating to the accused products;
- Consumer confusion, commercial exploitation, and damages;
- Plaintiff's affirmative defenses;
- Communications among Plaintiff and with third parties concerning Plaintiff and her supporters' conduct toward the Defendants;
- Damages, injunctive relief, and all other remedies sought by Plaintiff.

**L. DISCOVERY CUT-OFF**

The parties respectfully request that the Court establish an appropriate discovery cut-off date.

**M. EXPERT DISCOVERY**

**1. Plaintiff's Position**

Plaintiff has not yet determined whether expert testimony will be necessary and reserves the right to designate expert witnesses concerning damages, consumer

confusion, valuation of intellectual property, marketing practices, industry customs, and other issues that may arise through discovery.

Plaintiff proposes the following schedule:

- Expert disclosures and reports: To be set by the Court.
- Rebuttal expert disclosures and reports: To be set by the Court.
- Completion of expert discovery: To be set by the Court.

**2. Defendants' Position:**

Defendant has not yet decided if expert testimony is necessary and reserves the right to designate expert witnesses related to damages, consumer confusion, intellectual property valuation, marketing practices, industry customs, and any other issues that may arise during discovery.

Defendant proposes the following schedule:

- Expert disclosures and reports: To be set by the Court.
- Rebuttal expert disclosures and reports: To be set by the Court.
- Completion of expert discovery: To be set by the Court.

## N. SETTLEMENT EFFORTS TO DATE AND ADR

### 1. Plaintiff's Position

The parties have previously engaged in settlement discussions but have not reached a resolution. Plaintiff remains willing to participate in further settlement discussions and alternative dispute resolution at an appropriate stage of the litigation.

### 2. Defendants' Position:

The Defendants received a letter from the Plaintiff demanding their Kickstarter funds. The Defendants remain willing to have this case dismissed based on the merits and truth of this matter.

## O. TRIAL ESTIMATE

### 1. Plaintiff's Position

Plaintiff presently estimates that this matter will require approximately five to seven court days for jury trial, subject to modification as discovery progresses.

**2. Defendants' Position**

Defendant currently estimates that this matter will require approximately three to five court days for the jury trial, which may be adjusted as discovery progresses.

**TRIAL COUNSEL**

Plaintiff presently anticipates that Steven C. Vondran, Esq., will serve as lead trial counsel for Plaintiff.

Defendants anticipate they will be appearing in *Pro Se* throughout the entirety of this matter.

**P. INDEPENDENT EXPERT OF MASTER**

The parties do not presently believe that appointment of a special master pursuant to Federal Rule of Civil Procedure 53 or an independent expert is necessary.

**Q. OTHER ISSUES**

The parties are not presently aware of any additional issues requiring the Court's attention.

DATED: July 13, 2026

Respectfully submitted,

By: *_/s/ Steven C. Vondran_*
STEVEN C. VONDRAN
Attorneys for Plaintiff
AVA NEAL

DATED: July 13, 2026

By: *Chrystelle Gooding*
CHRYSTELLE GOODING
Pro se Defendant

By: *Shariece Renee Mance*
SHARIECE RENEE MANCE
Pro se Defendant

## CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed by The Law Offices of Steven C. Vondran, PC. My business address is 620 Newport Center Drive, Suite 1100, Newport Beach, California 92660.

I hereby certify that on July 13, 2026, I electronically submitted the attached document to the Clerk's Office using the CM/ECF System for filing and served a copy on all counsel of record via the Court's CM/ECF system. To the extent any party is not registered to receive electronic service through CM/ECF, a true and correct copy was served by electronic mail and/or U.S. Mail at the party's last known address.

By: */s/ Lisa Vondran*
Lisa Vondran
The Law Offices of Steven C. Vondran, PC

## JUDGE MARK C. SCARSI
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
***The Court ORDERS the parties to make every effort to agree on dates***

| **Case No.** | **Case Name:** | | | | |
|---|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** | |
| Check one: ☒ Jury Trial or ☐ Court Trial<br>**(*Tuesday* at 8:30 a.m., within 18 months after Complaint filed)**<br>Estimated Duration: __5__ Days | | 05/18/27 | | ☐ Jury Trial<br>☐ Court Trial<br>_____ Days | |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine<br>**(*Monday* at 2:00 p.m., at least 15 days before trial)** | | 05/03/27 | | | |
| **Event** [1]<br>***Note:*** Hearings shall be on Monday at 9:00 A.M. Other dates can be any day of the week. | **Weeks Before FPTC** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** | |
| Last Date to ***Hear*** Motion to Amend Pleadings/Add Parties *[Monday]* | | 11/16/26 | | | |
| Non-Expert Discovery Cut-Off<br>**(no later than deadline for *filing* dispositive motion)** | 17 | 01/04/27 | | | |
| Expert Disclosure (Initial) | | 12/01/26 | | | |
| Expert Disclosure (Rebuttal) | | 12/22/26 | | | |
| Expert Discovery Cut-Off | 12[2] | 01/25/27 | | | |
| Last Date to ***Hear*** Motions *[Monday]*<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 12 | 02/08/27 | | | |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>***Select one:*** ☐ 1. Magistrate Judge *(with Court approval)*<br>☒ 2. Court's Mediation Panel<br>☐ 3. Private Mediation | 10 | 02/22/27 | | ☐ 1. Mag. J.<br>☐ 2. Panel<br>☐ 3. Private | |
| **Trial Filings (first round)**<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony (*court trial only)* | 3 | 04/12/27 | | | |
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 04/19/27 | | | |

1 **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order.** ***Patent and ERISA cases in particular may need to vary from the above.***

2 **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**

# EXHIBIT I

We do fully intend to cooperate with the Court's order imposing sanctions, but we are not fully sure how to move forward after observing the Plaintiff's actions during our legal correspondence via email.

On August 15th at 1:33 p.m., the opposing party asked us to confirm that we authorized them to file the joint statement once the payment was made.

They did not communicate that they copied and pasted our personalized digital signatures from our previous stipulation, the joint roll report, onto the joint statement.

We carefully reviewed Local Rule 5434A(2), documents requiring the signatures of multiple signatories, and cannot confirm Plaintiff Vondran's draft was proper to authorize.

Due to the possibility that this document could be used against us, we contacted the local police and provided -- and was provided with an event number. We'd like to ask the Court how to move forward.

**THE COURT:** Okay. What's the Plaintiff have to say about this?

**MR. VONDRAN:** I'm not quite sure what they're talking about. The Court ordered us to file a joint agreement that they were paid in full. They asked for $1,500. We paid. And we -- I have two checks sitting here in my binder for them. And all we were asking you to sign the form that you required us to file. That's all we've done.

# EXHIBIT J

We do fully intend to cooperate with the Court's order imposing sanctions, but we are not fully sure how to move forward after observing the Plaintiff's actions during our legal correspondence via email.

On August 15th at 1:33 p.m., the opposing party asked us to confirm that we authorized them to file the joint statement once the payment was made.

They did not communicate that they copied and pasted our personalized digital signatures from our previous stipulation, the joint roll report, onto the joint statement.

We carefully reviewed Local Rule 5434A(2), documents requiring the signatures of multiple signatories, and cannot confirm Plaintiff Vondran's draft was proper to authorize.

Due to the possibility that this document could be used against us, we contacted the local police and provided -- and was provided with an event number. We'd like to ask the Court how to move forward.

**THE COURT:** Okay. What's the Plaintiff have to say about this?

**MR. VONDRAN:** I'm not quite sure what they're talking about. The Court ordered us to file a joint agreement that they were paid in full. They asked for $1,500. We paid. And we -- I have two checks sitting here in my binder for them. And all we were asking you to sign the form that you required us to file. That's all we've done.

# EXHIBIT K

**Los Angeles, California; Monday, August 17, 2026; 10:14 a.m.**

**(Call to Order)**

**THE CLERK:** Calling item number four, CV-25-9475, Ava Neal versus Chrystelle Gooding, et al.

Please step forward and state your appearances.

**MR. VONDRAN:** Good afternoon. Steve Vondran, on behalf of the Plaintiff, Ava Neal.

**THE COURT:** Good afternoon.

**MS. GOODING:** Good afternoon, Your Honor. My name is Crystelle Gooding. I'm a Defendant.

**THE COURT:** Good afternoon.

**MS. MANCE:** Good afternoon, Your Honor. I'm also a Defendant, Shariece Renee Mance.

**THE COURT:** Good afternoon. Okay. So we're here on a scheduling conference. I know we had this set before, but Plaintiff's Counsel didn't appear.

Is that -- and have you resolved the issue of compensation for Defendants' expenses?

**MR. VONDRAN:** We have, Your Honor.

**THE COURT:** Okay. So that's all set?

**MS. MANCE:** Oh, no, we haven't resolved it yet. We have a question for the Court.

**THE COURT:** Sure. What's the question?

**MS. MANCE:** Okay. I wrote this down because I'm not an attorney. I just want to read my statement out.

# EXHIBIT L

We do fully intend to cooperate with the Court's order imposing sanctions, but we are not fully sure how to move forward after observing the Plaintiff's actions during our legal correspondence via email.

On August 15th at 1:33 p.m., the opposing party asked us to confirm that we authorized them to file the joint statement once the payment was made.

They did not communicate that they copied and pasted our personalized digital signatures from our previous stipulation, the joint roll report, onto the joint statement.

We carefully reviewed Local Rule 5434A(2), documents requiring the signatures of multiple signatories, and cannot confirm Plaintiff Vondran's draft was proper to authorize.

Due to the possibility that this document could be used against us, we contacted the local police and provided -- and was provided with an event number. We'd like to ask the Court how to move forward.

**THE COURT:** Okay. What's the Plaintiff have to say about this?

**MR. VONDRAN:** I'm not quite sure what they're talking about. The Court ordered us to file a joint agreement that they were paid in full. They asked for $1,500. We paid. And we -- I have two checks sitting here in my binder for them. And all we were asking you to sign the form that you required us to file. That's all we've done.

# EXHIBIT M

**THE COURT:** And did the -- and so the --

**(Pause)**

**THE COURT:** And I'm sorry, so you're asking them to be -- you're going to file something with the Court saying it's resolved?

**MR. VONDRAN:** Which was due today, which will be filed today, yes.

**THE COURT:** Yeah. And the issue for the Defendants is what?

**MS. MANCE:** We didn't authorize our signatures on the document. We weren't sure how to move forward. We also have not --

**THE COURT:** And why haven't you authorized your signatures on the document?

**MS. MANCE:** Because we saw that our signatures were already signed.

**THE COURT:** Right.

**MS. MANCE:** We weren't sure if you were allowed to authorize that.

**THE COURT:** Okay.

**MS. MANCE:** We read the rules and didn't see that was allowed.

**THE COURT:** Okay. Do you -- I think it's an electronic signature and I think it's fine.

Do you have any problem with the substance of the

# EXHIBIT N

resolve.

In a case like this with pro se Defendants who may not have an understanding, you might need to get to the magistrate judge sooner rather than later and -- to get these things resolved.

Same thing with the, you know, with you all. If you're asking the Plaintiff for information, and you feel like you're not getting it and you're entitled to it, get to the magistrate judge and they'll help you resolve it.

Does that make sense?

**MR. VONDRAN:** It does.

**THE COURT:** Okay.

**MS. GOODING:** Yes, Your Honor.

**THE COURT:** Anything the Court can do at this point to be helpful to the parties?

**MR. VONDRAN:** Well I would like to just request. They requested $1,500. We agreed to that. Can I pay them in the hallway and dispense with the need to file a formal acknowledgement of that?

**THE COURT:** I'd still like it on the docket. So I think you still need to file it.

**MR. VONDRAN:** Okay.

**THE COURT:** Yeah.

**MR. VONDRAN:** Thank you, Your Honor.

**THE COURT:** Yeah.

# EXHIBIT O

resolve.

In a case like this with pro se Defendants who may not have an understanding, you might need to get to the magistrate judge sooner rather than later and -- to get these things resolved.

Same thing with the, you know, with you all. If you're asking the Plaintiff for information, and you feel like you're not getting it and you're entitled to it, get to the magistrate judge and they'll help you resolve it.

Does that make sense?

**MR. VONDRAN:** It does.

**THE COURT:** Okay.

**MS. GOODING:** Yes, Your Honor.

**THE COURT:** Anything the Court can do at this point to be helpful to the parties?

**MR. VONDRAN:** Well I would like to just request. They requested $1,500. We agreed to that. Can I pay them in the hallway and dispense with the need to file a formal acknowledgement of that?

**THE COURT:** I'd still like it on the docket. So I think you still need to file it.

**MR. VONDRAN:** Okay.

**THE COURT:** Yeah.

**MR. VONDRAN:** Thank you, Your Honor.

**THE COURT:** Yeah.